No. 23-10718

# In the United States Court of Appeals for the Fifth Circuit

_____

JENNIFER VANDERSTOK, et al.,

*Plaintiffs-Appellees,*

BLACKHAWK MANUFACTURING GROUP, INCORPORATED, doing business as 80 PERCENT ARMS, et al.,

*Intervenor Plaintiffs-Appellees*,

v.

MERRICK GARLAND, U.S. Attorney General, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Case No. 4:22-CV-691-O

_____

CONSENT MOTION FOR LEAVE TO FILE AMICUS BRIEF OF THE
FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., IN
SUPPORT OF PLAINTIFFS-APPELLEES AND IN OPPOSITION TO A STAY
PENDING APPEAL

_____

Stephen J. Obermeier
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law

## CERTIFICATE OF INTERESTED PERSONS

*VanDerStok v. Garland*, No. 23-10718

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiffs-Appellees**

   Jennifer VanDerStok.

   Michael G. Andren.

   Tactical Machining, L.L.C., a limited liability company. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

   Firearms Policy Coalition, Inc., a nonprofit corporation. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

2) **Intervenor Plaintiffs-Appellees**

   BlackHawk Manufacturing Group Inc. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

   Defense Distributed. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

   Second Amendment Foundation, Inc. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

Not An L.L.C.  The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

Polymer80, Inc.  The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

3) **<u>Amici Curiae</u>**

*Amicus Curiae* Firearms Regulatory Accountability Coalition, Inc. ("FRAC").  FRAC is a non-stock, non-profit corporation.  FRAC has no parent corporation.  No publicly held company has any ownership interest in FRAC.

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier
*Counsel of Record for*
Amicus Curiae

## CONSENT MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE

*Amicus curiae*, the Firearms Regulatory Accountability Coalition, Inc. ("FRAC"), respectfully moves this Court for leave under Federal Rule of Appellate Procedure 27 to file the attached proposed amicus brief in support of Plaintiffs-Appellees and in opposition to the Defendants-Appellants' motion for stay pending appeal. Pursuant to Fifth Circuit Rule 27.4, counsel for *amicus curiae* has conferred with counsel for the parties, and they have consented to the filing of this amicus brief.

## BACKGROUND AND INTEREST OF *AMICUS CURIAE*

FRAC was created by industry leaders and stakeholders to improve business conditions for the firearms industry by ensuring that firearms regulatory agencies operate in a fair, transparent, and consistent manner. FRAC serves as the premiere national trade association representing U.S. firearms manufacturers, retailers, importers, and innovators on regulatory and legislative issues impacting the industry in the United States.

FRAC has an interest in this case as the voice of the American firearms industry. *See* Fed. R. App. P. 29(a)(3)(A). The rule at issue in this case purports to create new obligations on the firearms industry that are punishable by criminal penalties. FRAC regularly litigates against the Government to challenge such actions and has previously filed *amicus* briefs in similar challenges before this Court.

*See, e.g., En Banc* Brief of *Amici Curiae* Firearms Regulatory Accountability Coalition, et al., *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (No. 20-51016).

The proposed brief will also assist the Court in ruling on the Government's motion. *See* Fed. R. App. P. 29(a)(3)(B). Specifically, the proposed brief explains why vacating unlawful rules—like this one—is critical to protect the firearms industry from regulatory overreach and criminal liability. It further explains why, contrary to ATF's assertions, staying the district court's vacatur will not benefit the firearms industry.

Finally, although Federal Rule of Appellate Procedure 29(a) governs the Court's initial consideration of a case on the merits, this Court commonly permits briefs to be filed in support of motions in similar postures. *See, e.g.*, Order Granting Leave to File Brief for *Amici Curiae* The State of Texas, et al., In Support of Motion For Injunction Pending Appeal, *Mock v. Garland* (No. 23-10319) (issued May 20, 2023). The same outcome is warranted here.

## CONCLUSION AND PRAYER

For the reasons discussed above, *amicus curiae* respectfully request that the Court grant it leave to file the attached brief in support of Plaintiffs-Appellees and in opposition to the Defendants-Appellants' motion for stay pending appeal.

Respectfully submitted,

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law

Dated July 20, 2023                    *Counsel for* Amicus Curiae

3

# CERTIFICATE OF SERVICE

I certify that on July 20, 2023, I caused the foregoing to be served upon all counsel of record via the Clerk of Court's CM/ECF notification system.

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this brief contains 413 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in Times New Roman font 14-point type face.

Dated: July 20, 2023                    */s/ Stephen J. Obermeier*
                                         Stephen J. Obermeier