No. 23-10718

# In the United States Court of Appeals for the Fifth Circuit

_____

JENNIFER VANDERSTOK, et al.,

*Plaintiffs-Appellees,*

BLACKHAWK MANUFACTURING GROUP, INCORPORATED, doing business as 80 PERCENT ARMS, et al.,

*Intervenor Plaintiffs-Appellees*,

v.

MERRICK GARLAND, U.S. Attorney General, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Case No. 4:22-CV-691-O

_____

BRIEF FOR AMICUS CURIAE THE FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., IN SUPPORT OF PLAINTIFFS-APPELLEES AND IN OPPOSITION TO A STAY PENDING APPEAL
_____

Stephen J. Obermeier
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law

# CERTIFICATE OF INTERESTED PERSONS

*VanDerStok v. Garland*, No. 23-10718

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

1) **<u>Plaintiffs-Appellees</u>**

    Jennifer VanDerStok.

    Michael G. Andren.

    Tactical Machining, L.L.C., a limited liability company. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

    Firearms Policy Coalition, Inc., a nonprofit corporation. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

2) **<u>Intervenor Plaintiffs-Appellees</u>**

    BlackHawk Manufacturing Group Inc. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

    Defense Distributed. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

    Second Amendment Foundation, Inc. The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

Not An L.L.C.  The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

Polymer80, Inc.  The undersigned is unaware of any parent corporation or publicly held corporation that owns 10% or more of its stock.

3) **Amici Curiae**

*Amicus Curiae* Firearms Regulatory Accountability Coalition, Inc. ("FRAC").  FRAC is a non-stock, non-profit corporation.  FRAC has no parent corporation.  No publicly held company has any ownership interest in FRAC.

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier
*Counsel of Record for*
Amicus Curiae

# **TABLE OF CONTENTS**

Certificate Of Interested Persons ................................................................... i
Table of Contents ........................................................................................ iii
Table of Authorities .................................................................................... iv
Introduction, Interest Of *Amicus Curiae*, And Summary Of Argument ........ 1
Argument....................................................................................................... 3
    I.    Vacatur Of Unlawful Rules Protects The Regulated Community. .................................................................................... 3
    II.    Staying The District Court's Vacatur Of ATF's Unlawful Rule Will Not Benefit The Regulated Community..................... 5
Conclusion .................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alliance for Hippocratic Medicine v. FDA*,
   No. 23-10362, 2023 WL 2913725 (5th Cir. Apr. 12, 2023) ................................. 3

*Cargill v. Garland*,
   57 F.4th 447 (5th Cir. 2023) ............................................................................ 3, 4

*Checkosky v. SEC*,
   23 F.3d 452 (D.C. Cir. 1994) ................................................................................ 3

*Data Marketing Partnership, LP v. United States Department of Labor*,
   45 F.4th 846 (5th Cir. 2022) ............................................................................ 3, 5

*Feds for Medical Freedom v. Biden*,
   63 F.4th 366 (5th Cir. 2023) ................................................................................ 4

*Franciscan Alliance, Inc. v. Becerra*,
   47 F.4th 368 (5th Cir. 2022) ................................................................................ 3

*Guedes v. ATF*,
   140 S. Ct. 789 (2020) ........................................................................................... 6

*Hardin v. ATF*,
   65 F.4th 895 (6th Cir. 2023) ............................................................................ 3, 4

*R.J. Reynolds Vapor Co. v. FDA*,
   65 F.4th 182 (5th Cir. 2023) ................................................................................ 3

*United States v. Texas*,
   143 S. Ct. 1964 (2023) ......................................................................................... 5

# INTRODUCTION, INTEREST OF *AMICUS CURIAE*, AND SUMMARY OF ARGUMENT[1]

The Government asks this Court to subject the public to a rule that a federal judge has declared unlawful. But it offers a stunningly meager showing to justify subjecting Americans to a potentially illegal regime. Indeed, it complains that the district court vacated the regulation—the *default remedy* for Administrative Procedure Act violations. Worse still, it claims that subjecting the firearms industry to an unlawful rule—punishable by criminal penalties—is for the industry's benefit. The Firearms Regulatory Accountability Coalition, Inc. ("FRAC"), as *amicus curiae*, submits this brief to correct the record.

