No. 23-10718

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, L.L.C.; FIREARMS POLICY COALITION, INCORPORATED, a nonprofit corporation,

*Plaintiffs-Appellees*,

BLACKHAWK MANUFACTURING GROUP, INCORPORATED, doing business as 80 PERCENT ARMS; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INCORPORATED; NOT AN L.L.C., doing business as JSD SUPPLY; POLYMER80, INCORPORATED,

*Intervenor Plaintiffs-Appellees*,

v.

MERRICK GARLAND, U.S. Attorney General; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendants-Appellants*.

On Appeal from United States District Court for the Northern District of Texas, Fort Worth Division, Case No. 4:22-CV-00691-O

**BLACKHAWK MANUFACTURING GROUP, INC.'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION FOR STAY**

BRIAN D. POE
BRIAN D. POE, ATTORNEY AT LAW PLLC
THE BRYCE BUILDING
909 THROCKMORTON STREET
FORT WORTH, TX 76102
(817) 870-2022

MICHAEL J. SULLIVAN
NATHAN P. BRENNAN
ASHCROFT LAW FIRM LLC
200 State St., 7th Floor
Boston, MA 02109
(617) 573-9400

*Counsel for Intervenor Plaintiff-Appellee
BlackHawkManufacturing Group, Inc.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Plaintiff-Appellees:** | **Counsel for Plaintiff-Appellees:** |
|---|---|
| Jennifer VanDerStok | David H. Thompson<br>Peter A. Patterson |
| Michael G. Andren | William V. Bergstrom<br>COOPER & KIRK, PLLC |
| Tactical Machining, L.L.C., a limited liability company | Richard Brent Cooper<br>Benjamin David Passey* |
| Firearms Policy Coalition, Inc. | COOPER & SCULLY, P.C. |
| | Brian A. Abbas*<br>Erin M Erhardt*<br>MOUNTAIN STATES LEGAL FOUNDATION |
| | Cody J. Wisniewski*<br>FPC ACTION FOUNDATION |
| | Kaitlyn D. Schiraldi*<br>NEW CIVIL LIBERTIES ALLIANCE |
| **Intervenor Plaintiffs-Appellees:** | **Counsel for Intervenor Plaintiffs-Appellees:** |
| Blackhawk Manufacturing Group Inc., d/b/a 80 Percent Arms | Brian Daniel Poe, BRIAN D. POE ATTORNEY PLLC |

|  |  |
|---|---|
|  | Michael J. Sullivan* <br> Nathan P. Brennan* <br> Joseph Christopher Amrhein, Jr.* <br> ASHCROFT LAW FIRM, LLC |
| Defense Distributed | Charles Flores <br> Flores Law, P.L.L.C. |
| Second Amendment Foundation Inc. | |
|  | Nicholas M. Bruno <br> Zachary Nelson* <br> BECK REDDEN LLP |
| Not an LLC dba JSD Supply | |
|  | J. Mark Brewer, <br> BREWER & PRITCHARD, P.C., |
|  | Matthew Joseph Smid, <br> EVANS, DANIEL, MOORE, <br> EVANS, BIGGS, & SMID |
| Polymer80, Inc. | |
|  | Dennis Daniels <br> James W. Porter* <br> Marc A. Nardone* <br> BRADLEY ARANT BOULT CUMMINGS LLP |
| **Defendant-Appellants:** | **Counsel for All Appellants:** |
| Merrick Garland, U.S. Attorney General | Sean Janda <br> Daniel Riess <br> Jeremy S.B. Newman* <br> Martin M. Tomlinson* <br> Taisa M. Goodnature* <br> U.S. DEPARTMENT OF JUSTICE |
| U.S. Department of Justice | |
| Steven Dettlebach, ATF Director | |
| Bureau of Alcohol, Tobacco, Firearms, and Explosives | |

Attorneys whose names are denoted with an asterisk entered appearances in the district court but have not entered appearances in the Fifth Circuit.

