# United States Court of Appeals for the Fifth Circuit

––––––––––––––

No. 23-10718

––––––––––––––

JENNIFER VANDERSTOK; MICHAEL G. ANDREN;
TACTICAL MACHINING, L.L.C., *a limited liability company*;
FIREARMS POLICY COALITION, INCORPORATED,
*a nonprofit corporation*,

*Plaintiffs—Appellees*,

BLACKHAWK MANUFACTURING GROUP, INCORPORATED,
*doing business as* 80 PERCENT ARMS; DEFENSE DISTRIBUTED;
SECOND AMENDMENT FOUNDATION, INCORPORATED;
NOT AN L.L.C., *doing business as* JSD SUPPLY;
POLYMER80, INCORPORATED,

*Intervenor Plaintiffs—Appellees*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*;
UNITED STATES DEPARTMENT OF JUSTICE;
STEVEN DETTELBACH, *in his official capacity as*
*Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*;
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES,

*Defendants—Appellants*.

––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-691

––––––––––––––––––––––––––––––

<u>UNPUBLISHED ORDER</u>

Before SMITH, SOUTHWICK, and WILSON, *Circuit Judges*.

PER CURIAM:

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") asks this panel for a stay of the district court's judgment vacating the entirety of *Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24652 (Apr. 26, 2022) (the "Rule").[1] Relevant to the present case, the Rule amends the ATF's regulations by removing and replacing the agency's regulatory definitions of "frame or receiver" and "firearm" as applied to the Gun Control Act of 1968 ("GCA"), *see* 18 U.S.C. § 921(a)(3)(A)–(B).[2] Plaintiffs challenged those changes to the regulations as unlawful.[3]

At summary judgment, the district court found that the two challenged provisions in the Rule exceeded the statutory jurisdiction and authority of the ATF and vacated the entire Rule per the Administrative Procedure Act, 5 U.S.C. § 706(2)(C). The district court rejected a stay pending appeal but granted a seven-day administrative stay to allow the ATF to bring an emergency appeal.

---

[1] The Final Rule took effect on August 24, 2022, in the midst of the district court litigation. *See id.*

[2] The Attorney General is authorized to administer and enforce the GCA. 18 U.S.C. § 926(a). That authority was subsequently delegated to the ATF, which promulgates the Rule pursuant to that Act. *See* 28 C.F.R. § 0.130.

[3] Specifically, plaintiffs alleged that the ATF acted in excess of its statutory authority in two ways. First, the Rule expanded the ATF's authority over partially complete, disassembled, or nonfunctional frames and receivers that may be "readily converted" into "frames and receivers," when Congress limited the ATF's authority to only "frames or receivers" in the GCA. Second, another provision of the Rule unlawfully treats component parts of weapons, e.g., a weapon parts kit, as the equivalent of a firearm under the GCA.

No. 23-10718

In considering an emergency stay requested by the government, we consider four factors:

> (1) whether the government makes a strong showing that it is likely to succeed on the merits; (2) whether the government will be irreparably injured in the absence of a stay; (3) whether other interested parties will be irreparably injured by a stay; and (4) where the public interest lies.

*Texas v. Biden*, 10 F.4th 538, 545 (5th Cir. 2021) (per curiam) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

Because the ATF has not demonstrated a strong likelihood of success on the merits, nor irreparable harm in the absence of a stay, we DENY the government's request to stay the vacatur of the two challenged portions of the Rule. "[V]acatur . . . reestablish[es] the *status quo ante*," *Defense Distributed v. Platkin*, 55 F.4th 486, 491 (5th Cir. 2022), which is the world before the Rule became effective. This effectively maintains, pending appeal, the *status quo* that existed for 54 years from 1968 to 2022.

The ATF is likely correct, however, that the vacatur was overbroad. The district court analyzed the legality of only two of the numerous provisions of the Rule, which contains an explicit severability clause. *See* 87 Fed. Reg. at 24730. Where a court holds specific portions of a rule unlawful, severance is preferred when doing so "will not impair the function of the [rule] as a whole, and there is no indication that the regulation would not have been passed but for its inclusion." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 294 (1988); *see also Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1033 (5th Cir. 2019) (vacating only challenged portions of a rule). Because the agency has shown a strong likelihood of success on its assertion that the vacatur of the several non-challenged parts of the Rule was overbroad, we STAY the vacatur, pending appeal, as to the non-challenged provisions.

No. 23-10718

We *sua sponte* EXPEDITE the appeal to the next available oral argument calendar.  To allow time for additional proceedings as appropriate, this order is administratively STAYED for 10 days.