FRAC was created by industry leaders and stakeholders to improve business conditions for the firearms industry by ensuring that firearms regulatory agencies operate in a fair, transparent, and consistent manner. FRAC serves as the premiere national trade association representing U.S. firearms manufacturers, retailers, importers, and innovators on regulatory and legislative issues impacting the industry in the United States. FRAC is concerned by the representations ATF makes in its motion.

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), counsel for *amicus curiae* state that no party's counsel authored this brief in whole or in part, and that no person other than *amicus curiae*, its members, or its counsel contributed money that was intended to fund preparing or submitting this brief. All parties have consented to the filing of this brief. *See* Fed. R. App. P. 29(a)(2).

Specifically, FRAC submits this brief to correct two aspects of the record. ***First***, ATF is wrong that the district court was required to identify "extraordinary circumstances" to support vacatur of the unlawful rule. In fact, the opposite is true. Vacatur is the default rule, and it is the Government's burden to justify a different remedy. ATF makes no attempt to satisfy that burden here. Nor could it. Vacatur protects the public and the firearms industry from unlawful government action, and ATF offers no reason to stray from that default remedy.

***Second***, ATF is wrong that subjecting the firearms industry to an unlawful rule is good for the firearms industry. The rule here purports to upset 40 years of agency practice by expanding the agency's jurisdiction to encompass firearm, frame, and receiver parts. This dubious new assertion of authority risks ensnaring law-abiding companies in regulatory obligations that expose them to felony criminal liability. Staying the district court's vacatur of the rule would resurrect these burdensome obligations, thereby harming the firearms industry.

Thus, the Government is not entitled to an emergency stay.

# ARGUMENT

**I.     Vacatur Of Unlawful Rules Protects The Regulated Community.**

ATF claims that the district court erred because it did not identify "extraordinary circumstances supporting" vacatur. Emergency Motion for Stay Pending Appeal, at 16. ATF is wrong.

Vacatur "is the only statutorily prescribed remedy for a successful APA challenge to a regulation." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022); *accord Checkosky v. SEC*, 23 F.3d 452, 491 (D.C. Cir. 1994) (Randolph, J.) (explaining that APA "requires the court—in the absence of any contrary statute—to vacate the agency's action"). Thus, "vacatur of an agency action is the default rule in this Circuit." *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023). And, by definition, a "default rule" does not require extraordinary circumstances. Indeed, it is ***ATF*** that must show "that the district court abused its discretion in following the default rule." *Data Mktg. P'ship, LP v. United States Dep't of Lab.*, 45 F.4th 846, 860 (5th Cir. 2022). ATF makes no attempt to satisfy its burden, nor would it be able to satisfy it.

Vacatur is the appropriate remedy. Indeed, "there is no public interest in the perpetuation of illegality." *All. for Hippocratic Med. v. FDA*, No. 23-10362, 2023 WL 2913725, at *20 (5th Cir. Apr. 12, 2023). And absent vacatur, companies will be forced to incur unrecoverable costs to comply with an invalid rule. *See R.J.*

3

*Reynolds Vapor Co. v. FDA*, 65 F.4th 182, 194 (5th Cir. 2023). By contrast, and as the district court correctly recognized, vacatur is "minimally disruptive because it simply establishes the status quo that existed for decades prior to the agency's issuance of the Final Rule last year." Add.37 (alterations omitted) (quoting *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022)).