Dated: July 20, 2023                /s/ *Brian D. Poe*
                                    Brian D. Poe

                                    *Counsel for Blackhawk Manufacturing Group Inc., d/b/a 80 Percent Arms*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................. i

TABLE OF CONTENTS ................................................................................ iv

INTRODUCTION .......................................................................................... 1

STATEMENT ................................................................................................. 4

I. Relevant Background ........................................................................ 4

II. Legal Standard .................................................................................. 5

III. Argument .......................................................................................... 6

    A. Appellants Cannot Show a Likelihood of Success on the Merits ................................................................................. 6

    B. Appellants Cannot Show Irreparable Injury ..................................... 7

    C. A Stay Will Harm Appellees' Interests ............................................. 8

    D. The Public Interest in Lawful Agency Action Weighs in Favor of Denying a Stay ................................................................. 9

    E. The District Court Followed Circuit Precedent and Properly Applied Statutory Authority in Vacating the Rule ............................ 10

CONCLUSION ............................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................ 12

CERTIFICATE OF COMPLIANCE ............................................................... 13

# INTRODUCTION

Defendants-Appellants the Department of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively, "Appellants" or "Agencies") promulgated a Final Rule that exceeded the Agencies' regulatory power in an effort to reach objects which Congress and the Agencies had previously treated as outside the statutory definition of "firearm" under the Gun Control Act of 1968 ("GCA") and therefore outside the parameters of authority delegated by Congress by its definition of "firearm".

The new and expansive regulatory definitions in the Final Rule—particularly those for "frame or receiver"—reflected the Agencies' reversal, *sua sponte*, of their five-decade position on the statutory definition of "firearm" and signaled the repudiation of the Agencies' own recent court filings in which they affirmed their position that the statutory definition set the boundaries of the Agencies' regulatory authority. In short, the Final Rule announced that the Agencies no longer considered themselves bound by the central definition of the GCA or their own adherence to the 50-year status quo.

However, rather than acknowledging that the Final Rule did, in fact, constitute a substantial change in the Agencies' position regarding the interpretation of "firearm" in the GCA and attempting to provide a legal basis for the change, the Agencies simply argued that they always had the right to define a "firearm" to

include "firearm parts", notwithstanding that Congress rejected such a position with the passage of the GCA. The Agencies current position reflects an improper disconnect between Congress's statutory definition of "firearm" and the Agencies' attempt to use of regulatory definitions to functionally modify "firearm" to bring non-firearms within the scope of Agencies' regulatory power.

Simply put, the Agencies promulgated a Final Rule that substantially expanded the reach of regulation and criminalization of lawful activities on the premise that an object which is not a "frame or receiver" can nevertheless be a "frame or receiver" if ATF determines that it has the *potential* to be a "frame or receiver." The district court correctly rejected that premise consistent with controlling law and statutory interpretation principles and ordered the remedy expressly authorized by the applicable statute—namely, vacatur.

Appellants have identified no emergency that would necessitate this Court's staying a thorough and well-reasoned order of the district court, which merely reinstitutes the 50-year status quo of GCA interpretation by the Agencies, or would justify imposing this fire drill on the parties and the Court. *See* Circuit Rule 27.3 ("Parties should not file motions seeking emergency relief unless there is an emergency sufficient to justify disruption of the normal appellate process.").

Moreover, Appellants have not met their burden to show that a stay is warranted. Appellants seek to establish that they are likely to succeed on the merits

of their appeal by reciting a well-worn set of conclusory arguments that fail to address or counter the statutory interpretation principles and legal reasoning that drive the district court's order.

Appellants also claim they and the public will be irreparably harmed in the absence of a stay. But that argument is wrong twice over. Its premise is wrong because the district court's vacatur of the Rule simply reinstituted a status quo that existed for decades prior to the Rule's effective date less than a year ago on August 24, 2022. It is also nonsensical for Agencies to substantially expand their authority beyond what Congress has enacted by simply proclaiming that they and the public will be irreparably harmed if they don't do so. Of note, Appellants have hardly mentioned, much less substantively briefed, the topic of severability or otherwise offered any argument or proposal for preserving non-disputed aspects of the Rule.

For these reasons, and because Appellants have failed to show that any of the other stay factors support their motion, this Court should maintain the status quo ante and leave the district court's vacatur order in effect pending the outcome of this appeal.

## STATEMENT

### I. RELEVANT BACKGROUND

This action commenced on August 11, 2022 with the filing of the original petition by Plaintiffs ("Original Plaintiffs"), followed by BlackHawk's petition, challenging, *inter alia*, the Agencies' authority to regulate a broad array of items and materials under a newly-expanded definition of "firearm" introduced in the Final Rule. The first count pleaded in both Original Plaintiffs' and BlackHawk's (hereinafter collectively, "Appellees") petitions was that the Rule exceeded ATF's statutory jurisdiction and authority in violation of the Administrative Procedure Act ("APA"). *See* ECF No. 1 ¶¶ 96–102; ECF No. 99 ¶¶ 106–110. Specifically, Appellees argued that the Final Rule (1) expands ATF's authority over non-firearm parts that may be "readily converted" into frames or receivers, when Congress limited ATF's authority to "frames or receivers" as such, and (2) unlawfully treats weapon parts kits as firearms. The district court determined Appellees were likely to succeed on both claims and granted preliminary injunctive relief to Appellees in a series of orders. The district court's preliminary injunction decisions were appealed, have been briefed, and are pending in this Court.[1]