Vacatur is particularly appropriate where, as here, the unlawful rule applies to the firearms industry. For one, federal gun laws serve both to regulate legal products *and* to "criminalize behavior." *Cargill*, 57 F.4th at 468. Vacatur thus prevents the Government from relying on an unlawful rule to subject law-abiding Americans to up to "10 years of imprisonment." *See Hardin v. ATF*, 65 F.4th 895, 900 (6th Cir. 2023). Further, the firearms industry consists of millions of individuals and entities—from weapons and parts manufacturers and designers, to importers and exporters, to transportation companies and retailers, and, ultimately, to the gun-owning public. With the industry "spread across every state in the Nation," a narrow remedy could "prove unwieldy and . . . cause more confusion." *Feds for Med. Freedom v. Biden*, 63 F.4th 366, 388 (5th Cir. 2023); *accord* Add.55 (noting that there are 80,000 impacted federal firearms licensees alone). Thus, vacatur protects the entire supply chain from potential criminal liability for selling, transporting, or delivering firearms, or aiding and abetting those activities.

Finally, the Government cites no authority for the proposition that its alternative remedy is lawful. ATF claims that the district court should have "vacat[ed] the challenged provisions only as to plaintiffs." Emergency Mot. for Stay Pending Appeal, at 16. But ATF does not offer any case authorizing this remedy, and the law does not support it. "Unlike an injunction, which merely blocks enforcement, vacatur unwinds the challenged agency action." *Data Mktg. P'Ship*, 45 F.4th at 859 (citations and quotations omitted). By "formally nullify[ing] and revok[ing]" agency action, vacatur renders the action "void." *Ibid.* (citations, quotations, and emphasis omitted). ATF makes no attempt to square its preference for a party-specific remedy with this precedent. The Court should reject the Government's invitation for "a sea change in administrative law" on a seven-day timeline. *United States v. Texas*, 143 S. Ct. 1964, 1996 (2023) (Alito, J., dissenting) (citing *Data Mktg. P'ship,* 45 F.4th at 859).

The district court did not err by following the default rule and vacating the regulation.

## II. Staying The District Court's Vacatur Of ATF's Unlawful Rule Will Not Benefit The Regulated Community.

ATF claims that, absent a stay, "vacatur will substantially harm the regulated community," and, in particular, "members of the firearms industry." Emergency Mot. for Stay Pending Appeal, at 18. ATF is wrong again.

The rule's centerpiece is a significant purported expansion in ATF's jurisdiction. According to the agency, it can now regulate not just firearms, frames, and receivers, but also parts that may be converted into those items. Add.5–6. Further, this assertion of authority undoes a regulatory definition that has been in place since 1978. Add.5. In other words, "[t]he law hasn't changed, only an agency's interpretation of it." *Guedes v. ATF*, 140 S. Ct. 789, 790 (2020) (statement of Gorsuch, J.).

ATF's new assertion of authority carries significant adverse consequences for the firearms industry. An entire new class of products now carry with them the specter of criminal liability. As a result, companies even further up the supply chain must comply with "the Gun Control Act's licensing, recordkeeping, and background check requirements." Emergency Mot. for Stay Pending Appeal, at 19. Subjecting the regulated community to burdensome new regulations—with noncompliance punishable by a decade behind bars—does not benefit the firearms industry.

A stay would thus harm the firearms industry. By vacating the rule, the district court reestablished the decades-long status quo, eschewed the need for parties to incur unrecoverable compliance costs, and shielded the industry from criminal liability. Undoing those protections would harm—not help—the industry. This Court should not credit the Government's representations to the contrary.

## CONCLUSION

This Court should deny ATF's motion for stay pending appeal.

Respectfully submitted,

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law

Dated July 20, 2023                                          *Counsel for* Amicus Curiae

## CERTIFICATE OF SERVICE

I certify that on July 20, 2023, I caused the foregoing to be served upon all counsel of record via the Clerk of Court's CM/ECF notification system.

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B) because this brief contains 1,330 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in Times New Roman font 14-point type face.

Dated: July 20, 2023                    /s/ *Stephen J. Obermeier*
                                        Stephen J. Obermeier