Consistent with its previous preliminary injunction decisions, in its Opinion and Order dated June 30, 2023, and Final Judgment dated July 5, 2023 (hereinafter

---

[1] Some or all of these appeals may be moot given the district court's June 30 Order.

collectively, "June 30 Order"), the district court determined that two provisions of the Rule exceeded ATF's regulatory authority. In 12 pages of detailed, methodical, and well-supported analysis, the district court reiterated and elaborated upon the reasoning articulated in its previous preliminary injunction decisions in which it found that Appellees were likely to succeed on their claims. *See* June 30 Order at 23–35.

## II. LEGAL STANDARD

The party seeking a stay pending appeal "bears the burden of showing that a stay is warranted." *Patino v. City of Pasadena*, No. 17-20030, 2017 WL 477917, at *1 (5th Cir. Feb. 3, 2017). The burden is a heavy one. *Id*. at *4. Because "[a] stay is an intrusion into the ordinary processes of administration and judicial review," a stay "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks omitted). This Court typically considers four factors when deciding whether to grant a stay:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Patino*, 2017 WL 477917, at *1 (quoting *Nken*, 556 U.S. at 426).

None of the *Nken* factors supports staying the district court's order pending appeal.

## III. ARGUMENT

### A. Appellants Cannot Show a Likelihood of Success on the Merits

The record generated in this litigation demonstrates Appellants' inability to show a likelihood of success on the merits of their appeal. In nearly 10 months of motion practice—starting with injunctive relief and most recently summary judgment, Appellants have repeatedly shown they have no arguments or legal authority to counter the district court's sound, straightforward application of basic statutory interpretation principles.

The district court's order reflects this Court's guidance that a statute's meaning is to be "determined using traditional statutory-interpretation tools," *Cargill v. Garland*, 57 F.4th 447, 458 (5th Cir. 2023), and must begin "with the assumption that the words were meant to express their ordinary meaning." *United States v. Kaluza*, 780 F.3d 647, 659 (5th Cir. 2015); *see* June 30 Order at 24 ("Basic principles of statutory construction decide this case. . . . a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself."). The district court further affirmed its adherence to controlling law and the "'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Id*. (quoting *Sturgeon v. Frost*, 577 U.S. 424, 438 (2016)). On this basis, the district

court granted summary judgment on Appellees' statutory claims and applied the vacatur remedy at issue here.

Appellants' record of futility in the district court undercuts any notion that the Agencies are likely to succeed on the merits of their appeal. *See* Orders dated September 2, 2022, November 3, 2022 and June 30, 2023; Appendix at APP.130, APP.153, and APP.001.

### B. Appellants Cannot Show Irreparable Injury

Although Appellants' failure to satisfy the first *Nken* factor is dispositive, the stay motion should also be denied because it fails to make the necessary showing of irreparable harm. The Agencies' submitted their motion with a declaration from Matthew P. Varisco, an ATF employee whose title is Assistant Director for the Office of Enforcement Programs and Services (Regulatory Operations). Add.42–60.

Mr. Varisco's declaration states that "elimination of the Rule will substantially harm ATF, which has devoted significant resources to training and implementing the Rule, and which will need to devote substantial additional resources to comply." Add.58 ¶ 41. Examples of the "substantial harm" ATF will purportedly face include "substantial monetary costs to publish a revised version of Form 4473" and "changes [to forms] can take roughly several months to complete." Add.58 ¶ 42. Other "substantial harm" apparently includes the sunk costs of having conducted extensive, now obsolete, training of personnel "on the scope of the Rule

7

with each training covered the Rule's definition of 'frame or receiver.'" Add.58–59 ¶¶ 43–44. Mr. Varisco's declaration also states that "ATF established a robust public facing webpage … dedicated to the Rule", Add.59 ¶ 45, but vacatur of the Rule will create confusion leading to numerous inquiries to ATF, which "will need to devote the agency's limited time and resources to retraining internal personnel and educating the regulated." Add.59 ¶ 46.

Mr. Varisco's declaration presents scenarios that certainly could impose inconveniences, unwelcome adjustments to budgets, and the need for extensive remedial training, but none of them depict an actual, much less irreparable, injury to the Agencies.

### C. A Stay Will Harm Appellees' Interests

Appellants seek to continue wielding authority beyond the scope delegated by Congress in the GCA, and, on the basis of an *ultra vires* agency action, continue regulating, investigating and criminally prosecuting the lawful activities of millions of U.S. citizens. Appellants' indifference to the persistently expressed concern that the Rule will deprive law-abiding Americans of their constitutional rights itself serves as evidence that the Rule will substantially—and in many cases irreparably—harm the interests of Appellees and the broader DIY gunmaking community and supporting businesses on which BlackHawk and other businesses depend.

### D. The Public Interest in Lawful Agency Action Weighs in Favor of Denying a Stay

The public interest weighs decisively in favor of denial of Appellants' motion for the reasons expressed in a recent decision by this Court:

> Likewise, the "public interest [is] in having governmental agencies abide by the federal laws that govern their existence and operations." *Washington v. Reno*, 35 F.3d 1093, 1102 (6th Cir. 1994). Here, the Government has failed to carry its burden to show that its conduct comports with federal law. And "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

*State v. Biden*, 10 F.4th 538, 559–60 (5th Cir. 2021) (emphasis added); *see also BST Holdings, L.L.C. v. Occupational Safety & Health Admin., United States Dep't of Lab.*, 17 F.4th 604, 618 (5th Cir. 2021) ("Any interest [an agency] may claim in enforcing an unlawful (and likely unconstitutional) [rule] is illegitimate.").

Appellants show little interest in the harms caused by unlawful agency actions or the waste/expense of promulgating an *ultra vires* Rule and being forced to unwind the Rule's implementation when its legal defects prove fatal. Instead, the Agencies contend that elimination of the Rule will produce a litany of harms to public safety. And while it certainly true that the public has an interest in public safety, it is not at all clear that the Rule, even setting aside its invalid definitions, is critical to protecting that interest. Indeed, Appellants have provided no evidence showing that the Rule has resulted in any improvement in public safety. Further, prior to issuing the Notice for the Proposed Rule, the Agencies for five decades steadfastly has taken

9

the position that non-firearms were outside their regulatory authority and affirmed this position in federal court filings mere months before the Proposed Rule was announced. As such, as with the other *Nken* factors, Appellants here cannot meet the requirements for a stay.

### E. The District Court Followed Circuit Precedent and Properly Applied Statutory Authority in Vacating the Rule

Contrary to Appellants' contention, Fifth Circuit precedent recognizes the district court's power "to 'set aside'—*i.e.*, formally nullify and revoke—an unlawful agency action". *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022) (quotation omitted) (permitting vacatur under 5 U.S.C. § 706(2)). The district court correctly recognized and followed the Fifth Circuit's view that vacatur the "default rule" for agency action otherwise found to be unlawful. *Id.* at 859–60; *accord Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75, 375 n.29 (5th Cir. 2022) (concluding that "[v]acatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation").

### CONCLUSION

For the forgoing reasons, the Court should deny the Agencies' motion for a stay of the district court's order during the pendency of this appeal. And in the alternative, if the Court stays the judgment, it should re-enter the injunction that prevailed prior to the district court's entry of judgment.

Respectfully submitted:

*/s/ Brian D. Poe*
Brian D. Poe
Brian D. Poe, Attorney at Law PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, TX 76102
(817) 870-2022 (office)


Michael J. Sullivan
Nathan P. Brennan
ASHCROFT LAW FIRM, LLC
200 State Street
Boston, MA 02109
(617) 573-9400
msullivan@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit on July 20, 2023 by using the appellate CM/ECF system and that service was accomplished on all counsel of record by the appellate CM/ECF system except for counsel listed below, who was served by US Mail:

> Dennis Daniels
> Bradley Arant Boult Cummings, L.L.P.
> 1445 Ross Avenue
> Suite 3600
> Fountain Place
> Dallas, TX 75202

Dated: July 20, 2023             /s/*Brian D. Poe*
                        Brian D. Poe

# CERTIFICATE OF COMPLIANCE

I certify that this Response in Opposition to Emergency Motion for Stay of Plaintiffs-Appellees complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 2271 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface and type style requirements of Fed.R. App. P. 27(d)(1)(E) and 32(a)(5)-(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 (Version 2212) in Times New Roman 14-point font.

Dated: July 20, 2023                                      /s/ *Brian D. Poe*
                                                          Brian D. Poe