No. 23-10718

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,
Plaintiffs-Appellees,

Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms; Defense Distributed; Second Amendment Foundation, Incorporated; Not an L.L.C., doing business as JSD Supply; Polymer80, Incorporated,
Intervenor Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,
Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of Texas

## RECORD EXCERPTS

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

MARK B. STERN
MICHAEL S. RAAB
ABBY C. WRIGHT
SEAN R. JANDA
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*

# TABLE OF CONTENTS

**Tab**

Docket Entries, No. 4:22-cv-691 (N.D. Tex.),
    ROA.1-ROA.55 ................................................................................. Tab 1

Notice of Appeal (July 13, 2023),
    ROA.4868-ROA.4869...................................................................... Tab 2

District Court Summary Judgment Opinion (June 30, 2023),
    ROA.4743-ROA.4780...................................................................... Tab 3

District Court Judgment (July 5, 2023),
    ROA.4857-ROA.4858...................................................................... Tab 4

Excerpts from Administrative Record,
    ATF Letter and Request (1978), ATF00010-ATF00012
    ATF Letter (1980), ATF00025
    ATF Letter (1983), ATF00029 ..................................................... Tab 5

CERTIFICATE OF SERVICE

TAB 1

APPEAL,ATTN

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:22-cv-00691-O

VanDerStok et al v. Garland et al
Assigned to: Judge Reed C. O'Connor
Related Case:  4:23-cv-00029-O
Case in other court:  United States Court of Appeals 5th Circuit,
                      22-11071
                      United States Court of Appeals 5th Circuit,
                      22-11086
                      United States Court of Appeals 5th Circuit,
                      23-10463
Cause: 05:551 Administrative Procedure Act

Date Filed: 08/11/2022
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedure Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Jennifer VanDerStok**
*TERMINATED: 07/05/2023*

represented by **R Brent Cooper**
Cooper & Scully PC
900 Jackson Street, Suite 100
Dallas, TX 75202
214-712-9501
Fax: 214-712-9540
Email: brent.cooper@cooperscully.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Benjamin David Passey**
Cooper & Scully PC
900 Jackson Street
Suite 100
Dallas, TX 75202
214-712-9500
Fax: 214-712-9540
Email: ben.passey@cooperscully.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brian A Abbas**
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, CO 80227
303-292-2021
Email: babbas@mslegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Cody J Wisniewski**
FPC Action Foundation
5550 Painted Mirage Road
Ste 320
Las Vegas, NV 89149
916-517-1665
Fax: 916-476-2392
Email: cwi@fpchq.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Erin M Erhardt**
Mountain States Legal Foundation
2596 S Lewis Way
Lakewood, CO 80227
303-292-2021
Fax: 877-349-7074
Email: eerhardt@mslegal.org
*TERMINATED: 05/20/2023*
*Bar Status: Not Admitted*

**Kaitlyn D Schiraldi**
New Civil Liberties Alliance
1225 19th Street NW
Suite 450
Washington, DC 20036
202-869-5210
Email: kaitlyn.schiraldi@ncla.legal
*TERMINATED: 05/17/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Plaintiff**

**Michael G Andren**
*TERMINATED: 07/05/2023*

represented by  **R Brent Cooper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Benjamin David Passey**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brian A Abbas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Cody J Wisniewski**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Erin M Erhardt**
(See above for address)
*TERMINATED: 05/20/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Kaitlyn D Schiraldi**
(See above for address)
*TERMINATED: 05/17/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Plaintiff**

**Tactical Machining LLC**                    represented by    **R Brent Cooper**
*a limited liability company*                                  (See above for address)
*TERMINATED: 07/05/2023*                                       *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Admitted/In Good Standing*

                                                               **Benjamin David Passey**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Admitted/In Good Standing*

                                                               **Brian A Abbas**
                                                               (See above for address)
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Not Admitted*

                                                               **Cody J Wisniewski**
                                                               (See above for address)
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Not Admitted*

                                                               **Erin M Erhardt**
                                                               (See above for address)
                                                               *TERMINATED: 05/20/2023*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Not Admitted*

                                                               **Kaitlyn D Schiraldi**
                                                               (See above for address)
                                                               *TERMINATED: 05/17/2023*
                                                               *PRO HAC VICE*
                                                               *Bar Status: Not Admitted*

**Plaintiff**

**Firearms Policy Coalition Inc**
*a nonprofit corporation*
*TERMINATED: 07/05/2023*

represented by **R Brent Cooper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Benjamin David Passey**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brian A Abbas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Cody J Wisniewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Erin M Erhardt**
(See above for address)
*TERMINATED: 05/20/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Kaitlyn D Schiraldi**
(See above for address)
*TERMINATED: 05/17/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

V.

**Intervenor Plaintiff**

**Blackhawk Manufacturing Group Inc.**
*TERMINATED: 07/05/2023*
*doing business as*
80 Percent Arms
*TERMINATED: 07/05/2023*

represented by **Brian Daniel Poe**
Brian D Poe Attorney PLLC
909 Throckmorton Street
Fort Worth, TX 76102
817-870-2022
Fax: 817-977-6501
Email: bpoe@bpoelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Joseph Christopher Amrhein, Jr**
Ashcroft Law Firm, LLC
Massachusetts

200 State Street
7th Floor
Boston, MA 02109
617-573-9400
Email: camrhein@ashcroftlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael J Sullivan**
Ashcroft Law Firm LLC
200 State Street
7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Nathan P. Brennan**
Ashcroft Law Firm, LLC
200 State Street
7th Floor
Boston, MA 02109
617-573-9400
Email: nbrennan@ashcroftlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Intervenor Plaintiff**

**Defense Distributed**                    represented by    **Charles Flores**
*TERMINATED: 07/05/2023*                                    Flores Law PLLC
                                                           917 Franklin Street
                                                           Suite 600
                                                           Houston, TX 77002
                                                           713-893-9440
                                                           Email: cf@chadfloreslaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Admitted/In Good Standing*

                                                           **Nicholas M Bruno**
                                                           Beck Redden LLP
                                                           1221 McKinney
                                                           Suite 4500
                                                           Houston, TX 77010
                                                           713-951-6232
                                                           Fax: 713-951-3720
                                                           Email: nbruno@beckredden.com
                                                           *TERMINATED: 06/02/2023*
                                                           *Bar Status: Admitted/In Good Standing*

**Zachary Nelson**
Latham & Watkins LLP
811 Main St.
Suite 3700
Houston, TX 77002
970-426-6315
Email: zach.nelson@lw.com
*TERMINATED: 03/06/2023*
*Bar Status: Admitted/In Good Standing*

**Intervenor Plaintiff**

**Second Amendment Foundation Inc**                    represented by    **Charles Flores**
*TERMINATED: 07/05/2023*                                                 (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*
                                                                         *Bar Status: Admitted/In Good Standing*

                                                                         **Nicholas M Bruno**
                                                                         (See above for address)
                                                                         *TERMINATED: 06/02/2023*
                                                                         *Bar Status: Admitted/In Good Standing*

                                                                         **Zachary Nelson**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/06/2023*
                                                                         *Bar Status: Admitted/In Good Standing*

**Intervenor Plaintiff**

**Not An LLC**                                         represented by    **Matthew Joseph Smid**
*TERMINATED: 07/05/2023*                                                 301 Commerce Street, Suite 2001
*doing business as*                                                      Fort Worth, TX 76102
JSD Supply                                                               817-332-3822
*TERMINATED: 07/05/2023*                                                 Fax: 817-332-2763
                                                                         Email: matt@mattsmidlaw.com
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*
                                                                         *Bar Status: Admitted/In Good Standing*

                                                                         **J. Mark Brewer**
                                                                         800 Bering Drive
                                                                         Suite 201
                                                                         Houston, TX 77057
                                                                         713-209-2950
                                                                         Email: brewer@bplaw.com
                                                                         *ATTORNEY TO BE NOTICED*
                                                                         *Bar Status: Admitted/In Good Standing*

**Intervenor Plaintiff**

**Polymer80 Inc**                                      represented by    **Dennis Daniels**
                                                                         Bradley Arant Boult Cummings LLP
                                                                         1445 Ross Avenue, Suite 3600

Dallas, TX 75202
214-257-9846
Fax: 214-939-8787
Email: dldaniels@bradley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**James W Porter**
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 5th Avenue N
Birmingham, AL 35203
205-521-8285
Fax: 205-488-6285
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Marc A Nardone**
Bradley Arant Boult Cummings LLP
1615 L Street NW, Suite 1350
Washington, DC 20036
202-719-8256
Fax: 202-719-8356
*PRO HAC VICE*
*Bar Status: Not Admitted*

V.

**Defendant**

**Merrick Garland**
*in his Official capacity as Attorney General*
*of the United States*

represented by **Daniel M Riess**
US Department of Justice - Civil Division
1100 L Street NW
Washington, DC 20005
202/353-3098
Fax: 202/616-8460
Email: Daniel.Riess@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy S B Newman**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-532-3114
Email: jeremy.s.newman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Martin M Tomlinson**
DOJ-Civ

Civil Division
1100 L St., N.W.
Room 12504
Washington, DC 20530
202-353-4556
Email: martin.m.tomlinson@usdoj.gov
*TERMINATED: 03/23/2023*
*Bar Status: Not Admitted*

**Taisa M. Goodnature**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
202-514-3786
Fax: 202-616-8470
Email: taisa.m.goodnature@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**United States Department of Justice**          represented by   **Daniel M Riess**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy S B Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Martin M Tomlinson**
(See above for address)
*TERMINATED: 03/23/2023*
*Bar Status: Not Admitted*

**Taisa M. Goodnature**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Steven Dettelbach**                            represented by   **Daniel M Riess**
*in his official capacity as Director of the*                     (See above for address)
*Bureau of Alcohol, Tobacco, Firearms and*                        *LEAD ATTORNEY*
*Explosives*                                                       *ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy S B Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Martin M Tomlinson**
(See above for address)
*TERMINATED: 03/23/2023*
*Bar Status: Not Admitted*

**Taisa M. Goodnature**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Bureau of Alcohol, Tobacco, Firearms, and Explosives**

represented by **Daniel M Riess**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy S B Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Martin M Tomlinson**
(See above for address)
*TERMINATED: 03/23/2023*
*Bar Status: Not Admitted*

**Taisa M. Goodnature**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Gun Owners for Safety**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Rebecca Wernicke Anthony**
Jones Day
2727 North Harwood Street, Ste 100
Dallas, TX 75201
214-969-4886
Fax: 214-969-5100
Email: ranthony@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Angela Ashley Korge**
Jones Day
600 Brickell Ave
Suite 3300
Miami, FL 33131
305-714-9759

Fax: 305-717-9799
Email: akorge@jonesday.com
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Barbara Mack Harding**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
202-879-4681
Fax: 202-626-1700
Email: bharding@jonesday.com
*TERMINATED: 05/01/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jennifer L Swize**
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
202-879-5417
Fax: 202-626-1700
Email: jswize@jonesday.com
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph J Kiessling**
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
202-879-4659
Fax: 202-626-1700
Email: jkiessling@jonesday.com
*TERMINATED: 08/30/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Megan Elizabeth Ball**
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
202-879-4644
Fax: 202-626-1700
Email: meball@jonesday.com
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Jason Perry**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Rebecca Wernicke Anthony**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Angela Ashley Korge**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Barbara Mack Harding**
(See above for address)
*TERMINATED: 05/01/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jennifer L Swize**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph J Kiessling**
(See above for address)
*TERMINATED: 08/30/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Megan Elizabeth Ball**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Ryan Busse**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Rebecca Wernicke Anthony**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Angela Ashley Korge**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Barbara Mack Harding**
(See above for address)
*TERMINATED: 05/01/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jennifer L Swize**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph J Kiessling**
(See above for address)
*TERMINATED: 08/30/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Megan Elizabeth Ball**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Jonathan Gold**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Rebecca Wernicke Anthony**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Angela Ashley Korge**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Barbara Mack Harding**
(See above for address)
*TERMINATED: 05/01/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jennifer L Swize**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph J Kiessling**
(See above for address)
*TERMINATED: 08/30/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Megan Elizabeth Ball**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Steven Kling**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Rebecca Wernicke Anthony**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Angela Ashley Korge**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Barbara Mack Harding**
(See above for address)
*TERMINATED: 05/01/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jennifer L Swize**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph J Kiessling**
(See above for address)
*TERMINATED: 08/30/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Megan Elizabeth Ball**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Scott Spreier**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by  **Rebecca Wernicke Anthony**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Angela Ashley Korge**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Barbara Mack Harding**
(See above for address)
*TERMINATED: 05/01/2023*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jennifer L Swize**
(See above for address)
*TERMINATED: 08/29/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph J Kiessling**
(See above for address)
*TERMINATED: 08/30/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Megan Elizabeth Ball**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Brady United Against Gun Violence**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by  **Daniel Joseph Grooms**
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
202-842-7800
Fax: 202-842-7899
Email: dgrooms@cooley.com
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Adam Menke Katz**
Cooley LLP
500 Boylston Street
14th Floor
Boston, MA 02116
617-937-2300
Fax: 617-937-2400
Email: akatz@cooley.com
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Matthew Khoi Nguyen**
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
202-842-7800
Fax: 202-842-7899
Email: mnguyen@cooley.com
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Rachel Hannah Alpert**
Cooley LLP
500 Boylston Street
14th Floor
Boston, MA 02116
617-937-2300
Fax: 617-937-2400
Email: ralpert@cooley.com
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Everytown for Gun Safety Action Fund**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Daniel Joseph Grooms**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Adam Menke Katz**
(See above for address)
*TERMINATED: 08/29/2022*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Matthew Khoi Nguyen**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Rachel Hannah Alpert**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**March for Our Lives**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Daniel Joseph Grooms**
(See above for address)
*TERMINATED: 08/29/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Adam Menke Katz**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Matthew Khoi Nguyen**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Rachel Hannah Alpert**
(See above for address)
*TERMINATED: 08/29/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**District of Columbia**
*Party and attorney are active (attorney has been terminated to restrict access to sealed*

represented by **William Bennett Thompson**
Quinn Emanuel Urquhart & Sullivan LLP
6301 Gaston Avenue, Suite 1428

*filings.)*

Dallas, TX 75214
406-546-5587
Fax: 713-221-7100
Email: willthompson@quinnemanuel.com
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Suite 8100
Washington, DC 20001
202-724-6609
Fax: 202-741-0649
Email: caroline.vanzile@dc.gov
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**New Jersey**                          represented by   **William Bennett Thompson**
*Party and attorney are active (attorney has*           (See above for address)
*been terminated to restrict access to sealed*          *TERMINATED: 08/30/2022*
*filings.)*                                              *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Admitted/In Good Standing*

                                                         **Caroline S Van Zile**
                                                         (See above for address)
                                                         *TERMINATED: 09/08/2022*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

**Amicus**

**Pennsylvania**                        represented by   **William Bennett Thompson**
*Party and attorney are active (attorney has*           (See above for address)
*been terminated to restrict access to sealed*          *TERMINATED: 08/30/2022*
*filings.)*                                              *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Admitted/In Good Standing*

                                                         **Caroline S Van Zile**
                                                         (See above for address)
                                                         *TERMINATED: 09/08/2022*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

**Amicus**

| | | |
|---|---|---|
| **Prosecutors Against Gun Violence**<br>*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)* | represented by | **John R Hardin**<br>Perkins Coie LLP<br>500 N. Akard Street<br>Suite 3300<br>Dallas, TX 75201<br>214-965-7743<br>Fax: 214-965-7793<br>Email: JohnHardin@perkinscoie.com<br>*TERMINATED: 08/30/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

**Arthur S. Greenspan**
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
212-262-6900
*TERMINATED: 08/31/2022*
*Bar Status: Not Admitted*

**Clarissa R. Olivares**
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
650-838-4815
*TERMINATED: 08/30/2022*
*Bar Status: Not Admitted*

**David B. Massey**
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
212-262-66900
*TERMINATED: 08/31/2022*
*Bar Status: Not Admitted*

**Jacob J. Taber**
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
212-262-6900
*TERMINATED: 08/30/2022*
*Bar Status: Not Admitted*

**Lee S. Richards**
Perkins Coie LLP
1155 Avenue of Americas

2nd Floor
New York, NY 10036
212-262-6900
*TERMINATED: 08/31/2022*
*Bar Status: Not Admitted*

**Rachel S. Mechanic**
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
212-262-6900
*TERMINATED: 08/30/2022*
*Bar Status: Not Admitted*

**Rebecca L. Salk**
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
212-262-6900
*TERMINATED: 08/30/2022*
*Bar Status: Not Admitted*

**Amicus**

**California**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Colorado**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Amicus**

**Connecticut**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Delaware**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Hawaii**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Illinois**
*Party and attorney are active (attorney has been terminated to restrict access to sealed*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*

*filings.)*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Maine**                                              represented by    **William Bennett Thompson**
*Party and attorney are active (attorney has*                          (See above for address)
*been terminated to restrict access to sealed*                         *TERMINATED: 08/30/2022*
*filings.)*                                                             *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Admitted/In Good Standing*

                                                                       **Caroline S Van Zile**
                                                                       (See above for address)
                                                                       *TERMINATED: 09/08/2022*
                                                                       *PRO HAC VICE*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Not Admitted*

**Amicus**

**Maryland**                                           represented by    **William Bennett Thompson**
*Party and attorney are active (attorney has*                          (See above for address)
*been terminated to restrict access to sealed*                         *TERMINATED: 08/30/2022*
*filings.)*                                                             *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Admitted/In Good Standing*

                                                                       **Caroline S Van Zile**
                                                                       (See above for address)
                                                                       *TERMINATED: 09/08/2022*
                                                                       *PRO HAC VICE*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Not Admitted*

**Amicus**

**Massachusetts**                                      represented by    **William Bennett Thompson**
*Party and attorney are active (attorney has*                          (See above for address)
*been terminated to restrict access to sealed*                         *TERMINATED: 08/30/2022*
*filings.)*                                                             *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Admitted/In Good Standing*

                                                                       **Caroline S Van Zile**
                                                                       (See above for address)
                                                                       *TERMINATED: 09/08/2022*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Michigan**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Minnesota**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**New York**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

represented by

**North Carolina**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

**William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

<u>**Amicus**</u>

**Oregon**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

<u>**Amicus**</u>

**Rhode Island**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

<u>**Amicus**</u>

**Washington**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Wisconsin**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **William Bennett Thompson**
(See above for address)
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caroline S Van Zile**
(See above for address)
*TERMINATED: 09/08/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Baltimore, MD**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **James L. Shea**
City Solicitor
100 N. Holliday Street
Suite 101
Baltimore, MD 21202
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Boston, MA**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Adam Cederbaum**
1 City Hall Square, Room 615
Boston, MA 02201
617-635-4030
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Hartford, CT**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Howard G. Rifkin**
550 Main Street, Room 210
Hartford, CT 06103
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Los Angeles, CA**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Michael N. Feuer**
Los Angeles City Attorney
200 N. Main Street, 6th Floor
Los Angeles, CA 90012
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Chicago, IL**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Celia Meza**
City of Chicago, Department of Law
121 N. Lasalle Street, Room 600
Chicago, IL 60602
312-744-0220
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of New York, NY**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Sylvia O. Hinds-Radix**
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Dayton, OH**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Barbara J. Doseck**
City of Dayton, Ohio
101 W. Third Street
Dayton, OH 45401
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Seattle, WA**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Ann Davison**
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Columbus, OH**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by   **Zachary M. Klein**
City of Columbus, Department of Law
77 N. Front Street
Columbus, OH 43215
614-645-7385
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Oakland City Attorney's Office**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by   **Barbara J. Parker**
Oakland City Attorney's Office
Oakland City Hall
1 Frank H. Ogawa Plaza
Oakland, CA 94612
510-238-3601
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Philadelphia, PA**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by   **Diana P. Cortes**
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
215-683-5003
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Providence, RI**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by   **Jeffrey Dana**
444 Westminster Street
Suite 200
Providence, RI 02903
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Rochester, NY**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by   **Linda S. Kingsley**
City of Rochester
30 Church Street
Room 400A
Rochester, NY 14614
585-428-6986

*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City and County of San Francisco, CA**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **David Chiu**
City Hall Room 234
One Drive Carlton B. Goodlett Pl.
San Fransisco, CA 94102
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of San Jose, CA**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Nora Frimann**
City of San Jose, California
200 S. Santa Clara Street
San Jose, CA 95113
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Bexar County Criminal District Attorney**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Joe D. Gonzales**
Bexar County Crimincal District Attorney
101 W. Nueva Street
7th Floor
San Antonio, TX 78205
210-335-2311
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Dallas County Criminal District Attorney**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **John C Creuzot**
Law Office of John Creuzot
3615 N Hall
Dallas, TX 75219
214/219-1000
Fax: 214/219-1003
Email: judgejohn@stalcuplaw.com
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amicus**

**Travis County District Attorney**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Jose P. Garza**
Travis County District Attorney
Ronald Earle Building
415 West 11th Street
Austin, TX 78701
512-854-9400
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**City of Syracuse, NY**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Susan R. Katzoff**
City Hall Room 300
233 East Washington Street
Syracuse, NY 13202
315-448-8400
*TERMINATED: 08/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/11/2022 | 1 (p.56) | COMPLAINT against All Defendants filed by Tactical Machining LLC, Michael G Andren, Firearms Policy Coalition, Inc., Jennifer VanDerStok. (Filing fee $402; Receipt number 0539-13029162) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.56) Cover Sheet, # 2 (p.112) Cover Sheet Supplement) (Cooper, R) (Entered: 08/11/2022) |
| 08/11/2022 | 2 (p.112) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok. (Clerk QC note: No affiliate entered in ECF). (Cooper, R) (Entered: 08/11/2022) |
| 08/11/2022 | 3 (p.114) | NOTICE of Related Case filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Cooper, R) (Entered: 08/11/2022) |
| 08/11/2022 | 4 (p.117) | New Case Notes: A filing fee has been paid. File to: Judge O Connor. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (mmw) (Entered: 08/11/2022) |

| 08/11/2022 | 5 (p.119) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Cody J. Wisniewski (Filing fee $100; Receipt number 0539-13029438) filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Exhibit(s), # 2 (p.112) Proposed Order) (Cooper, R) (Entered: 08/11/2022) |
| --- | --- | --- |
| 08/11/2022 | 6 (p.124) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Erin M. Erhardt (Filing fee $100; Receipt number 0539-13029461) filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Exhibit(s), # 2 (p.112) Proposed Order) (Cooper, R) (Entered: 08/11/2022) |
| 08/11/2022 | 7 (p.129) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Kaitlyn D. Schiraldi (Filing fee $100; Receipt number 0539-13029475) filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Exhibit(s), # 2 (p.112) Proposed Order) (Cooper, R) (Entered: 08/11/2022) |
| 08/12/2022 | 8 | ELECTRONIC ORDER granting 5 (p.119) Application for Admission Pro Hac Vice of Cody J. Wisniewski. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/12/2022) (chmb) (Entered: 08/12/2022) |
| 08/12/2022 | 9 | ELECTRONIC ORDER granting 6 (p.124) Application for Admission Pro Hac Vice of Erin M. Erhardt. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/12/2022) (chmb) (Entered: 08/12/2022) |
| 08/12/2022 | 10 | ELECTRONIC ORDER granting 7 (p.129) Application for Admission Pro Hac Vice of Kaitlyn D. Schiraldi. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/12/2022) (chmb) (Entered: 08/12/2022) |
| 08/17/2022 | 11 (p.134) | Request for Clerk to issue Summons filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok. (Cooper, R) (Entered: 08/17/2022) |
| 08/17/2022 | 12 (p.142) | Summons issued as to Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice, U.S. Attorney, and U.S. Attorney General. (mmw) (Entered: 08/17/2022) |
| 08/17/2022 | 13 (p.166) | Unopposed MOTION for Leave to File In Excess of Page Limit filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Proposed Order) (Cooper, R) (Entered: 08/17/2022) |
| 08/17/2022 | 14 | ELECTRONIC ORDER granting 13 (p.166) Motion for Leave to File. (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 8/17/2022) (Judge Reed C. O'Connor) (Entered: 08/17/2022) |
| 08/17/2022 | 15 (p.170) | MOTION for Injunction filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Cooper, R) (Entered: 08/17/2022) |

| 08/17/2022 | 16 (p.174) | Brief/Memorandum in Support filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re 15 (p.170) MOTION for Injunction (Attachments: # 1 (p.56) Exhibit(s), # 2 (p.112) Exhibit(s), # 3 (p.114) Exhibit(s), # 4 (p.117) Proposed Order) (Cooper, R) (Entered: 08/17/2022) |
|---|---|---|
| 08/17/2022 | 17 (p.254) | ORDER: re: 15 (p.170) MOTION for Injunction . To expedite resolution of the motion, the Court ORDERS Responses due by 8/26/2022. Replies due by 8/30/2022. (Ordered by Judge Reed C. O'Connor on 8/17/2022) (chmb) (Entered: 08/17/2022) |
| 08/17/2022 | 18 | ELECTRONIC ORDER deferring ruling on 15 (p.170) Motion for Injunction and requiring plaintiffs to provide the government notice of the deadlines in ECF No. 17, and file a pleading on the docket explaining how and when they provided notice. (Ordered by Judge Reed C. O'Connor on 8/17/2022) (Judge Reed C. O'Connor) (Entered: 08/17/2022) |
| 08/18/2022 | 19 (p.255) | NOTICE of Attorney Appearance by Daniel M Riess on behalf of Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Riess, Daniel) (Entered: 08/18/2022) |
| 08/18/2022 | 20 (p.257) | MOTION to Transfer Case out of District/Division (), MOTION for Extension of Time to File Response/Reply to 15 (p.170) MOTION for Injunction filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Exhibit(s) 1, # 2 (p.112) Exhibit(s) 2) (Riess, Daniel) (Entered: 08/18/2022) |
| 08/18/2022 | 21 (p.385) | NOTICE of Attorney Appearance by Martin M Tomlinson on behalf of Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Tomlinson, Martin) (Entered: 08/18/2022) |
| 08/18/2022 | 22 (p.388) | NOTICE of *Provision of Motion for Preliminary Injunction and Briefing Deadlines to Defendants* re: 18 Order on Motion for Injunction, filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Wisniewski, Cody) (Entered: 08/18/2022) |
| 08/18/2022 | 23 (p.392) | ORDER: re: 20 (p.257) MOTION to Transfer Case out of District/Division MOTION for Extension of Time . The Court ORDERS Plaintiffs to explain their opposition to Defendants' request for an extension of time by 8/19/22. (Ordered by Judge Reed C. O'Connor on 8/18/2022) (chmb) (Entered: 08/18/2022) |
| 08/19/2022 | 24 (p.393) | RESPONSE AND OBJECTION filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re: 20 (p.257) MOTION to Transfer Case out of District/Division MOTION for Extension of Time to File Response/Reply to 15 (p.170) MOTION for Injunction (Wisniewski, Cody) (Entered: 08/19/2022) |
| 08/19/2022 | 25 (p.412) | ORDER deferring ruling on 20 (p.257) Motion to Transfer Case out of District/Division ; granting 20 (p.257) Motion to Extend Time to File Response/Reply. Defendants' response to Plaintiffs' preliminary-injunction motion is due by 8/29/2022. Plaintiffs' Reply due by 8/31/2022. (Ordered by Judge Reed C. O'Connor on 8/19/2022) (chmb) (Entered: 08/19/2022) |
| 08/22/2022 |  |  |

| | 26 (p.413) | CERTIFICATE OF SERVICE by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok *Bureau of Alcohol, Tobacco, Firearms and Explosive* (Cooper, R) (Entered: 08/22/2022) |
|---|---|---|
| 08/22/2022 | 27 (p.416) | CERTIFICATE OF SERVICE by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok *Merrick Garland, US Attorney General* (Cooper, R) (Entered: 08/22/2022) |
| 08/22/2022 | 28 (p.419) | CERTIFICATE OF SERVICE by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok *Steven Dettelbach, Director of Bureau of ATF&E* (Cooper, R) (Entered: 08/22/2022) |
| 08/22/2022 | 29 (p.422) | SUMMONS RETRUEND service on USDOJ via AUSA on 8/17/2022///CERTIFICATE OF SERVICE by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok *US Department of Justice* (Cooper, R) Modified on 8/23/2022 (mmw). (Entered: 08/22/2022) |
| 08/26/2022 | 30 (p.425) | MOTION for Leave to File In Excess of Page Limit filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Riess, Daniel) (Entered: 08/26/2022) |
| 08/26/2022 | 31 (p.427) | REPLY filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 20 (p.257) MOTION to Transfer Case out of District/Division MOTION for Extension of Time to File Response/Reply to 15 (p.170) MOTION for Injunction (Riess, Daniel) (Entered: 08/26/2022) |
| 08/26/2022 | 32 (p.444) | ORDER: Before the Court is Defendants' Unopposed Motion to Exceed Page Limits (ECF No. 30 (p.425) ), filed August 26, 2022. Noting the motion is unopposed and finding good cause, the Court GRANTS the motion for leave to file a response in opposition exceeding 25 pages. (Ordered by Judge Reed C. O'Connor on 8/26/2022) (mmw) (Entered: 08/26/2022) |
| 08/29/2022 | 33 (p.445) | ORDER: Before the Court is Plaintiffs' Motion for Injunction (ECF No. 15 (p.170) ), filed August 17, 2022. Under Federal Rule of Civil Procedure 65, "the court may advance the trial on the merits and consolidate it with the hearing." The Court ORDERS the parties to brief whether the Court should advance the preliminary injunction motion to a determination on the merits. Cross-briefs are due by 5:00 PM, Wednesday, August 31, 2022. (Ordered by Judge Reed C. O'Connor on 8/29/2022) (sre) (Entered: 08/29/2022) |
| 08/29/2022 | 34 (p.446) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13073173) filed by Gun Owners for Safety, Jason Perry, Ryan Busse, Jonathan Gold, Steven Kling, Scott Spreier (Attachments: # 1 (p.56) Exhibit(s) Certificate of Good Standing). Party Gun Owners for Safety; Jason Perry; Ryan Busse; Jonathan Gold; Steven Kling; Scott Spreier added.Attorney Angela Ashley Korge added to party Gun Owners for Safety(pty:am), Attorney Angela Ashley Korge added to party Jason Perry(pty:am), Attorney Angela Ashley Korge added to party Ryan Busse(pty:am), Attorney Angela Ashley Korge added to party Jonathan Gold(pty:am), Attorney Angela Ashley Korge added to party Steven Kling(pty:am), Attorney Angela Ashley Korge added to party Scott Spreier(pty:am) (Korge, Angela) (Entered: 08/29/2022) |
| 08/29/2022 | 35 (p.450) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13074133) filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 |

| | | |
|---|---|---|
| | | (p.56) Certificate of Good Standing)Attorney Megan Elizabeth Ball added to party Ryan Busse(pty:am), Attorney Megan Elizabeth Ball added to party Jonathan Gold(pty:am), Attorney Megan Elizabeth Ball added to party Gun Owners for Safety(pty:am), Attorney Megan Elizabeth Ball added to party Steven Kling(pty:am), Attorney Megan Elizabeth Ball added to party Jason Perry(pty:am), Attorney Megan Elizabeth Ball added to party Scott Spreier(pty:am) (Ball, Megan) (Entered: 08/29/2022) |
| 08/29/2022 | 36 (p.454) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jennifer L. Swize (Filing fee $100; Receipt number 0539-13074159) filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 (p.56) Certificate of Good Standing)Attorney Jennifer L Swize added to party Ryan Busse(pty:am), Attorney Jennifer L Swize added to party Jonathan Gold(pty:am), Attorney Jennifer L Swize added to party Gun Owners for Safety(pty:am), Attorney Jennifer L Swize added to party Steven Kling(pty:am), Attorney Jennifer L Swize added to party Jason Perry(pty:am), Attorney Jennifer L Swize added to party Scott Spreier(pty:am) (Swize, Jennifer) (Entered: 08/29/2022) |
| 08/29/2022 | 37 (p.458) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13074173) filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. Party Brady United Against Gun Violence; Everytown for Gun Safety Action Fund; March for Our Lives added.Attorney Daniel Joseph Grooms added to party Brady United Against Gun Violence(pty:am), Attorney Daniel Joseph Grooms added to party Everytown for Gun Safety Action Fund(pty:am), Attorney Daniel Joseph Grooms added to party March for Our Lives(pty:am) (Grooms, Daniel) (Entered: 08/29/2022) |
| 08/29/2022 | 38 (p.464) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13074198) filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives Attorney Adam Menke Katz added to party Brady United Against Gun Violence(pty:am), Attorney Adam Menke Katz added to party Everytown for Gun Safety Action Fund(pty:am), Attorney Adam Menke Katz added to party March for Our Lives(pty:am) (Katz, Adam) (Entered: 08/29/2022) |
| 08/29/2022 | 39 (p.470) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13074201) filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives Attorney Rachel Hannah Alpert added to party Brady United Against Gun Violence(pty:am), Attorney Rachel Hannah Alpert added to party Everytown for Gun Safety Action Fund(pty:am), Attorney Rachel Hannah Alpert added to party March for Our Lives(pty:am) (Alpert, Rachel) (Entered: 08/29/2022) |
| 08/29/2022 | 40 (p.476) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13074207) filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives Attorney Matthew Khoi Nguyen added to party Brady United Against Gun Violence(pty:am), Attorney Matthew Khoi Nguyen added to party Everytown for Gun Safety Action Fund(pty:am), Attorney Matthew Khoi Nguyen added to party March for Our Lives(pty:am) (Nguyen, Matthew) (Entered: 08/29/2022) |
| 08/29/2022 | 41 (p.480) | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 15 (p.170) |

| | | MOTION for Injunction (Attachments: # 1 (p.56) Appendix) (Tomlinson, Martin) (Entered: 08/29/2022) |
|---|---|---|
| 08/29/2022 | 42 (p.531) | MOTION for Leave to File Amici Curiae Brief filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 (p.56) Exhibit(s) A, # 2 (p.112) Proposed Order) (Anthony, Rebecca) (Entered: 08/29/2022) |
| 08/30/2022 | 43 (p.574) | MOTION for Leave to File to Proceed Without Local Counsel filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives (Attachments: # 1 (p.56) Proposed Order) (Grooms, Daniel) (Entered: 08/30/2022) |
| 08/30/2022 | 44 (p.579) | MOTION for Leave to File Brief as Amici Curiae filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives (Attachments: # 1 (p.56) Proposed Amicus Brief, # 2 (p.112) Proposed Order) (Grooms, Daniel) (Entered: 08/30/2022) |
| 08/30/2022 | 45 (p.616) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Joseph Kiessling (Filing fee $100; Receipt number 0539-13077870) filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 (p.56) Certificate of Good Standing)Attorney Joseph J Kiessling added to party Gun Owners for Safety(pty:am) (Kiessling, Joseph) (Entered: 08/30/2022) |
| 08/30/2022 | 46 (p.620) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13078072) filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 (p.56) Exhibit(s) Certificate of Good Standing)Attorney Barbara Mack Harding added to party Gun Owners for Safety(pty:am) (Harding, Barbara) (Entered: 08/30/2022) |
| 08/30/2022 | 47 (p.624) | MOTION for Leave to File Brief as Amici Curiae filed by District of Columbia, New Jersey, Pennsylvania (Attachments: # 1 (p.56) Proposed Amicus Curiae Brief, # 2 (p.112) Proposed Order). Party District of Columbia added.Attorney William Bennett Thompson added to party District of Columbia(pty:am), Attorney William Bennett Thompson added to party New Jersey(pty:am), Attorney William Bennett Thompson added to party Pennsylvania(pty:am) (Thompson, William) (Entered: 08/30/2022) |
| 08/30/2022 | 48 (p.661) | MOTION for Leave to File Amicus Brief filed by Prosecutors Against Gun Violence (Attachments: # 1 (p.56) Exhibit A - Proposed Amicus Brief, # 2 (p.112) Exhibit A-1 - Declaration of John Musto in Support of Amicus Brief, # 3 (p.114) Exhibit A-2 - Declaration of Christopher Mastroianni in Support of Amicus Brief, # 4 (p.117) Exhibit A-3 - Declaration of Adrian Z. Diaz in Support of Amicus Brief, # 5 (p.119) Exhibit B - Proposed Order). Party Prosecutors Against Gun Violence added.Attorney John R Hardin added to party Prosecutors Against Gun Violence(pty:am) (Hardin, John) (Entered: 08/30/2022) |
| 08/31/2022 | 49 (p.714) | Unopposed MOTION for Leave to File Reply Brief in Support of Plaintiffs Motion for Preliminary Injunction filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Proposed Order) (Cooper, R) (Entered: 08/31/2022) |
| 08/31/2022 | 50 (p.718) | ORDER: Before the Court is Plaintiffs' Unopposed Motion for Leave to File in Excess of Page Limit (ECF No. 49 (p.714) ), filed August 31, 2022. Noting the |

| | | |
|---|---|---|
| | | motion is unopposed and finding good cause, the Court GRANTS the motion for leave to file an overlength reply brief. (Ordered by Judge Reed C. O'Connor on 8/31/2022) (mmw) (Entered: 08/31/2022) |
| 08/31/2022 | 51 (p.719) | NOTICE of Attorney Appearance by Benjamin David Passey on behalf of Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok. (Filer confirms contact info in ECF is current.) (Passey, Benjamin) (Entered: 08/31/2022) |
| 08/31/2022 | 52 (p.722) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-13081003) filed by California, Colorado, Connecticut, Delaware, District of Columbia, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Washington, Wisconsin (Attachments: # 1 (p.56) Exhibit(s) Certificate of Good Standing)Attorney Caroline S Van Zile added to party California(pty:am), Attorney Caroline S Van Zile added to party Colorado(pty:am), Attorney Caroline S Van Zile added to party Connecticut(pty:am), Attorney Caroline S Van Zile added to party Delaware(pty:am), Attorney Caroline S Van Zile added to party District of Columbia(pty:am), Attorney Caroline S Van Zile added to party Hawaii(pty:am), Attorney Caroline S Van Zile added to party Illinois(pty:am), Attorney Caroline S Van Zile added to party Maine(pty:am), Attorney Caroline S Van Zile added to party Maryland(pty:am), Attorney Caroline S Van Zile added to party Massachusetts(pty:am), Attorney Caroline S Van Zile added to party Michigan(pty:am), Attorney Caroline S Van Zile added to party Minnesota(pty:am), Attorney Caroline S Van Zile added to party New Jersey(pty:am), Attorney Caroline S Van Zile added to party New York(pty:am), Attorney Caroline S Van Zile added to party North Carolina(pty:am), Attorney Caroline S Van Zile added to party Oregon(pty:am), Attorney Caroline S Van Zile added to party Pennsylvania(pty:am), Attorney Caroline S Van Zile added to party Rhode Island(pty:am), Attorney Caroline S Van Zile added to party Washington(pty:am), Attorney Caroline S Van Zile added to party Wisconsin(pty:am) (Van Zile, Caroline) (Entered: 08/31/2022) |
| 08/31/2022 | 53 (p.726) | Brief/Memorandum in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 33 (p.445) Order Setting Deadline/Hearing,, (Tomlinson, Martin) (Entered: 08/31/2022) |
| 08/31/2022 | 54 (p.732) | RESPONSE filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re: 33 (p.445) Order Setting Deadline/Hearing,, (Cooper, R) (Entered: 08/31/2022) |
| 08/31/2022 | 55 (p.739) | REPLY filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re: 15 (p.170) MOTION for Injunction (Attachments: # 1 (p.56) Declaration(s)) (Erhardt, Erin) (Entered: 08/31/2022) |
| 09/02/2022 | 56 (p.765) | OPINION & ORDER ON PRELIMINARY INJUNCTION: The Court ORDERS that the motion for Preliminary Injunction (ECF No. 15 (p.170) ) is GRANTED in part. Tactical Machining has shown it is entitled to a preliminary injunction against Defendants' enforcement of the Final Rule. Accordingly, the Court GRANTS the motion in part, DENIES the motion in part, and ORDERS that Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against Tactical Machining, LLC the provisions in 27 C.F.R. §§ 478.11 and 478.12 that this Order has determined are unlawful. If Plaintiffs wish to submit further briefing and evidence on the scope of the injunction, they must do so no later |

| | | than September 8, 2022. Any responses are due within seven days of Plaintiffs' filing. (Ordered by Judge Reed C. O'Connor on 9/2/2022) (mmw) (Entered: 09/02/2022) |
|---|---|---|
| 09/08/2022 | 57 (p.788) | ORDER: Before the Court are the 34 (p.446) - 40 (p.476) , 45 (p.616) 46 (p.620) , 52 (p.722) Applications for Admission Pro Hac Vice. The Court GRANTS the applications and directs the Clerk to add the attorneys as counsel of record for Amici. Also before the Court are the 42 (p.531) , 44 (p.579) , 47 (p.624) , 48 (p.661) Motions for Leave to File Amici Curiae Brief. The Court GRANTS the motions. Before the Court is Amici's 43 (p.574) Motion for Leave to Proceed Without Local Counsel. The Court GRANTS the motion. (Ordered by Judge Reed C. O'Connor on 9/8/2022) (mmw) Modified on 9/8/2022 (mmw). (Entered: 09/08/2022) |
| 09/08/2022 | 58 (p.790) | AMICI CURIAE BRIEF OF GUN OWNERS FOR SAFETY AND INDIVIDUAL CO-AMICI IN SUPPORT OF DEFENDANTS' 41 (p.480) OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (mmw) (Entered: 09/08/2022) |
| 09/08/2022 | 59 (p.823) | BRIEF OF AMICI CURIAE GUN VIOLENCE PREVENTION GROUPSIN SUPPORT OF DEFENDANTS' 41 (p.480) OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION filed by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives (mmw) (Entered: 09/08/2022) |
| 09/08/2022 | 60 (p.854) | BRIEF OF THE DISTRICT OF COLUMBIA AND THE STATES OF NEW JERSEY, PENNSYLVANIA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, WASHINGTON, AND WISCONSIN AS AMICI CURIAE IN SUPPORT OF DEFENDANTS re 41 (p.480) Response/Objection (mmw) (Entered: 09/08/2022) |
| 09/08/2022 | 61 (p.882) | AMICUS BRIEF OF 16 MAJOR CITIES, THE DISTRICT ATTORNEYS FOR THE COUNTIES OF BEXAR, DALLAS AND TRAVIS, TEXAS AND PROSECUTORS AGAINST GUN VIOLENCE IN SUPPORT OF DEFENDANTS' 41 (p.480) OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION filed by Bexar County Criminal District Attorney, City and County of San Francisco, CA, City of Baltimore, MD, City of Boston, MA, City of Chicago, IL, City of Columbus, OH, City of Dayton, OH, City of Hartford, CT, City of Los Angeles, CA, City of New York, NY, City of Philadelphia, PA, City of Providence, RI, City of Rochester, NY, City of San Jose, CA, City of Seattle, WA, City of Syracuse, NY, Dallas County Criminal District Attorney, Oakland City Attorney's Office, Prosecutors Against Gun Violence, Travis County District Attorney (mmw) (Entered: 09/08/2022) |
| 09/08/2022 | 62 (p.923) | Exhibits to 63 (p.948) MOTION for Injunction (*Request to Expand Preliminary Injunction*) and proposed order. See Doc 63 (p.948) for Motion filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Exhibit(s) 1 - Declaration of J. VanDerStok, # 2 (p.112) Exhibit(s) 2 - Declaration of M. Andren, # 3 (p.114) Exhibit(s) 3 - Declaration of N. Cherry, # 4 (p.117) Exhibit(s) 4 - Declaration of B. Combs, # 5 (p.119) Exhibit(s) 5 - Declaration of D. Lifschitz, # 6 (p.124) Proposed Order) (Erhardt, Erin) Modified on 9/9/2022 per phone call with filer (mmw). (Entered: 09/08/2022) |

| | | |
|---|---|---|
| 09/08/2022 | 63 (p.948) | MOTION for Injunction *(Plaintiffs Request to Expand Preliminary Injunction) Dkt 62* filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Erhardt, Erin) (Entered: 09/08/2022) |
| 09/09/2022 | 64 (p.972) | ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER: The Joint Report shall be filed on or before October 7, 2022. (Ordered by Judge Reed C. O'Connor on 9/9/2022) (mmw) (Entered: 09/09/2022) |
| 09/10/2022 | 65 (p.982) | ORDER denying 20 (p.257) Motion to Transfer Case out of District/Division (Ordered by Judge Reed C. O'Connor on 9/10/2022) (Judge Reed C. O'Connor) (Entered: 09/10/2022) |
| 09/12/2022 | 66 (p.984) | SUMMONS Returned Executed as to Merrick Garland, served on 8/24/22. (Passey, Benjamin) Modified on 9/12/2022 (mmw). (Entered: 09/12/2022) |
| 09/12/2022 | 67 (p.988) | SUMMONS Returned Executed as to U.S. Department of Justice; served on 8/24/22. (Passey, Benjamin) Modified on 9/12/2022 (mmw). (Entered: 09/12/2022) |
| 09/12/2022 | 68 (p.992) | SUMMONS Returned Executed as to Bureau of Alcohol, Tobacco, Firearms and Explosives, served via Attorney General of the United States on 8/23/22. (Passey, Benjamin) Modified on 9/12/2022 (mmw). Modified on 9/14/2022 (mmw). (Entered: 09/12/2022) |
| 09/12/2022 | 69 (p.996) | SUMMONS Returned Executed as to Steven Dettelbach ; served via Attorney General of the United States on 8/23/2022. (Passey, Benjamin) Modified on 9/14/2022 (mmw). (Entered: 09/12/2022) |
| 09/12/2022 | 70 (p.1000) | SUMMONS Returned Executed as to United States Department of Justice ; served via United States Attorney General on 8/23/2022. (Passey, Benjamin) Modified on 9/14/2022 (mmw). (Entered: 09/12/2022) |
| 09/15/2022 | 71 (p.1004) | MOTION for Clarification re 56 (p.765) Memorandum Opinion and Order,,, filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 09/15/2022) |
| 09/15/2022 | 72 (p.1010) | RESPONSE AND OBJECTION filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 63 (p.948) MOTION for Injunction *(Plaintiffs Request to Expand Preliminary Injunction) Dkt 62* (Riess, Daniel) (Entered: 09/15/2022) |
| 09/16/2022 | 73 (p.1034) | Supplemental Document by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice as to 71 (p.1004) MOTION for Clarification re 56 (p.765) Memorandum Opinion and Order,,, . (Riess, Daniel) (Entered: 09/16/2022) |
| 09/16/2022 | 74 (p.1037) | ORDER expediting briefing. See order for details. (Ordered by Judge Reed C. O'Connor on 9/16/2022) (Judge Reed C. O'Connor) (Main Document 74 replaced on 9/19/2022) (mmw). (Entered: 09/16/2022) |
| 09/22/2022 | 75 (p.1038) | RESPONSE filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re: 71 (p.1004) MOTION for Clarification re 56 (p.765) Memorandum Opinion and Order,,, (Attachments: # 1 (p.56) Exhibit(s) 1-Declaration of N. Cherry) (Erhardt, Erin) (Entered: 09/22/2022) |
| 09/22/2022 | | |

| | | |
|---|---|---|
| | 76<br>(p.1048) | MOTION to Intervene filed by Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms. Party Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms added.Attorney Brian Daniel Poe added to party Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms(pty:intv) (Poe, Brian) (Entered: 09/22/2022) |
| 09/22/2022 | 77<br>(p.1053) | Brief/Memorandum in Support filed by Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms re 76 (p.1048) MOTION to Intervene (Attachments: # 1 (p.56) Exhibit(s) Proposed Complaint, # 2 (p.112) Proposed Order, # 3 (p.114) Exhibit(s) Proposed Motion for Preliminary Injunction) (Poe, Brian) (Entered: 09/22/2022) |
| 09/23/2022 | 78<br>(p.1162) | SUMMONS Returned Executed as to Merrick Garland ; served on 8/23/2022. (Passey, Benjamin) (Entered: 09/23/2022) |
| 09/23/2022 | 79<br>(p.1166) | ORDER: Before the Court is BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' 76 (p.1048) Motion to Intervene. Because Defendants are in opposition, they are hereby ORDERED to file a response explaining their position no later than October 7, 2022. (Ordered by Judge Reed C. O'Connor on 9/23/2022) (mmw) (Entered: 09/23/2022) |
| 09/23/2022 | 80<br>(p.1167) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13172225) filed by Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms (Attachments: # 1 (p.56) Exhibit(s) Certificate of Good Standing, # 2 (p.112) Proposed Order) (Sullivan, Michael) (Entered: 09/23/2022) |
| 09/23/2022 | 81<br>(p.1172) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13172980) filed by Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms (Attachments: # 1 (p.56) Exhibit(s) Certificate of Good Standing, # 2 (p.112) Proposed Order)Attorney Joseph Christopher Amrhein, Jr added to party Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms(pty:mov) (Amrhein, Joseph) (Entered: 09/23/2022) |
| 09/23/2022 | 82<br>(p.1177) | ORDER: The Court ORDERS that Defendants compile and produce the complete Administrative Record no later than October 24, 2022. (Ordered by Judge Reed C. O'Connor on 9/23/2022) (mmw) (Entered: 09/23/2022) |
| 09/24/2022 | 83<br>(p.1179) | REPLY filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 71 (p.1004) MOTION for Clarification re 56 (p.765) Memorandum Opinion and Order,,, (Riess, Daniel) (Entered: 09/24/2022) |
| 09/26/2022 | 84<br>(p.1187) | ORDER: the Court DENIES Defendants' Motion 71 (p.1004) and CLARIFIES that the current injunction precludes Defendants from concluding its classification determination with respect to Tactical's product. (Ordered by Judge Reed C. O'Connor on 9/26/2022) (sre) (Entered: 09/26/2022) |
| 09/29/2022 | 85<br>(p.1190) | NOTICE of Attorney Appearance by Taisa M. Goodnature on behalf of Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Goodnature, Taisa) (Entered: 09/29/2022) |
| 09/29/2022 | 86 | ELECTRONIC ORDER granting 80 (p.1167) Application for Admission Pro Hac Vice of Michael J. Sullivan. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 9/29/2022) (chmb) (Entered: 09/29/2022) |

| 09/29/2022 | 87 | ELECTRONIC ORDER granting 81 (p.1172) Application for Admission Pro Hac Vice of Joseph C. Amrhein, Jr. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 9/29/2022) (chmb) (Entered: 09/29/2022) |
|---|---|---|
| 10/01/2022 | 88 (p.1192) | NOTICE of *Regarding Contested Jurisdiction* filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Erhardt, Erin) (Entered: 10/01/2022) |
| 10/01/2022 | 89 (p.1196) | ORDER granting in part and denying in part 63 (p.948) Motion for Injunction (Ordered by Judge Reed C. O'Connor on 10/1/2022) (Judge Reed C. O'Connor) Modified type on 10/3/2022 (mmw). (Entered: 10/01/2022) |
| 10/03/2022 | 90 (p.1218) | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 88 (p.1192) Notice (Other) (Riess, Daniel) (Entered: 10/03/2022) |
| 10/03/2022 | 91 (p.1221) | CLARIFICATION OF OPINION & ORDER ON SCOPE OF PRELIMINARY INJUNCTION: Upon further consideration, the Court finds it necessary to clarify the definition of Tactical Machining, LLCs customers as used in the Courts prior ruling (ECF No. 89 (p.1196) ) on the scope of the current preliminary injunction. See Order for details. (Ordered by Judge Reed C. O'Connor on 10/3/2022) (chmb) modified link on 10/4/22 (mmw) (Entered: 10/03/2022) |
| 10/04/2022 | 92 (p.1226) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13200529) filed by Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms (Attachments: # 1 (p.56) Exhibit(s) Certificate of Good Standing, # 2 (p.112) Proposed Order) (Brennan, Nathan) (Entered: 10/04/2022) |
| 10/05/2022 | 93 (p.1231) | AMENDED COMPLAINT (*Amended Petition for Judicial Review of Agency Action and Request for Declaratory Judgment and Injunctive Relief*) against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice filed by Michael G Andren, Jennifer VanDerStok, Tactical Machining LLC, Firearms Policy Coalition, Inc.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Erhardt, Erin) (Entered: 10/05/2022) |
| 10/06/2022 | 94 | ELECTRONIC ORDER granting 92 (p.1226) Application for Admission Pro Hac Vice of Nathan P. Brennan. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 10/6/2022) (chmb) (Entered: 10/06/2022) |
| 10/07/2022 | 95 (p.1289) | Proposal for contents of scheduling and discovery order (*Joint Proposal*) by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok. (Wisniewski, Cody) (Entered: 10/07/2022) |
| 10/07/2022 | 96 (p.1298) | RESPONSE AND OBJECTION filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, United States Department of Justice re: 76 (p.1048) MOTION to Intervene (Riess, Daniel) (Entered: 10/07/2022) |

| | | |
|---|---|---|
| 10/14/2022 | 97 (p.1319) | REPLY filed by Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms re: 76 (p.1048) MOTION to Intervene (Poe, Brian) (Entered: 10/14/2022) |
| 10/18/2022 | 98 (p.1335) | ORDER: Before the Court are BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' 76 (p.1048) Motion to Intervene. The Court GRANTS the intervenor's motion. (Ordered by Judge Reed C. O'Connor on 10/18/2022) (mmw) (Entered: 10/18/2022) |
| 10/20/2022 | 99 (p.1345) | INTERVENOR COMPLAINT *for Declaratory and Injunctive Relief* against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Merrick Garland, United States Department of Justice filed by Blackhawk Manufacturing Group Inc.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.56) Cover Sheet, # 2 (p.112) Cover Sheet Supplement) (Poe, Brian) (Entered: 10/20/2022) |
| 10/20/2022 | 100 (p.1386) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Blackhawk Manufacturing Group Inc.. (Clerk QC note: No affiliate entered in ECF). (Poe, Brian) (Entered: 10/20/2022) |
| 10/20/2022 | 101 (p.1388) | NOTICE of Related Case filed by Blackhawk Manufacturing Group Inc. (Poe, Brian) (Entered: 10/20/2022) |
| 10/20/2022 | 102 (p.1391) | MOTION for Injunction filed by Blackhawk Manufacturing Group Inc. (Poe, Brian) (Entered: 10/20/2022) |
| 10/20/2022 | 103 (p.1395) | Brief/Memorandum in Support filed by Blackhawk Manufacturing Group Inc. re 102 (p.1391) MOTION for Injunction (Attachments: # 1 (p.56) Exhibit(s) Declaration of Daniel Lifschitz, # 2 (p.112) Proposed Order) (Poe, Brian) (Entered: 10/20/2022) |
| 10/24/2022 | 104 (p.1436) | ORDER: Before the Court is intervenor BlackHawk Manufacturing Group d/b/a 80 Percent Arms' Motion for Preliminary Injunction (ECF No. 103 (p.1395) ), filed October 20, 2022. To expedite resolution of the motion, the Court ORDERS Defendants to respond to the motion by October 28, 2022. Plaintiffs may file a reply by November 1, 2022. (Ordered by Judge Reed C. O'Connor on 10/24/2022) (mmw) (Entered: 10/24/2022) |
| 10/24/2022 | 105 (p.1437) | SCHEDULING ORDER: Having considered the positions of the parties, and because the instant case involves judicial review of agency action under the Administrative Procedure Act (APA), the Court ORDERS the following tailored schedule. (see order) (Ordered by Judge Reed C. O'Connor on 10/24/2022) (mmw) (Entered: 10/24/2022) |
| 10/24/2022 | 106 (p.1440) | Notice of Manual Filing of Certified Administrative Record by All Defendants (Attachments: # 1 (p.56) Exhibit(s) Certification of Administrative Record) (Riess, Daniel) (Entered: 10/24/2022) |
| 10/25/2022 | 107 (p.1467) | ORDER: The Administrative Record was lodged yesterday on October 24, 2022. Now that the record is available, the Court intends to exercise its authority under Rule 65(a)(2) to consolidate the hearing on preliminary injunction to a trial on the meritsbut will do so only with respect to Counts I (Excess of Statutory Authority Under 5 U.S.C. § 706) of Plaintiffs' and Intervenor-Plaintiff's complaints. To afford the parties adequate opportunity to review the record and a full opportunity to |

| | | present their respective cases, the Court ORDERS that the parties supplement their briefing regarding Plaintiffs' statutory interpretation claims no later than 14 days after the Court resolves any pending motions to supplement the Administrative Record and such supplemental records, where required, are produced. (Ordered by Judge Reed C. O'Connor on 10/25/2022) (mmw) (Entered: 10/25/2022) |
|---|---|---|
| 10/28/2022 | 108 (p.1469) | MOTION (Motion for Clarification) re 107 (p.1467) Order,,, filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Erhardt, Erin) (Entered: 10/28/2022) |
| 10/28/2022 | 109 (p.1472) | RESPONSE AND OBJECTION filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 102 (p.1391) MOTION for Injunction (Riess, Daniel) (Entered: 10/28/2022) |
| 10/31/2022 | 110 (p.1490) | ORDER: Before the Court is Plaintiffs' Unopposed 108 (p.1469) Motion for Clarification. The Court GRANTS the motion and CLARIFIES that the parties' supplemental briefing is due either 14 days after the Court resolves any pending motion to supplement the Administrative Record and such supplemental records, where required, are produced, or no later than November 28, 2022, if no such motion is filed. (Ordered by Judge Reed C. O'Connor on 10/31/2022) (mmw) (Entered: 10/31/2022) |
| 10/31/2022 | 111 (p.1492) | MOTION for Extension of Time to File Supplemental Briefs filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Riess, Daniel) (Entered: 10/31/2022) |
| 10/31/2022 | 112 (p.1495) | REPLY filed by Blackhawk Manufacturing Group Inc. re: 102 (p.1391) MOTION for Injunction (Poe, Brian) (Entered: 10/31/2022) |
| 11/01/2022 | 113 (p.1511) | NOTICE OF INTERLOCUTORY APPEAL as to 56 (p.765) Memorandum Opinion and Order,,, to the Fifth Circuit by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Tomlinson, Martin) (Entered: 11/01/2022) |
| 11/01/2022 | 114 (p.1514) | NOTICE OF INTERLOCUTORY APPEAL as to 91 (p.1221) Order, 89 (p.1196) Order on Motion for Injunction to the Fifth Circuit by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. |

| | | |
|---|---|---|
| | | (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Tomlinson, Martin) (Entered: 11/01/2022) |
| 11/01/2022 | 115 (p.1517) | ORDER : Before the Court is Plaintiffs' 111 (p.1492) Motion for Extension of Time. The Court GRANTS the motion and ORDERS that the parties' supplemental briefing is due either 14 days after the Court resolves any pending motion to supplement the Administrative Record and such supplemental records, where required, are produced, or no later than December 5, 2022, if no such motion is filed. (Ordered by Judge Reed C. O'Connor on 11/1/2022) (mmw) (Entered: 11/01/2022) |
| 11/02/2022 | 116 (p.1519) | MOTION to Intervene filed by Defense Distributed, Second Amendment Foundation, Inc.. Party Defense Distributed and Second Amendment Foundation, Inc. added.Attorney Charles Flores added to party Defense Distributed(pty:intvp), Attorney Charles Flores added to party Second Amendment Foundation, Inc.(pty:intvp) (Flores, Charles) (Entered: 11/02/2022) |
| 11/02/2022 | 117 (p.1524) | Brief/Memorandum in Support filed by Defense Distributed, Second Amendment Foundation, Inc. re 116 (p.1519) MOTION to Intervene (Attachments: # 1 (p.56) Exhibit(s) Proposed Complaint) (Flores, Charles) (Entered: 11/02/2022) |
| 11/03/2022 | 118 (p.1666) | OPINION & ORDER ON BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS' PRELIMINARY INJUNCTION: Before the Court are Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' 102 (p.1391) Motion for Preliminary Injunction. The Court GRANTS Intervenor-Plaintiff's motion. The Court waives the security requirement of Federal Rule of Civil Procedure 65(c). (Ordered by Judge Reed C. O'Connor on 11/3/2022) (mmw) (Entered: 11/03/2022) |
| 11/03/2022 | 119 (p.1678) | USCA Case Number 22-11071 in United States Court of Appeals 5th Circuit for 114 (p.1514) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives, 113 (p.1511) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives. (tle) (Entered: 11/03/2022) |
| 11/04/2022 | 120 (p.1682) | NOTICE OF INTERLOCUTORY APPEAL as to 118 (p.1666) Memorandum Opinion and Order, to the Fifth Circuit by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Riess, Daniel) (Entered: 11/04/2022) |
| 11/08/2022 | 121 (p.1684) | NOTICE of Attorney Appearance by Nicholas M Bruno on behalf of Defense Distributed, Second Amendment Foundation Inc. (Filer confirms contact info in ECF is current.) (Bruno, Nicholas) (Entered: 11/08/2022) |
| 11/10/2022 | | |

| | | |
|---|---|---|
| | 122 (p.1687) | USCA Case Number 22-11086 in United States Court of Appeals 5th Circuit for 120 (p.1682) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives. (tle) (Entered: 11/10/2022) |
| 11/10/2022 | | Record on Appeal for USCA5 22-11071 (related to 114 (p.1514) , 113 (p.1511) appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, Original document number(s): Manual Filing #106 Administrative Record (USB),. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (tle) (Entered: 11/10/2022) |
| 11/10/2022 | 123 (p.1691) | ANSWER to 93 (p.1231) Amended Complaint, filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here:  Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (Riess, Daniel) (Entered: 11/10/2022) |
| 11/10/2022 | 124 (p.1723) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Clerk QC note: No affiliate entered in ECF). (Riess, Daniel) (Entered: 11/10/2022) |
| 11/14/2022 | 125 (p.1725) | NOTICE of *Plaintiffs' Position re Completeness of the Administrative Record* filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Wisniewski, Cody) (Entered: 11/14/2022) |
| 11/15/2022 | | APPEARANCE FORM FILED at USCA5 by Attorney Cody J. Wisniewski for Appellee Firearms Policy Coalition, Incorporated in 22-11071, Attorney Cody J. Wisniewski for Appellee Tactical Machining, L.L.C. in 22-11071, Attorney Cody J. Wisniewski for Appellee Michael G. Andren in 22-11071, Attorney Cody J. Wisniewski for Appellee Jennifer VanDerStok in 22-11071. Access to the EROA has been granted. (tle) (Entered: 11/15/2022) |
| 11/16/2022 | | APPEARANCE FORM FILED at USCA5 by Attorney Erin M. Erhardt for Appellee Firearms Policy Coalition, Incorporated in 22-11071, Attorney Erin M. Erhardt for Appellee Tactical Machining, L.L.C. in 22-11071, Attorney Erin M. Erhardt for Appellee Michael G. Andren in 22-11071, Attorney Erin M. Erhardt for Appellee Jennifer VanDerStok in 22-11071. Access to the EROA has been granted. (tle) (Entered: 11/16/2022) |
| 11/21/2022 | | |

| | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Kaitlyn Schiraldi for party(s) Appellee Tactical Machining, L.L.C. Appellee Jennifer VanDerStok Appellee Firearms Policy Coalition, Incorporated Appellee Michael G. Andren, in case 22-11071. Access to the EROA has been granted. (tle) (Entered: 11/21/2022) |
|---|---|---|
| 11/23/2022 | 126 (p.1729) | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 116 (p.1519) MOTION to Intervene (Goodnature, Taisa) (Entered: 11/23/2022) |
| 11/23/2022 | | Record on Appeal for USCA5 22-11086 (related to 120 (p.1682) appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (tle) (Entered: 11/23/2022) |
| 12/02/2022 | 127 (p.1749) | SUMMONS Returned Executed as to Steven Dettelbach ; served on 9/29/2022. (Passey, Benjamin) (Entered: 12/02/2022) |
| 12/02/2022 | 128 (p.1755) | SUMMONS Returned Executed as to Bureau of Alcohol, Tobacco, Firearms, and Explosives ; served on 9/29/2022. (Passey, Benjamin) (Entered: 12/02/2022) |
| 12/02/2022 | 129 (p.1761) | Notice of Manual Filing Amended Administrative Record by All Defendants. (USB to be placed on shelf in Fort Worth Clerk's Office file room.) (mmw) (Entered: 12/02/2022) |
| 12/02/2022 | 130 (p.1765) | Certification of Amended Administrative Record filed by Steven Dettelbach, Merrick Garland, United States Department of Justice (mmw) (Entered: 12/02/2022) |
| 12/02/2022 | 131 (p.1790) | Notice of Manual Filing of Amended Administrative Record by All Defendants (Riess, Daniel) (Entered: 12/02/2022) |
| 12/05/2022 | 132 (p.1792) | Brief/Memorandum in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 107 (p.1467) Order,,, *Supplemental Brief regarding Rule 65(a)(2) consolidation and Plaintiffs' Count I* (Tomlinson, Martin) (Entered: 12/05/2022) |
| 12/05/2022 | 133 (p.1816) | Brief/Memorandum in Support filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re 107 (p.1467) Order,,, (Attachments: # 1 (p.56) Exhibit(s) A) (Erhardt, Erin) (Entered: 12/05/2022) |
| 12/05/2022 | 134 (p.1859) | Brief/Memorandum in Support filed by Blackhawk Manufacturing Group Inc. re 107 (p.1467) Order,,, (Poe, Brian) (Entered: 12/05/2022) |
| 12/05/2022 | 135 (p.1880) | REPLY filed by Defense Distributed, Second Amendment Foundation Inc re: 116 (p.1519) MOTION to Intervene (Flores, Charles) (Entered: 12/05/2022) |
| 12/15/2022 | 136 (p.1893) | ORDER of USCA No. 22-11071 as to 114 (p.1514) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives, 120 (p.1682) Notice of Appeal, filed |

| | | |
|---|---|---|
| | | by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives, 113 (p.1511) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives. The court has granted the motion to consolidate. (tle) (Entered: 12/15/2022) |
| 12/19/2022 | 137 (p.1895) | ORDER granting 116 (p.1519) ...For the reasons stated, the Court GRANTS the motion (ECF No. 116) and DIRECTS the Clerk of Court to add Defense Distributed and the Second Amendment Foundation as parties to the case. (Ordered by Judge Reed C. O'Connor on 12/19/2022) (wxc) (Entered: 12/19/2022) |
| 12/19/2022 | 138 (p.1904) | ANSWER to 99 (p.1345) Intervenor Complaint,,, filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (Riess, Daniel) (Entered: 12/19/2022) |
| 12/22/2022 | 139 (p.1930) | ORDER: This Court issued an Order (ECF No. 137 (p.1895) ) granting Defense Distributed and the Second Amendment Foundation's motion to intervene. In view of that Order, the Intervenors are ORDERED to file their Complaint on the docket no later than December 23, 2022. (Ordered by Judge Reed C. O'Connor on 12/22/2022) (tjc) (Entered: 12/22/2022) |
| 12/23/2022 | 140 (p.1931) | MOTION for Summary Judgment filed by Michael G Andren, Defense Distributed, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Proposed Order)Attorney Erin M Erhardt added to party Blackhawk Manufacturing Group Inc.(pty:intvp), Attorney Erin M Erhardt added to party Defense Distributed(pty:intvp), Attorney Erin M Erhardt added to party Second Amendment Foundation Inc(pty:intvp) (Erhardt, Erin) Modified text on 12/23/2022 (sxf). (Entered: 12/23/2022) |
| 12/23/2022 | 141 (p.1938) | Brief/Memorandum in Support filed by Michael G Andren, Defense Distributed, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re 140 (p.1931) MOTION for Summary Judgment (Erhardt, Erin) Modified text on 12/23/2022 (sxf). (Entered: 12/23/2022) |
| 12/23/2022 | 142 (p.2003) | Appendix in Support filed by Michael G Andren, Defense Distributed, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok re 141 (p.1938) Brief/Memorandum in Support of Motion, (Erhardt, Erin) Modified text on 12/23/2022 (sxf). (Entered: 12/23/2022) |
| 12/23/2022 | 143 (p.2325) | INTERVENOR COMPLAINT *of Defense Distributed and the Second Amendment Foundation, Inc.* against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice filed by Defense Distributed, Second Amendment Foundation Inc. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here:  Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.56) Exhibit(s) A, # 2 (p.112) Exhibit(s) B, # 3 (p.114) Exhibit(s) C) (Flores, Charles) (Entered: 12/23/2022) |
| 12/23/2022 | 144 (p.2457) | MOTION for Summary Judgment filed by Blackhawk Manufacturing Group Inc. (Poe, Brian) (Entered: 12/23/2022) |

| | | |
|---|---|---|
| 12/23/2022 | 145 (p.2461) | Brief/Memorandum in Support filed by Blackhawk Manufacturing Group Inc. re 144 (p.2457) MOTION for Summary Judgment (Poe, Brian) (Entered: 12/23/2022) |
| 12/23/2022 | 146 (p.2514) | Appendix in Support filed by Blackhawk Manufacturing Group Inc. re 144 (p.2457) MOTION for Summary Judgment (Poe, Brian) (Entered: 12/23/2022) |
| 12/28/2022 | | APPEARANCE FORM FILED at USCA5 by Attorney Arjun Pushkar Ogale for Amicus Curiae State of Washington in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Rhode Island in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Oregon in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of North Carolina in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of New York in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Minnesota in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Michigan in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Massachusetts in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Maryland in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Maine in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Illinois in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Hawaii in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Delaware in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Connecticut in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Colorado in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of California in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of Pennsylvania in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae State of New Jersey in 22-11071, Attorney Arjun Pushkar Ogale for Amicus Curiae District of Columbia in 22-11071 [22-11071, 22-11086]. Access to the EROA has been granted. (tle) (Entered: 12/28/2022) |
| 01/03/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney John Russell Hardin for Amicus Curiae Prosecutors Against Gun Violence in 22-11071, Attorney John Russell Hardin for Amicus Curiae District Attorneys for the Counties of Dallas and Travis, Texas in 22-11071, Attorney John Russell Hardin for Amicus Curiae 16 Major Cities in 22-11071 [22-11071. Access to the EROA has been granted. (tle) (Entered: 01/03/2023) |
| 01/03/2023 | 147 (p.2831) | ORDER of USCA No. 22-11071 as to 114 (p.1514) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives, 120 (p.1682) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives, 113 (p.1511) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives. IT IS ORDERED that the opposed motion of 16 Major Cities, District Attorneys for the Counties of Dallas and Travis, Texas and Prosecutors Against Gun Violence to file an amicus curiae brief is GRANTED.IT IS FURTHER ORDERED that the opposed motion of Brady, Everytown for Gun Safety Action Fund and March for Our Lives to file an amicus curiae brief is GRANTED. (Attachments: # 1 (p.56) USCA5 Cover Letter) (tle) (Entered: 01/03/2023) |
| 01/05/2023 | 148 (p.2834) | MOTION for Extension of Time to File Response/Reply to 144 (p.2457) MOTION for Summary Judgment , 140 (p.1931) MOTION for Summary Judgment filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 01/05/2023) |

| | | |
|---|---|---|
| 01/05/2023 | 149 (p.2838) | MOTION to Intervene filed by Not An LLC d/b/a JSD Supply (Attachments: # 1 (p.56) Exhibit(s) Exhibit A, # 2 (p.112) Exhibit(s) Exhibit B). Party Not An LLC d/b/a JSD Supply added.Attorney Matthew Joseph Smid added to party Not An LLC d/b/a JSD Supply(pty:intvp) (Smid, Matthew) (Entered: 01/05/2023) |
| 01/05/2023 | 150 (p.2885) | Brief/Memorandum in Support filed by Not An LLC d/b/a JSD Supply re 149 (p.2838) MOTION to Intervene (Smid, Matthew) (Entered: 01/05/2023) |
| 01/05/2023 | 151 (p.2899) | MOTION for Injunction filed by Not An LLC d/b/a JSD Supply (Attachments: # 1 (p.56) Exhibit(s) Exhibit A, # 2 (p.112) Exhibit(s) Exhibit B) (Smid, Matthew) (Entered: 01/05/2023) |
| 01/05/2023 | 152 (p.2917) | Brief/Memorandum in Support filed by Not An LLC d/b/a JSD Supply re 151 (p.2899) MOTION for Injunction (Smid, Matthew) (Entered: 01/05/2023) |
| 01/06/2023 | 153 (p.2942) | ORDER: Before the Court is Defendants' Unopposed 148 (p.2834) Motion for Extension of Time. The Court GRANTS Defendants' motion and ORDERS Defendants to file their response(s) and cross-motion(s) for summary judgment no later than February 13, 2023. (Ordered by Judge Reed C. O'Connor on 1/6/2023) (mmw) (Entered: 01/06/2023) |
| 01/06/2023 | | APPEARANCE FORM FILED by Attorney Kathleen R. Hartnett for Amicus Curiae March For Our Lives in 22-11071, Attorney Kathleen R. Hartnett for Amicus Curiae Everytown for Gun Safety Action Fund in 22-11071, Attorney Kathleen R. Hartnett for Amicus Curiae Brady in 22-11071 [22-11071, 22-11086]Access to the EROA has been granted. (tle) (Entered: 01/06/2023) |
| 01/06/2023 | 154 (p.2943) | NOTICE of Attorney Appearance by John Mark Brewer on behalf of Not An LLC. (Filer confirms contact info in ECF is current.) (Brewer, John) (Entered: 01/06/2023) |
| 01/06/2023 | 155 (p.2945) | NOTICE of Attorney Appearance by Matthew Joseph Smid on behalf of Not An LLC. (Filer confirms contact info in ECF is current.) (Smid, Matthew) (Entered: 01/06/2023) |
| 01/09/2023 | 156 (p.2947) | NOTICE of re: 151 (p.2899) MOTION for Injunction filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Riess, Daniel) (Entered: 01/09/2023) |
| 01/09/2023 | 157 (p.2949) | MOTION to Intervene filed by Polymer80, Inc.. Party Polymer80, Inc. added.Attorney Dennis Daniels added to party Polymer80, Inc.(pty:intv) (Daniels, Dennis) (Entered: 01/09/2023) |
| 01/09/2023 | 158 (p.2954) | Brief/Memorandum in Support filed by Polymer80, Inc. re 157 (p.2949) MOTION to Intervene (Daniels, Dennis) (Entered: 01/09/2023) |
| 01/09/2023 | 159 (p.2971) | Appendix in Support filed by Polymer80, Inc. re 158 (p.2954) Brief/Memorandum in Support of Motion (Daniels, Dennis) (Entered: 01/09/2023) |
| 01/09/2023 | 160 (p.3076) | MOTION to Expedite *Briefing Schedule* filed by Polymer80, Inc. with Brief/Memorandum in Support. (Daniels, Dennis) (Entered: 01/09/2023) |
| 01/10/2023 | 161 (p.3081) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Marc A. Nardone (Filing fee $100; Receipt number ATXNDC-13430057) filed by Polymer80, Inc. (Attachments: # 1 (p.56) Proposed Order) (Daniels, Dennis) (Entered: 01/10/2023) |
| 01/11/2023 | | |

| | 162 (p.3088) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney James W. Porter III (Filing fee $100; Receipt number ATXNDC-13433943) filed by Polymer80, Inc. (Attachments: # 1 (p.56) Proposed Order) (Daniels, Dennis) (Entered: 01/11/2023) |
|---|---|---|
| 01/12/2023 | 163 (p.3094) | MOTION for Injunction *(Preliminary Injunction)* filed by Defense Distributed, Second Amendment Foundation Inc (Flores, Charles) (Entered: 01/12/2023) |
| 01/12/2023 | 164 (p.3096) | Brief/Memorandum in Support filed by Defense Distributed, Second Amendment Foundation Inc re 163 (p.3094) MOTION for Injunction *(Preliminary Injunction)* (Attachments: # 1 (p.56) Exhibit(s) A, # 2 (p.112) Exhibit(s) B) (Flores, Charles) (Entered: 01/12/2023) |
| 01/12/2023 | 165 (p.3112) | MOTION for Summary Judgment filed by Defense Distributed, Second Amendment Foundation Inc (Flores, Charles) (Entered: 01/12/2023) |
| 01/12/2023 | 166 (p.3116) | Brief/Memorandum in Support filed by Defense Distributed, Second Amendment Foundation Inc re 165 (p.3112) MOTION for Summary Judgment (Attachments: # 1 (p.56) Exhibit(s) A, # 2 (p.112) Exhibit(s) B) (Flores, Charles) (Entered: 01/12/2023) |
| 01/17/2023 | 167 | ELECTRONIC ORDER granting 161 (p.3081) Application for Admission Pro Hac Vice of Marc A. Nardone. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/17/2023) (chmb) (Entered: 01/17/2023) |
| 01/17/2023 | 168 | ELECTRONIC ORDER granting 162 (p.3088) Application for Admission Pro Hac Vice of James W. Porter III. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 1/17/2023) (chmb) (Entered: 01/17/2023) |
| 01/17/2023 | 169 | ***VACATED per 172 (p.3204) ORDER*** ORDER: The Court ORDERS Defendants to respond to Putative Intervenors' motions to intervene no later than January 23, 2023. Plaintiffs may respond, if they choose, no later than January 23, 2023. Putative - Intervenors may reply no later than January 27, 2023. Putative - Intervenor Polymer80's 160 (p.3076) motion to expedite is therefore GRANTED in part. (Ordered by Judge Reed C. O'Connor on 1/17/2023) (mmw) Modified on 1/18/2023 (mmw). (Entered: 01/17/2023) |
| 01/17/2023 | 170 (p.3128) | MOTION to Defer Consideration of Pending Intervention Motions filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 01/17/2023) |
| 01/18/2023 | 171 (p.3132) | MOTION for Leave to File Provide Supplemental Authority to Their Count I Briefing and Motion for Summary Judgment and Memorandum in Support filed by Michael G Andren, Firearms Policy Coalition, Inc., Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Exhibit(s) 1-Cargill Opinion) (Erhardt, Erin) (Entered: 01/18/2023) |
| 01/18/2023 | 172 (p.3204) | ORDER: Before the Court is Defendants' Unopposed 170 (p.3128) Motion to Defer Consideration of Intervention Motions. It is ORDERED that briefing and consideration of Putative Intervenors' motions to intervene (ECF Nos. 149 (p.2838), 157 (p.2949)) be deferred until the conclusion of summary judgment briefing in this |

| | | case. (Ordered by Judge Reed C. O'Connor on 1/18/2023) (mmw) (Entered: 01/18/2023) |
|---|---|---|
| 01/19/2023 | 173 (p.3205) | ORDER: Before the Court is Plaintiffs' 171 (p.3132) Motion for Leave to Provide Supplemental Authority toTheir Count I Briefing and Their Motion for Summary Judgment and Memorandum in Support. To expedite resolution of the issue, the Court ORDERS Defendants to respond no later than January 23, 2023. Plaintiffs may reply no later than January 25, 2023. (Ordered by Judge Reed C. O'Connor on 1/19/2023) (mmw) (Entered: 01/19/2023) |
| 01/23/2023 | 174 (p.3206) | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 171 (p.3132) MOTION for Leave to File Provide Supplemental Authority to Their Count I Briefing and Motion for Summary Judgment and Memorandum in Support (Riess, Daniel) (Entered: 01/23/2023) |
| 01/24/2023 | 175 | ELECTRONIC ORDER granting Plaintiffs' 171 (p.3132) Motion for Leave to File supplemental authority and argumentation in support of Plaintiffs' Count I briefing and motion for summary judgment. (Ordered by Judge Reed C. O'Connor on 1/24/2023) (chmb) (Entered: 01/24/2023) |
| 02/02/2023 | 176 (p.3208) | RESPONSE AND OBJECTION filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 163 (p.3094) MOTION for Injunction *(Preliminary Injunction)* (Riess, Daniel) (Entered: 02/02/2023) |
| 02/02/2023 | 177 (p.3230) | Appendix in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 176 (p.3208) Response/Objection (Riess, Daniel) (Entered: 02/02/2023) |
| 02/10/2023 | 178 (p.3248) | Unopposed Motion for Extension of Time to File Answer filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 02/10/2023) |
| 02/10/2023 | 179 (p.3252) | ORDER : Before the Court is Defendants' Unopposed 178 (p.3248) Motion for Extension of Time to File Answer to Defense Distributed and Second Amendment Foundation's Complaint in Intervention. The Court GRANTS the motion and ORDERS Defendants to file their Answer no later than 21 days after this Court resolves Intervenors' motions for preliminary injunctive relief and for summary judgment. (Ordered by Judge Reed C. O'Connor on 2/10/2023) (mmw) (Entered: 02/10/2023) |
| 02/13/2023 | 180 (p.3253) | Cross MOTION for Summary Judgment filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 02/13/2023) |
| 02/13/2023 | 181 (p.3256) | Brief/Memorandum in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 180 (p.3253) Cross MOTION for Summary Judgment (Riess, Daniel) (Entered: 02/13/2023) |
| 02/13/2023 | 182 (p.3347) | Appendix in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 180 (p.3253) Cross MOTION for Summary Judgment (Attachments: # 1 |

| | | |
|---|---|---|
| | | (p.56) Additional Page(s) Appendix part 2 of 2) (Riess, Daniel) (Entered: 02/13/2023) |
| 02/13/2023 | 183 (p.3783) | RESPONSE AND OBJECTION filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 144 (p.2457) MOTION for Summary Judgment , 140 (p.1931) MOTION for Summary Judgment , 165 (p.3112) MOTION for Summary Judgment (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 02/13/2023) |
| 02/17/2023 | 184 (p.3875) | REPLY filed by Defense Distributed, Second Amendment Foundation Inc re: 163 (p.3094) MOTION for Injunction *(Preliminary Injunction)* (Flores, Charles) (Entered: 02/17/2023) |
| 02/22/2023 | 185 (p.3886) | MOTION for Leave to File Amici Curiae Brief filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 (p.56) Exhibit(s) Amici Curiae Brief, # 2 (p.112) Proposed Order)Attorney Rebecca Wernicke Anthony added to party Gun Owners for Safety(pty:am) (Anthony, Rebecca) (Entered: 02/22/2023) |
| 02/23/2023 | 186 | ELECTRONIC ORDER granting 185 (p.3886) Motion for Leave to File Amici Curiae Brief of Gun Owners for Safety and Individual Co-Amici. (The Clerk is directed to file the brief accompanying the Motion (ECF 185-1) on the docket, entered as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 2/23/2023) (chmb) (Entered: 02/23/2023) |
| 02/23/2023 | 187 (p.3929) | AMICI CURIAE BRIEF OF GUN OWNERS FOR SAFETY AND INDIVIDUAL CO-AMICI IN SUPPORT OF DEFENDANTS' 183 (p.3783) OPPOSITION TO ORIGINAL PLAINTIFFS' AND INTERVENOR-PLAINTIFFS' 140 (p.1931) 144 (p.2457) 165 (p.3112) MOTIONS FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' 180 (p.3253) CROSS-MOTION FOR SUMMARY JUDGMENT filed by Gun Owners for Safety (mmw) (Entered: 02/23/2023) |
| 03/02/2023 | 188 (p.3962) | OPINION & ORDER granting in part and denying in part 163 (p.3094) Defense Distributed and the Second Amendment Foundation, Inc.'s Motion for Preliminary Injunction. Defense Distributed has shown it is entitled to a preliminary injunction against Defendants enforcement of the Final Rule; therefore, the Court GRANTS the motion with respect to Defense Distributed. The Second Amendment Foundation has not carried its burden on all elements necessary for injunctive relief; therefore, the Court DENIES the motion with respect to the Second Amendment Foundation. (Ordered by Judge Reed C. O'Connor on 3/2/2023) (chmb) Modified document type to opinion on 3/3/2023 (mmw). (Entered: 03/02/2023) |
| 03/06/2023 | 189 (p.3973) | Unopposed MOTION to Withdraw as Attorney filed by Defense Distributed, Second Amendment Foundation Inc (Attachments: # 1 (p.56) Proposed Order) (Nelson, Zachary) (Entered: 03/06/2023) |
| 03/06/2023 | 190 (p.3976) | ORDER: Before the Court is Zachary Nelson's, attorney for Intervenor Plaintiffs' Defense Distributed and the Second Amendment Foundation, Inc., Unopposed 189 (p.3973) Motion to Withdraw. The Court GRANTS the Motion. (Ordered by Judge Reed C. O'Connor on 3/6/2023) (mmw) (Entered: 03/06/2023) |
| 03/06/2023 | 191 (p.3977) | Brief/Memorandum in Support filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok re 181 (p.3256) Brief/Memorandum in Support of Motion *(Plaintiffs' Combined Reply in Support of Their Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment* (Attachments: # 1 (p.56) Exhibit(s) A) (Erhardt, Erin) (Entered: |

| | | 03/06/2023) |
|---|---|---|
| 03/06/2023 | 192 (p.4058) | REPLY filed by Blackhawk Manufacturing Group Inc. re: 144 (p.2457) MOTION for Summary Judgment , 180 (p.3253) Cross MOTION for Summary Judgment (Poe, Brian) (Entered: 03/06/2023) |
| 03/06/2023 | 193 (p.4092) | REPLY filed by Defense Distributed, Second Amendment Foundation Inc re: 180 (p.3253) Cross MOTION for Summary Judgment , 165 (p.3112) MOTION for Summary Judgment (Attachments: # 1 (p.56) Exhibit(s) A - 2023 Declaration of Cody Wilson) (Flores, Charles) (Entered: 03/06/2023) |
| 03/20/2023 | 194 (p.4110) | MOTION for Extension of Time to File Response/Reply to 193 (p.4092) Reply, 191 (p.3977) Brief/Memorandum in Support of Motion, 192 (p.4058) Reply filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Proposed Order) (Riess, Daniel) (Entered: 03/20/2023) |
| 03/20/2023 | 195 | ELECTRONIC ORDER granting 194 (p.4110) Defendants' Motion to Extend Time to File Response/Reply. Defendants may file their reply brief in support of their cross-motion for summary judgment no later than April 6, 2023. (Ordered by Judge Reed C. O'Connor on 3/20/2023) (chmb) (Entered: 03/20/2023) |
| 03/22/2023 | 196 (p.4114) | MOTION to Withdraw as Attorney *for Defendants by Martin M. Tomlinson* filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.56) Proposed Order) (Tomlinson, Martin) (Entered: 03/23/2023) |
| 03/23/2023 | | ELECTRONIC ORDER granting 196 (p.4114) Motion to Withdraw as Attorney. Attorney Martin M Tomlinson terminated as counsel for Defendants. (Ordered by Judge Reed C. O'Connor on 3/23/2023) (chmb) (Entered: 03/23/2023) |
| 03/24/2023 | 197 (p.4119) | MOTION for Leave to File (Plaintiffs Motion for Leave to Provide Supplemental Authority to Their Motion for Summary Judgment and Response to Defendants' Cross Motion for Summary Judgment) filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok (Erhardt, Erin) (Entered: 03/24/2023) |
| 04/06/2023 | 198 (p.4135) | MOTION to Exceed Page Limits filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Reply Brief in Support of Defendants' Cross-Motion for Summary Judgment, # 2 (p.112) Proposed Order) (Riess, Daniel) (Entered: 04/06/2023) |
| 04/06/2023 | 199 (p.4207) | Appendix in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 198 (p.4135) MOTION to Exceed Page Limits *(Reply Brief in Support of Defendants' Cross-Motion for Summary Judgment)* (Riess, Daniel) (Entered: 04/06/2023) |
| 04/07/2023 | 200 (p.4390) | ORDER: Before the Court is Defendants' 198 (p.4135) Motion to Exceed Page Limits. To expedite resolution of the issue, the Court ORDERS Original Plaintiffs to respond to the motion no later than April 10, 2023. Defendants may reply no later than April 14, 2023. (Ordered by Judge Reed C. O'Connor on 4/7/2023) (mmw) (Entered: 04/07/2023) |
| 04/10/2023 | | |

| | | |
|---|---|---|
| | 201 (p.4391) | RESPONSE AND OBJECTION filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok re: 198 (p.4135) MOTION to Exceed Page Limits (Erhardt, Erin) (Entered: 04/10/2023) |
| 04/14/2023 | 202 (p.4397) | REPLY filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 198 (p.4135) MOTION to Exceed Page Limits (Riess, Daniel) (Entered: 04/14/2023) |
| 04/16/2023 | 203 (p.4401) | ORDER granting Defendants' 198 (p.4135) Motion to Exceed Page Limits. The Court GRANTS the motion and ORDERS Defendants to separately file the brief on the docket no later than April 19, 2023. (Ordered by Judge Reed C. O'Connor on 4/16/2023) (chmb) (Entered: 04/16/2023) |
| 04/19/2023 | 204 (p.4402) | REPLY filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 180 (p.3253) Cross MOTION for Summary Judgment (Riess, Daniel) (Entered: 04/19/2023) |
| 04/19/2023 | 205 (p.4469) | Appendix in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re 204 (p.4402) Reply (Riess, Daniel) (Entered: 04/19/2023) |
| 04/27/2023 | 206 (p.4652) | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 157 (p.2949) MOTION to Intervene (Newman, Jeremy) (Entered: 04/27/2023) |
| 04/27/2023 | 207 (p.4664) | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 149 (p.2838) MOTION to Intervene (Newman, Jeremy) (Entered: 04/27/2023) |
| 04/28/2023 | 208 (p.4674) | MOTION to Withdraw as Attorney *Barbara Mack Harding* filed by Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, Scott Spreier (Attachments: # 1 (p.56) Proposed Order) (Anthony, Rebecca) (Entered: 04/28/2023) |
| 05/01/2023 | 209 | ELECTRONIC ORDER granting 208 (p.4674) Motion to Withdraw as Attorney for amici curiae Ryan Busse, Jonathan Gold, Gun Owners for Safety, Steven Kling, Jason Perry, and Scott Spreier. (Ordered by Judge Reed C. O'Connor on 5/1/2023) (chmb) (Entered: 05/01/2023) |
| 05/01/2023 | 210 (p.4677) | NOTICE OF INTERLOCUTORY APPEAL as to 188 (p.3962) Order on Motion for Injunction,, to the Fifth Circuit by Bureau of Alcohol, Tobacco, Firearms,, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Riess, Daniel) (Entered: 05/01/2023) |
| 05/09/2023 | 211 (p.4679) | USCA Case Number 23-10463 in United States Court of Appeals 5th Circuit for 210 (p.4677) Notice of Appeal, filed by Merrick Garland, United States Department of Justice, Steven Dettelbach, Bureau of Alcohol, Tobacco, Firearms, and Explosives. |

| | | |
|---|---|---|
| | | (tle) (Entered: 05/09/2023) |
| 05/10/2023 | 212 (p.4683) | OBJECTION filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok re: 157 (p.2949) MOTION to Intervene , 149 (p.2838) MOTION to Intervene (Erhardt, Erin) (Entered: 05/10/2023) |
| 05/11/2023 | 213 (p.4694) | REPLY filed by Not An LLC re: 149 (p.2838) MOTION to Intervene (Attachments: # 1 (p.56) Exhibit(s) A, # 2 (p.112) Proposed Order) (Brewer, J. Mark) (Entered: 05/11/2023) |
| 05/11/2023 | 214 (p.4710) | REPLY filed by Polymer80, Inc. re: 157 (p.2949) MOTION to Intervene (Daniels, Dennis) (Entered: 05/11/2023) |
| 05/16/2023 | 215 (p.4720) | Unopposed MOTION to Withdraw as Attorney filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok (Schiraldi, Kaitlyn) (Entered: 05/16/2023) |
| 05/17/2023 | 220 | ELECTRONIC ORDER granting 215 (p.4720) Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate Attorney KAITLYN D. SCHIRALDI as counsel for Plaintiffs. (Ordered by Judge Reed C. O'Connor on 5/17/2023) (chmb) (Entered: 05/17/2023) |
| 05/17/2023 | 216 (p.4724) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13747596) filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok Attorney Brian A Abbas added to party Michael G Andren(pty:pla), Attorney Brian A Abbas added to party Firearms Policy Coalition Inc(pty:pla), Attorney Brian A Abbas added to party Tactical Machining LLC(pty:pla), Attorney Brian A Abbas added to party Jennifer VanDerStok(pty:pla) (Abbas, Brian) (Entered: 05/17/2023) |
| 05/17/2023 | 217 | ELECTRONIC ORDER granting 216 (p.4724) Application for Admission Pro Hac Vice of BRIAN A. ABBAS. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 5/17/2023) (chmb) (Entered: 05/17/2023) |
| 05/17/2023 | 218 (p.4730) | Unopposed MOTION to Withdraw as Attorney filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok (Schiraldi, Kaitlyn) (Entered: 05/17/2023) |
| 05/17/2023 | 221 | ELECTRONIC ORDER finding as moot 218 (p.4730) Motion to Withdraw as Attorney per Electronic Order issued 5/17/23 granting 215 (p.4720) Motion of Kaitlyn Schiraldi to Withdraw as Attorney. (Ordered by Judge Reed C. O'Connor on 5/17/2023) (chmb) (Entered: 05/17/2023) |
| 05/19/2023 | 219 (p.4734) | Unopposed MOTION to Withdraw as Attorney filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok (Erhardt, Erin) (Entered: 05/19/2023) |
| 05/20/2023 | 222 | ELECTRONIC ORDER granting 219 (p.4734) Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate Attorney ERIN M. ERHARDT as counsel for Plaintiffs. (Ordered by Judge Reed C. O'Connor on 5/20/2023) (chmb) (Entered: 05/20/2023) |
| 05/30/2023 | | Record on Appeal for USCA5 23-10463 (related to 210 (p.4677) appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, Original |

| | | |
|---|---|---|
| | | document number(s): Manual Filing #106 Administrative Record (USB),. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (tle) (Entered: 05/30/2023) |
| 06/01/2023 | 223 (p.4738) | MOTION to Withdraw as Attorney *for Nicholas Bruno* filed by Defense Distributed, Second Amendment Foundation Inc (Bruno, Nicholas) (Entered: 06/01/2023) |
| 06/01/2023 | 224 (p.4740) | NOTICE OF DEFICIENCY: Before the Court is attorney Nicholas M. Bruno's Motion to Withdraw as Counsel (ECF No. 223 (p.4738) ), filed on June 1, 2023. Counsel has not submitted a Certificate of Conference with his Motion as required by Local Rule 7.1 and is therefore ORDERED to cure this deficiency by filing a Certificate of Conference no later than June 2, 2023. (Ordered by Judge Reed C. O'Connor on 6/1/2023) (saw) (Entered: 06/01/2023) |
| 06/02/2023 | 225 (p.4741) | CERTIFICATE OF CONFERENCE ON MOTION TO WITHDRAW AS COUNSEL / ADDITIONAL ATTACHMENTS to 224 (p.4740) Order And Notice of Deficiency, 223 (p.4738) Motion to Withdraw as Attorney by Intervenor Plaintiffs Defense Distributed, Second Amendment Foundation Inc. (Bruno, Nicholas) Modified on 6/5/2023 (tle). (Entered: 06/02/2023) |
| 06/02/2023 | 226 | ELECTRONIC ORDER granting Attorney Nicholas M. Bruno's unopposed 223 (p.4738) Motion to Withdraw as Attorney. Attorney Nicholas M. Bruno terminated. (Ordered by Judge Reed C. O'Connor on 6/2/2023) (chmb) (Entered: 06/02/2023) |
| 06/05/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Brian A Abbas for party(s) Appellee Tactical Machining, L.L.C. Appellee Jennifer VanDerStok Appellee Firearms Policy Coalition, Incorporated Appellee Michael G. Andren, in case 22-11071. Access to the EROA has been granted. (tle) (Entered: 06/05/2023) |
| 06/30/2023 | 227 (p.4743) | OPINION & ORDER granting: Not An LLC d/b/a JSD Supply's 149 (p.2838) Motion to Intervene but denying its 151 (p.2899) Motion for Injunction; and granting Polymer80, Inc.'s 157 (p.2949) Motion to Intervene. Also granting Original Plaintiffs' 140 (p.1931) Motion for Summary Judgment and their 197 (p.4119) Motion for Leave to File; granting Intervenor-Plaintiff BlackHawk's 144 (p.2457) Motion for Summary Judgment ; granting Defense Distributed and Second Amendment Foundation's 165 (p.3112) Motion for Summary Judgment; and denying Defendants' 180 (p.3253) Motion for Summary Judgment. (Ordered by Judge Reed C. O'Connor on 6/30/2023) (chmb) (Entered: 06/30/2023) |
| 06/30/2023 | 228 | ELECTRONIC ORDER: In light of this Courts order granting Intervenor-Plaintiffs Not an LLC d/b/a JSD Supply's and Polymer80s motions to intervene (ECF No. 227), the Clerk of Court is directed to individually file Intervenor-Plaintiffs Complaints (ECF No. 151-2 and Ex. F, ECF No. 159) on the docket as soon as practical. (Ordered by Judge Reed C. O'Connor on 6/30/2023) (chmb) (Entered: 06/30/2023) |
| 07/05/2023 | | |

| | | |
|---|---|---|
| | 229<br>(p.4781) | INTERVENOR COMPLAINT against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice filed by Polymer80, Inc. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (mmw) (Entered: 07/05/2023) |
| 07/05/2023 | 230<br>(p.4826) | INTERVENOR COMPLAINT against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice filed by Not An LLC. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (mmw) (Entered: 07/05/2023) |
| 07/05/2023 | 231<br>(p.4857) | FINAL JUDGMENT: Plaintiffs' and Intervenor-Plaintiffs' motions for summary judgment on grounds that the Final Rule was issued in excess of ATF's statutory jurisdiction (Counts I and III) are GRANTED and Defendants cross-motion for summary judgment as to those claims are DENIED. On these grounds, the Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (codified at 27 C.F.R. pts. 447, 478, and 479 (2022)), is hereby VACATED. The parties' remaining claims are DENIED as moot. Polymer80 SHALL file a notice on the docket no later than July 12, 2023, informing the Court whether its remaining claims are moot and, if so, proposing an order of Final Judgment as to those claims. (Ordered by Judge Reed C. O'Connor on 7/5/2023) (mmw) (Entered: 07/05/2023) |
| 07/07/2023 | 232<br>(p.4859) | NOTICE of *Remaining Claims* re: 231 (p.4857) Judgment,,, filed by Polymer80 Inc (Attachments: # 1 (p.56) Exhibit(s) A) (Daniels, Dennis) (Entered: 07/07/2023) |
| 07/12/2023 | 233<br>(p.4866) | ORDER: The Court ORDERS Defendants to respond to Polymer80's notice and address (1) the issue of mootness as to Polymer80's remaining claims and (2), if the Court determines Polymer80's claims are not moot, whether Defendants agree to the proposed scheduling order (ECF No. 232 (p.4859) -1). Defendants shall respond no later than August 2, 2023. Polymer80 may reply no later than August 16, 2023. (Ordered by Judge Reed C. O'Connor on 7/12/2023) (mmw) (Entered: 07/12/2023) |
| 07/13/2023 | 234<br>(p.4868) | NOTICE OF INTERLOCUTORY APPEAL as to 231 (p.4857) Judgment, 227 (p.4743) Order on Motion for Summary Judgment, Order on Motion to Intervene, Order on Motion for Injunction, Order on Motion for Leave to File, to the Fifth Circuit by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Riess, |

| | | Daniel) (Entered: 07/13/2023) |
|---|---|---|
| 07/14/2023 | 235 (p.4870) | Unopposed MOTION to Stay *Deadline* filed by Michael G Andren, Firearms Policy Coalition Inc, Tactical Machining LLC, Jennifer VanDerStok (Attachments: # 1 (p.56) Proposed Order) (Cooper, R) (Entered: 07/14/2023) |
| 07/14/2023 | 236 (p.4875) | Emergency MOTION to Stay re 231 (p.4857) Judgment, 227 (p.4743) Order on Motion for Summary Judgment, Order on Motion to Intervene,,, Order on Motion for Injunction, Order on Motion for Leave to File,, filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.56) Declaration(s) Declaration of Matthew P Varisco, # 2 (p.112) Proposed Order) (Riess, Daniel) (Entered: 07/14/2023) |
| 07/17/2023 | 237 (p.4907) | ORDER GRANTING PLAINTIFFS' UNOPPOSED 235 (p.4870) MOTION TO STAY DEADLINES: Upon consideration of Plaintiffs' Unopposed Motion to Stay Deadline, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the deadline for Plaintiffs to file a Rule 54 motion for costs and attorneys' fees is stayed until 14 days after the final resolution of Defendants' appeal from this Court's judgment. (Ordered by Judge Reed C. O'Connor on 7/17/2023) (mmw) (Entered: 07/17/2023) |
| 07/18/2023 | 238 (p.4908) | ORDER GRANTING 7-DAY ADMINISTRATIVE STAY: Before the Court is Defendants' 236 (p.4875) Emergency Motion for Stay Pending Appeal. Having considered the motion, the Court summarily DENIES the request for a stay pending appeal but STAYS the applicability of its Opinion and Final Judgment for 7 days in order that Defendants may seek emergency appellate relief. (Ordered by Judge Reed C. O'Connor on 7/18/2023) (mmw) (Entered: 07/18/2023) |
| 07/18/2023 | 239 (p.4909) | Emergency MOTION for Injunction *PENDING APPEAL* filed by Defense Distributed (Attachments: # 1 (p.56) Exhibit(s) A, # 2 (p.112) Exhibit(s) B, # 3 (p.114) Exhibit(s) C, # 4 (p.117) Exhibit(s) D, # 5 (p.119) Exhibit(s) E, # 6 (p.124) Exhibit(s) F) (Flores, Charles) (Entered: 07/18/2023) |
| 07/18/2023 | 240 (p.4973) | Joint MOTION to Stay *Not An LLC d/b/a JSD Supply's and Polymer80, Inc.'s Unopposed Joint Motion to Stay Rule 54 Deadline* filed by Polymer80 Inc (Attachments: # 1 (p.56) Proposed Order) (Daniels, Dennis) (Entered: 07/18/2023) |
| 07/18/2023 | 241 (p.4978) | Emergency MOTION for Injunction *Pending Appeal* filed by Not An LLC (Brewer, J. Mark) (Entered: 07/18/2023) |

TAB 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*,<br><br>        Defendants. | Case No. 4:22-cv-00691-O |

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Defendants Merrick Garland, in his official capacity as Attorney General of the United States; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); the United States Department of Justice; and ATF hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Court's Memorandum Opinion and Order on the Parties' Cross-Motions for Summary Judgment and Motions to Intervene [ECF No. 227] and Final Judgment [ECF No. 231].

DATED: July 13, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN

Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email:  Daniel.Riess@usdoj.gov
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

On July 13, 2023, I electronically submitted the foregoing document with the clerk of court

for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the

court.  I hereby certify that I have served all parties electronically or by another manner authorized by

Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*

23-10718.4869

TAB 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JENNIFER VANDERSTOK, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **BLACKHAWK MANUFACTURING** | § | |
| **GROUP INC., et al.,** | § | **Civil Action No. 4:22-cv-00691-O** |
| | § | |
| **Intervenor-Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **MERRICK GARLAND, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM OPINION & ORDER ON PARTIES' CROSS-MOTIONS FOR**</u>
<u>**SUMMARY JUDGMENT & MOTIONS TO INTERVENE**</u>

Before the Court are Plaintiffs Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.'s ("Original Plaintiffs") Motion for Summary Judgment (ECF No. 140), Brief (ECF No. 141), and Appendix in support (ECF No. 142), filed December 23, 2022; Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' Motion for Summary Judgment (ECF No. 144), Brief (ECF No. 145), and Appendix in support (ECF No. 146), filed December 23, 2022; Intervenor-Plaintiffs Defense Distributed and The Second Amendment Foundation, Inc.'s Motion for Summary Judgment (ECF No. 165) and Brief in support (ECF No. 166), filed January 12, 2023; Defendants' Combined Opposition to Original Plaintiffs' and Intervenor-Plaintiffs' Motions for Summary Judgment and Cross-Motion for Summary Judgement (ECF No. 180), Brief (ECF No. 181), and Appendix in Support (ECF No. 182), filed February 13, 2023; Original Plaintiffs' Reply Brief in Support of Their Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary

23-10718.4743

Judgment (ECF No. 191), filed March 6, 2023; Intervenor-Plaintiff BlackHawk Manufacturing Group Inc.'s Reply Brief and Opposition to Defendants' Cross-Motion for Summary Judgment (ECF No. 192), filed March 6, 2023; Intervenor-Plaintiffs Defense Distributed and The Second Amendment Foundation, Inc.'s Summary Judgment Response/Reply Brief (ECF No. 193), filed March 6, 2023; and Defendants' Reply Brief (ECF No. 204) and Appendix (ECF No. 205) in support of their Motion for Summary Judgment, filed April 19, 2023. Also before the Court is the Amici Curiae Brief of Gun Owners for Safety and Individual Co-Amici in Support of Defendants' Opposition to Original Plaintiffs' and Intervenor-Plaintiffs' Motions for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment (ECF No. 187), filed February 23, 2023. Also before the Court are Defendants' Supplemental Brief Regarding Rule 65(a)(2) Consolidation and Plaintiffs' Count I (ECF No. 132), filed December 5, 2022; Original Plaintiffs' Brief (ECF No. 133), filed December 5, 2022; and Intervenor-Plaintiff BlackHawk Manufacturing Group Inc.'s Brief (ECF No. 134), filed December 5, 2022.

On January 18, 2023, the Court deferred ruling on putative intervenors' motions to intervene until summary judgment briefing concluded. *See* Order, ECF No. 172. Now ripe for review are Not An LLC d/b/a JSD Supply's Motion to Intervene (ECF No. 149) and Brief in support (ECF No. 150), filed January 5, 2023; Defendants' Opposition (ECF No. 207), filed April 27, 2023; Original Plaintiffs' Opposition (ECF No. 212), filed May 10, 2023; and JSD Supply's Reply (ECF No. 213), filed May 11, 2023. Also before the Court are Polymer80's Motion to Intervene (ECF No. 157), Brief (ECF No. 158), and Appendix (ECF No. 159) in support; filed January 9, 2023; Defendants' Opposition (ECF No. 206), filed April 27, 2023; Original Plaintiffs' Opposition (ECF No. 212), filed May 10, 2023; and Polymer80's Reply (ECF No. 214), filed May 11, 2023.

23-10718.4744

Also pending are Original Plaintiffs' unopposed Motion for Leave to Provide Supplemental Authority to Their Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment (ECF No. 197), filed March 24, 2023, which the Court **GRANTS** for good cause shown; and JSD Supply's proposed Motion for Injunction (ECF No. 151) and Brief in support (ECF No. 152), filed January 5, 2023, and Defendants' Notice Regarding the Same (ECF No. 156), filed January 9, 2023, which the Court **DENIES** as prematurely filed.

Having considered the briefing and applicable law, the Court **GRANTS** JSD Supply's and Polymer80's motions to intervene on permissive grounds. For the reasons that follow, the Court **GRANTS** Plaintiffs' and Intervenors' motions for summary judgment, **DENIES** Defendants' cross-motion for summary judgment, and **VACATES** the Final Rule.

## I.      INTRODUCTION

This case presents the question of whether the federal government may lawfully regulate partially manufactured firearm components, related firearm products, and other tools and materials in keeping with the Gun Control Act of 1968. Because the Court concludes that the government cannot regulate those items without violating federal law, the Court holds that the government's recently enacted Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (codified at 27 C.F.R. pts. 447, 478, and 479), is unlawful agency action taken in excess of the ATF's statutory jurisdiction. On this basis, the Court vacates the Final Rule.

## II.      STATUTORY & REGULATORY BACKGROUND

In 1934, Congress enacted the National Firearms Act ("NFA") to authorize federal taxation and regulation of certain firearms such as machineguns, short-barreled shotguns, and short-barreled rifles. National Firearms Act of 1934, ch. 757, Pub. L. 73-474, 48 Stat. 1236, 1236. A few years later, Congress enacted the Federal Firearms Act ("FFA"), which more broadly defined

"firearm" and thereby authorized federal regulation of "any weapon . . . designed to expel a projectile or projectiles by the action of an explosive. . . or any part of such weapon." Federal Firearms Act of 1938, ch. 850, Pub. L. No. 75-785, 52 Stat. 1250, 1250 (1938) (repealed 1968).

Thirty years later, Congress enacted the Gun Control Act of 1968 ("GCA"), which superseded the FFA's regulation of firearms in interstate commerce. The GCA requires manufacturers and dealers of firearms to have a federal firearms license.[1] 18 U.S.C. §§ 921, *et seq.* Dealers must also conduct background checks before transferring firearms to someone without a license, and they must keep records of firearm transfers. *Id.* §§ 922(t), 923(g)(1)(A).

The GCA also redefines "firearm" more narrowly than the earlier statute it superseded, defining the term as: "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." *Id.* § 921(a)(3). But "[s]uch term does not include an antique firearm." *Id.* Notably, the GCA departs from the FFA's prior definition of "firearm" by restricting federal authority over "any part" of a firearm to only the "frame or receiver" of such firearm.

Congress delegated authority to administer and enforce the GCA to the Attorney General by authorizing him to "prescribe only such rules and regulations as are necessary to carry out the provisions of this chapter." *Id.* § 926(a). The Attorney General, in turn, delegated that authority to the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). 28 C.F.R. § 0.130(a). Those who violate the federal firearms laws are subject to potential fines and imprisonment. 18 U.S.C. § 924(a).

---

[1] A manufacturer or dealer authorized to transfer firearms under the Gun Control Act is known as a Federal Firearms Licensee ("FFL").

23-10718.4746

In 1978, ATF promulgated a rule interpreting the phrase "frame or receiver," which the GCA does not define. The rule defined the "frame or receiver" of a firearm as "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." Title and Definition Changes, 43 Fed. Reg. 13,531, 13,537 (Mar. 31, 1978). That definition remained in place until last year.

In April 2022, ATF published the Final Rule changing, among other things, the 1978 definition of "frame or receiver." *See* Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (codified at 27 C.F.R. pts. 447, 478, and 479 (2022)).[2] ATF split the phrase into two parts, assigning the term "frame" to handguns and the term "receiver" to any firearm other than a handgun, such as rifles and shotguns. *See* 27 C.F.R. § 478.12(a)(1), (a)(2). ATF then defined the terms "frame" and "receiver" along the same lines as the 1978 rule, though with updated, more precise technical terminology.[3]

But ATF did not stop there. Rather than merely updating the terminology, ATF decided to regulate *partial* frames and receivers. Under the new Final Rule, "[t]he terms 'frame' and 'receiver' shall include a partially complete, disassembled, or nonfunctional frame or receiver,

---

[2] The Final Rule took effect on August 24, 2022, in the midst of the parties' initial briefing. *See* 27 C.F.R. pts. 447, 478, and 479 (2022).

[3] Here are the two definitions, in full:

> (1) The term "frame" means the part of a handgun, or variants thereof, that provides housing or a structure for the component (i.e., sear or equivalent) designed to hold back the hammer, striker, bolt, or similar primary energized component prior to initiation of the firing sequence, even if pins or other attachments are required to connect such component (i.e., sear or equivalent) to the housing or structure.
>
> (2) The term "receiver" means the part of a rifle, shotgun, or projectile weapon other than a handgun, or variants thereof, that provides housing or a structure for the primary component designed to block or seal the breech prior to initiation of the firing sequence (i.e., bolt, breechblock, or equivalent), even if pins or other attachments are required to connect such component to the housing or structure.

27 C.F.R. § 478.12(a).

23-10718.4747

including a frame or receiver parts kit, that is designed to or may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver." *Id.* § 478.12(c). But "[t]he terms shall not include a forging, casting, printing, extrusion, unmachined body, or similar article that has not yet reached a stage of manufacture where it is clearly identifiable as an unfinished component part of a weapon (e.g., unformed block of metal, liquid polymer, or other raw material)." *Id.*

Further, the Final Rule permits the ATF Director to consider extrinsic factors when determining if an object is a frame or receiver. Specifically, "[w]hen issuing a classification, the Director may consider any associated templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials that are sold, distributed, or possessed with [or otherwise made available to the purchaser or recipient of] the item or kit." *Id.* The Final Rule also amends ATF's definition of "firearm" to include weapon parts kits that are "designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive." *Id.* § 478.11 (definition of "firearm").

### III. PARTIES & PROCEDURAL BACKGROUND

Individual Plaintiffs Jennifer VanDerStok and Michael Andren are Texas residents who own firearm components that they intend to manufacture into firearms for personal, lawful use.[4] They claim that the Final Rule prohibits them from directly purchasing products online that they want to use to manufacture their own firearms.[5] Now, to purchase these products in compliance with the Final Rule, Individual Plaintiffs would have to route their purchases of the regulated products through an FFL and incur associated transfer fees ($30 in Individual Plaintiffs' case), plus additional time and expense.

---

[4] VanDerStok Decl. 1, ECF No. 16-2; Andren Decl. 1, ECF No. 16-3.
[5] VanDerStok Decl. 2, ECF No. 16-2; Andren Decl. 2, ECF No. 16-3.

23-10718.4748

Tactical Machining, LLC manufactures and sells items that are subject to regulation under the Final Rule.[6] Over 90% of Tactical Machining's business consists of selling items that individuals can use to manufacture frames and receivers and to build functioning firearms.[7]

The Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization dedicated to promoting the constitutional rights of American citizens through public education and legislative and legal advocacy.[8] In support of its educational and advocacy efforts, FPC owns and uses several firearm parts and products that are subject to the Final Rule.[9] FPC has hundreds of thousands of members, donors, and supporters nationwide, many of whom are plaintiffs in this lawsuit.[10] Individuals and organizations become FPC members by making a donation via the non-profit corporation's website.[11] FPC seeks to bring this lawsuit on behalf of itself and its members.[12]

Shortly before the Final Rule took effect in August 2022, Original Plaintiffs sued the U.S. Attorney General, the Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the ATF Director over the legality of the Final Rule.[13] Days later, the Original Plaintiffs sought preliminary injunctive relief, which the Court granted on grounds that they were likely to succeed on their claim that ATF exceeded its statutory authority in issuing the Final Rule.[14]

BlackHawk Manufacturing Group, Inc. is a manufacturer and retailer that sells products newly subject to ATF's Final Rule, with most of its revenue earned through sales of those

---

[6] Peters Decl. 1, ECF No. 16-1.

[7] *Id.* at 2.

[8] *See generally* Combs Decl., ECF No. 62-4.

[9] *Id.* ¶¶ 9–10.

[10] *Id.* ¶¶ 6–7. Individual Plaintiffs, Tactical Machining, LLC, BlackHawk Manufacturing Group, Inc. d/b/a 80 Percent Arms, and Defense Distributed are members of FPC. *Id.*

[11] *Id.* ¶ 8.

[12] Orig. Pls.' Reply 5, ECF No. 191.

[13] *See generally* Compl., ECF No. 1.

[14] Orig. Pls.' Mot. for Prelim. Inj., ECF No. 15; Mem. Opinion, ECF No. 56.

23-10718.4749

products.[15] Defense Distributed is a private defense contractor that primarily manufactures and deals products now subject to the Final Rule.[16] Defense Distributed is also a member of its co-intervenor, the Second Amendment Foundation ("SAF"), a non-profit organization that promotes and defends constitutional rights through educational and legal efforts.[17] Like FPC, SAF brings this suit on behalf of itself and its members.[18] The Court subsequently allowed these parties to intervene in the suit and granted BlackHawk and Defense Distributed their preliminary injunctions on the same grounds as the Original Plaintiffs.[19]

In the weeks after BlackHawk, Defense Distributed, and SAF were permitted to join the lawsuit, and after summary judgment briefing had begun, movants Not An LLC d/b/a JSD Supply and Polymer80, Inc. filed their pending motions to intervene.[20] JSD Supply is a manufacturer and distributor that earns most of its revenue through sales of products now subject to the Final Rule.[21] Likewise, Polymer80, Inc. is a designer, manufacturer, and distributor of firearms and non-firearm products.[22] Through letters issued by ATF since the Final Rule's enactment, Polymer80 learned that some of its products are considered subject to the Final Rule and, if not afforded relief, that its "corporate existence" is at stake.[23]

Plaintiffs and Intervenor-Plaintiffs claim the Final Rule violates several of the Administrative Procedure Act's ("APA") substantive and procedural requirements and various

---

[15] Lifschitz Decl. 6–8, ECF No. 62-5 ¶¶ 8, 11, 13.
[16] *See generally* Defense Distributed Compl., ECF No. 143.
[17] *Id.* ¶¶ 11–12.
[18] *Id.*
[19] Mem. Opinions, ECF Nos. 118, 188.
[20] JSD Supply Mot. to Intervene, ECF No. 149; Polymer80 Mot. to Intervene, ECF No. 157.
[21] JSD Supply Br. 4–5, ECF No. 150.
[22] Polymer80 Br. 1–3, ECF No. 158.
[23] *See generally id.*; *id.* at 4.

23-10718.4750

constitutional guarantees.[24] Though some raise unique claims, all contend that the Final Rule was issued in excess of the agency's statutory authority and the Court preliminarily agreed.[25] Earlier in the proceedings, the Court considered consolidating its hearing on the parties' motions for preliminary injunction with a trial on the merits under Federal Rule of Civil Procedure 65(a)(2).[26] After review of the parties' responsive briefing, however, the Court did not consolidate and now considers Plaintiffs' and Intervenor-Plaintiffs' claims at the summary judgment stage.

Thus, based on the Court's prior decisions in this case, Defendants are preliminarily enjoined from enforcing the Final Rule against Individual Plaintiffs VanDerStok and Andren; and, with limited exception, Tactical Machining, BlackHawk, and Defense Distributed and the companies' customers. Now ripe for the Court's review are the parties' cross-motions for summary judgment on all statutory and constitutional claims, as well as JSD Supply's and Polymer80's motions to intervene. In part A below, the Court will resolve the motions to intervene before turning to the parties' cross-motions for summary judgment in part B.

---

[24] Orig. Pls.' Am. Compl., ECF No. 93 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates APA's Notice and Comment Requirement (Count II), Violates APA's Ban on Arbitrary and Capricious Conduct (Count III), Violates Nondelegation Principles (Count IV), Violates Take Care Clause (Count V), Violates Due Process (Count VI), Violates the First Amendment (Count VII)); *see also* BlackHawk's Compl., ECF No. 99 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates Separation of Powers (Count II), is Unconstitutionally Vague (Count III), is Arbitrary and Capricious (Count IV), Violates the APA's Procedural Requirements (Count V), Violates the Nondelegation Doctrine (VI), is Contrary to Constitutional Right, Power, Privilege, or Immunity (VII), Violates the Commerce Clause (VIII), Unlawfully Chills First Amendment Speech (IX), Constitutes an Unconstitutional Taking Without Just Compensation (Count X)); *see also* Defense Distributed, et al.'s Compl., ECF No. 143 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates the APA's Procedural Requirements (Counts II and IV), Violates Delegation Principles (Count III), Violates the Second Amendment (Count V), Violates Due Process (Count VI)); *see also* JSD Supply's Mem. 10, ECF No. 150 (expressing intent to adopt Plaintiffs' claims and legal theories in full); *see also* Polymer80's Mem. 6–7, ECF No. 158 (expressing intent to adopt the current plaintiffs' pending claims in full but to assert several additional claims).
[25] Mem. Opinion, ECF No. 56.
[26] *See* Orders, ECF Nos. 33, 107.

23-10718.4751

## IV.    DISCUSSION

### A.

### 1.  Legal Standard[27]

Federal Rule of Civil Procedure 24(b) vests a district court with considerable discretion to permit permissive intervention in a lawsuit, provided (1) the movant's intervention is timely, (2) the movant "has a claim or defense that shares with the main action a common question of law or fact," and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B), (b)(3); *United States v. City of New Orleans*, 540 F. App'x 380, 380–81 (5th Cir. 2013). With respect to the first element of "timeliness," courts are to consider four distinct factors:

> (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene;
> (2) the extent of prejudice to existing parties from allowing late intervention;
> (3) the extent of prejudice to the would-be intervenor if the petition is denied; and
> (4) any unusual circumstances [weighing in favor of or against intervention].

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247–48 (5th Cir. 2009) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)). Like permissive intervention itself, any determination of timeliness is committed to the court's discretion. *Id.* at 248.

Finally, in addition to the three permissive elements above, courts *may* also consider factors such as "whether the intervenors' interests are adequately represented by other parties" and whether the intervenors "will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d

---

[27] Original Plaintiffs and Defendants (the "opponents" for purposes of the following intervention analysis only) contest the propriety of allowing additional intervenors to join the lawsuit by either intervention as of right or permissive intervention. Because the Court concludes that permissive intervention under Rule 24(b) is appropriate in this case, it does not reach the merits of intervention as of right under Rule 24(a)(2). FED. R. CIV. P. 24.

23-10718.4752

452, 472 (5th Cir. 1984) (citations omitted).

## 2. Analysis

The Court begins with timeliness, which requires consideration of four factors. *In re Lease Oil Antitrust Litig.*, 570 F.3d at 247. With respect to the first factor, opponents of intervention argue that JSD Supply and Polymer80's interventions are untimely because they "waited five months after the commencement of this action to seek intervention"[28] and that they were presumably aware of the other "multiple competing lawsuits challenging the Final Rule filed before [it] took effect on August 24, 2022."[29] In other words, they waited too long. But these arguments fail because the relevant inquiry for timeliness is how soon the movant intervened in the instant lawsuit after learning its interest was at risk, which may or may not occur when the complaint is filed. *Id.* at 248. Moreover, a movant's decision to forego intervention in another case is irrelevant to the issue of timeliness in the instant case. *See id.* ("The first timeliness factor is '[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in *the case* before he petitioned for leave to intervene.") (emphasis added). Thus, "[t]he timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest [in the instant litigation] *or* from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit." *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (emphasis added) (citation omitted). Either way, there "are no absolute measures of timeliness," *id.*, and any assessment of this factor is wholly committed to the court's discretion. *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248.

---

[28] Defs.' Opp. to JSD Supply 3, ECF No. 207; Defs.' Opp. to Polymer80 5, ECF No. 206.
[29] Orig. Pls.' Opp. 6–7, ECF No. 212.

Here, the Original Plaintiffs commenced this suit and moved for injunctive relief in early August 2022, shortly before the Final Rule took effect.[30] Among those was Firearms Policy Coalition, a nonprofit organization that sought to protect the interests of its entire member base —of which JSD Supply is a part.[31] On October 1, 2022, the Court concluded that FPC had not demonstrated its associational right to seek injunctive relief on its members' behalf.[32] At that point, JSD Supply recognized its interests would no longer be protected via its membership in FPC and, within three months, it moved to intervene.[33] Days later, on January 9, 2023, Polymer80 similarly moved to intervene.[34] Polymer80 says it sought to intervene only 13 days after ATF issued letters identifying Polymer80's products as violative of the Final Rule.[35] And while the Court will not consider evidence "outside the administrative record" in deciding the *merits* of an APA claim, the Court is not aware of any rule that prohibits it from considering extrinsic evidence for purposes of *timeliness of intervention*.[36] Under these circumstances, the Court is of the view that neither movant waited too long between the time it learned of its interests in the suit and its motion to intervene.

Next, the Court considers "the extent of prejudice to existing parties from allowing late intervention." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 247. The opponents claim permitting intervention will prejudice the existing parties by delaying ultimate resolution of the case.[37] But here the proper inquiry is the extent to which the existing parties were prejudiced by the

---

[30] ECF Nos. 1, 15.
[31] Vinroe Decl. ¶ 3, ECF No. 213-1.
[32] Mem. Opinion 15, ECF No. 89.
[33] JSD Supply's Mot., ECF No. 151.
[34] Polymer80's Mot., ECF No. 157.
[35] *Id.* at 2–6.
[36] Orig. Pls.' Opp. 7, ECF No. 212.
[37] Defs.' Opp. to JSD Supply 3, 7, ECF No. 207; Defs.' Opp. to Polymer80 5–6, 9–10, ECF No. 206 (noting Polymer80 asserts ten causes of action separate from those of the existing plaintiffs); Original Pls.' Opp. 8, ECF No. 212.

23-10718.4754

intervenors' delay in seeking to intervene, not how the existing parties may be inconvenienced after the intervenors have successfully joined. *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994); *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019). Delay of proceedings, on its own, is not equivalent to prejudice. And the opponents to intervention have offered no explanation about *how* a purported delay of proceedings would be prejudicial. Instead, the opponents have claimed prejudice due to the resulting inconvenience associated with the intervenors' subsequent participation in the lawsuit. That is not enough. "Any potential prejudice caused by the intervention *itself* is irrelevant, because it would have occurred regardless of whether the intervention was timely." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (emphasis added) (citation omitted). Moreover, as permitted by Rule 54, the Court finds no just reason it should delay entry of summary judgment on the existing parties' pending claims, which the intervenors have expressly agreed to adopt.[38] FED. R. CIV. P. 54(b). Thus, any prejudice that delayed proceedings might cause the parties (though doubtful) is cured by this Court's resolution and entry of judgment now as to those shared claims.

Third, the Court considers the "extent of prejudice to the would-be intervenor if the petition is denied." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 247–48. Denying intervention would prejudice the would-be intervenors by delaying a favorable judgment, without which their declining revenues would be prolonged, potentially forcing their dissolution.[39] Polymer80

---

[38] JSD Supply's Mem. 10, ECF No. 150 (expressing intent to adopt Plaintiffs' claims and legal theories in full); Polymer80's Mem. 6–7, ECF No. 158 (expressing intent to adopt Plaintiffs' summary judgment briefing in full and to assert additional distinct claims). To the extent Polymer80 wishes to seek summary judgment on its alternate claims, it may do so. That Defendants may be required to litigate the additional claims is irrelevant, because they would be required to do so whether Polymer80 brought those claims in this case or a separate case.

[39] Kelley Decl. ¶¶ 13–14, Polymer80 App. 6, ECF No. 159 (noting the "profound economic harm" that Polymer80 has experienced following the Final Rule's effective date); Vinroe Supp. Decl. ¶ 3, ECF No. 213-1 (noting JSD Supply's revenues have dropped by more than 73% since the Final Rule's effective date).

23-10718.4755

concedes it would not be prejudiced if denied intervention in this case, provided its separate lawsuit and preliminary injunction in that case is not dismissed.[40] This conditional concession undoubtedly minimizes its claims of prejudice in the instant suit. But because the "most important consideration" in determining intervention is the prejudice to the parties *opposing* intervention— and the Court finds that none exists—this concession is of little weight in the Court's decision. *Rotstain v. Mendez*, 986 F.3d 931, 938 (5th Cir. 2021).

Fourth, the Court finds no "unusual circumstances" that weigh heavily for or against intervention. *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248. Defendants contend that permitting Polymer80's intervention in this case while the company's independent and duplicative suit is pending would violate the rule against claim-splitting.[41] That rule permits—but does not require— a court to dismiss a second complaint that "alleg[es] the same cause of action as a prior, pending, related action." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (authorizing courts to dismiss a second complaint whether it is duplicative of a previously filed and still active suit). The claim-splitting rule is permissive, however, and does not require the Court to take any action at all. *Id.* In any event, if the rule were applied here, the appropriate course would be to dismiss Polymer80's independent suit, which it filed *after* attempting its initial intervention here.

Nor are the other permissible timeliness factors—"whether the intervenors' interests are adequately represented by other parties" and whether the intervenors "will significantly contribute to full development of the underlying factual issues in the suit"—particularly compelling. *NOPSI*, 732 F.2d at 472. Defendants argue intervention will not "significantly contribute to the full

---

[40] Polymer80's Reply 6, ECF No. 214. After it sought intervention and learned resolution of that motion would be deferred for several months, Polymer80 filed an independent lawsuit before this Court. *See Polymer80, Inc. v. Garland*, Civil Action No. 4:23-cv-00029-O (N.D. Tex. Jan. 9, 2023).
[41] Defs.' Opp. to Polymer80 3–4, 9, ECF No. 206.

development of the underlying factual issues" because the existing parties have already "fully developed and briefed their claims," and intervenors therefore cannot meaningfully contribute.[42] Elsewhere, however, Defendants point out that Polymer80 raises ten distinct causes of action, all of which presumably require further development.[43] In response, Polymer80 says its status as "the industry leader in the design, manufacture, and distribution of the products that ATF" seeks to regulate will significantly contribute to the factual development of the underlying issues in dispute but offers no more than that bare assertion.[44] For its part, JSD Supply offers no rebuttal to Defendants. Thus, on the briefing before it, the Court finds that this factor is, at best, neutral for purposes of intervention or weighs slightly against intervention. But given that the other factors favor intervenors, the Court does not find this sufficient to bar intervention.

Finally, the opponents also argue that JSD Supply and Polymer80 have other means of asserting their interests.[45] Indeed, Polymer80 has a separate suit currently pending before this Court.[46] But whether an intervenor has other adequate means of protecting its interests is not a dispositive or necessary factor for the Court's decision to grant permissive intervention. Though the Court could require the parties to initiate or maintain their own lawsuits, the purpose of Rule 24 and the principle of judicial efficiency counsel against that course of action. *See United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (noting Rule 24's goals of achieving "judicial economies of scale by resolving related issues in a single lawsuit" while preventing the single lawsuit "from becoming fruitlessly complex or unending") (cleaned up). Allowing intervention preserves judicial resources by preventing multiple parallel proceedings

---

[42] Defs.' Opp. to Polymer80 9, ECF No. 206; Defs.' Opp. to JSD Supply 7, ECF No. 207.
[43] Defs.' Opp. to Polymer80 6 n.3, ECF No. 206.
[44] Polymer80's Reply 8, ECF No. 214.
[45] Defs.' Opp. to JSD Supply 6–7, ECF No. 207; Defs.' Opp. to Polymer80 9–10, ECF No. 206; Original Pls.' Opp. 5–6, ECF No. 212.
[46] *Polymer80, Inc. v. Garland*, Civil Action No. 4:23-cv-00029-O (N.D. Tex. Jan. 9, 2023).

23-10718.4757

from running concurrently in multiple courts or before multiple jurists when this Court is already well-acquainted with the parties' respective claims. Nor is there a need to divide lawsuits where, as here, the would-be intervenors largely agree to adopt the claims and briefing schedule already before the Court, which reduces the complexity of the case.

*     *     *     *

In sum, the Court holds that all requisite elements for permissive intervention—timeliness, shared causes of action, and prejudice—weigh in favor of allowing the intervenors to join the lawsuit. For these reasons, the Court **GRANTS** JSD Supply's and Polymer80's motions to intervene on permissive grounds. Because JSD Supply and Polymer80 have agreed to adopt the current Plaintiffs' summary judgment briefing with respect to their shared claims, and because those express intentions inform the Court's discretionary decision to permit intervention here, the intervenors are barred from separately moving for summary judgment or filing supplemental briefing on any of the existing claims. However, Polymer80 may move for summary judgment on its unique claims to the extent those claims are not mooted by the Court's decision today.

**B.**

### 1. Legal Standards

Disputes arising under the APA are commonly resolved on summary judgment, where district courts sit as an appellate tribunal to decide legal questions on the basis of the administrative record. *See Amin v. Mayorkas*, 24 F.4th 383, 391 (5th Cir. 2022). Summary judgment is proper where the Court finds that there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Upon review of agency action, district courts apply the APA, which requires the reviewing court to "hold unlawful and set aside agency action" that the court finds to be "(A)

16

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [and] (D) without observance of procedure required by law." 5 U.S.C. § 706(2).

Among other procedural requirements, the APA requires agencies to provide "legislative" rules (i.e., substantive regulations) for public notice and comment, *id.* § 553(b), and to ensure that the final version of such a rule is a "logical outgrowth" of the agency's initial regulatory proposal. *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 447 (5th Cir. 2021). The APA's arbitrary and capricious standard requires that agency action be both "reasonable and reasonably explained," *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021), meaning agencies must not "rel[y] on factors which Congress has not intended it to consider" or "entirely fail[] to consider an important aspect of the problem" when issuing regulations. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Once a court determines the contested agency action falls short of the APA's substantive or procedural requirements, the reviewing court "shall" set aside the unlawful agency action. 5 U.S.C. § 706(2); *Data Mktg. P'ship, LP v. United States Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022).

### 2. Article III Standing

As a preliminary defense, Defendants argue that some of the plaintiffs, the Individual Plaintiffs and the non-profit organizations, are not entitled to entry of summary judgment because they lack standing to challenge the Final Rule. Because "standing is not dispensed in gross," the general rule is that each plaintiff must demonstrate a personal stake in the outcome of the case or controversy at bar. *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017). This means

23-10718.4759

each plaintiff to a case "must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (cleaned up). When there are multiple plaintiffs or intervenors to a lawsuit that request the same form of relief, however, only "*one* plaintiff must have standing to seek each form of relief requested." *Id.* at 1651 (emphasis added).

Here, among other requested forms of relief, all plaintiffs and intervenors—including those litigants whose standing is not in question—ask this Court to declare unlawful and set aside the Final Rule.[47] Accordingly, the Court could address the legality of the Final Rule regardless of whether the Individual Plaintiffs and the non-profit organizations have standing. Nevertheless, because these parties will not be entitled to unique forms of relief (e.g., party-specific injunctive relief or attorneys' fees) without independently demonstrating standing, the Court addresses the individuals' and the organizations' standing before turning the merits of their claims.[48]

To establish Article III standing, a plaintiff must show it has suffered (1) an injury-in-fact (2) that is fairly traceable to the defendants' conduct, and (3) is likely to be redressed by a favorable judicial decision. *Id.* at 1650. As the parties invoking federal jurisdiction, plaintiffs bear the burden of proving each element of standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992).

### i. Individual Plaintiffs

First, Defendants argue that Individual Plaintiffs VanDerStok and Andren cannot demonstrate standing because "the only purported injury they plausibly invoke—a $30 transfer fee that certain FFLs purportedly would charge them to facilitate a firearm purchase—is not fairly

---

[47] Orig. Pls.' Am. Compl. 57, ECF No. 93 (seeking vacatur, injunctive relief, attorneys' fees and costs, etc.); BlackHawk's Compl. 33, ECF No. 99 (same); Defense Distributed, et al.'s Compl. 27, ECF No. 143 (same); JSD Supply's Proposed Compl. 29–30, ECF No. 149-2 (same); Polymer80's Proposed Compl. 43–44, App. 101–02, ECF No. 159 (same).

[48] To be entitled to attorneys' fees, a plaintiff must independently establish standing and prevail on the merits of an underlying claim. *See, e.g.*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("An interest in attorney's fees is insufficient to create an Article III case or controversy *where none exists on the merits of the underlying claim*.") (cleaned up) (emphasis added).

23-10718.4760

traceable to the Rule."[49] Defendants contend that an FFL's independent decision to charge Individual Plaintiffs a transfer fee to facilitate purchase of newly regulated products bears no causal relationship to the Final Rule, and is therefore not fairly traceable to Defendants' conduct.[50] But Defendants are wrong on this point.

While the Supreme Court has declined to endorse theories of standing "that rest on *speculation* about the decisions of independent actors," where a plaintiff can make a showing of *de facto* causality, standing's traceability element is satisfied. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019) (emphasis added). Here, Individual Plaintiffs' theory of standing is not speculative. Instead, it relies "on the predictable effect of Government action on the decisions of third parties." *Id.* Individual Plaintiffs have confirmed that the FFLs they would use to facilitate their purchases will in fact charge a transfer fee.[51] And it is highly predictable that FFLs would charge for this service, particularly when faced with the prospect of an influx of customers who need to make purchases of certain products through an FFL as a result of a recent government mandate. Absent the requirements of the Final Rule, the Individual Plaintiffs would not purchase the regulated products through an FFL and would therefore not incur an associated transfer fee. This is sufficient to show *de facto* causality. Thus, the Court is satisfied that Individual Plaintiffs' purported injury is fairly traceable to Defendants' actions.

Even if the FFLs' independent decision to charge a transfer fee broke the chain of causation, Individual Plaintiffs have an alternative basis for standing that Defendants largely ignore. In a footnote, Defendants dismiss Individual Plaintiffs' other alleged injury—the threat of criminal prosecution should they violate the Rule—as simply "not credible."[52] They say the risk

---

[49] Defs.' Reply 2, ECF No. 204; Defs.' Cross-Mot. 11–12, ECF No. 181.
[50] Defs.' Reply 2–3, ECF No. 204.
[51] VanDerStok Decl. ¶¶ 2–6, ECF No. 62-1; Andren Decl. ¶¶ 2–6, ECF No. 62-2.
[52] Defs.' Reply 2 n.3, ECF No. 204.

23-10718.4761

of criminal prosecution is not a cognizable injury because the costs Individual Plaintiffs would have to incur to avoid criminal liability "are merely *de minimis*."[53]

Here, however, Defendants conflate the injury analysis required for Article III standing with the irreparable harm analysis required for a preliminary injunction.[54] It is true that, for purposes of injunctive relief, a plaintiff must allege an irreparable injury that is more than merely *de minimis. See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). But Defendants offer no authority for the proposition that a plaintiff's alleged injury must pass a certain threshold to be cognizable for purposes of Article III. Nor is the Court aware of any such requirement.

It is well established that a credible threat of government action, on its own, provides a plaintiff with a sufficient basis for bringing suit. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007). This remains true even if a plaintiff takes steps to protect themselves from prosecution. As the Supreme Court has made clear, a "plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction." *Id.* Thus, even if Individual Plaintiffs in this case ameliorated the threat of government enforcement by making their purchases through an FFL and paying the associated fee (action), or by simply refraining from purchasing the regulated products they want to buy

---

[53] *Id.* (""Plaintiffs do not face a 'Hobson's choice' whether to comply with a regulation or risk criminal prosecution when the costs of compliance are merely *de minimis*.").

[54] Plaintiffs respond that "[t]he Agencies provide no argument as to . . . how Individual Plaintiffs could suffer irreparable harm [as the Court previously held] and yet not have standing." Pls.' Reply 3, ECF No. 191. But irreparable harm for purposes of injunctive relief and Article III injury-in-fact are not equivalents. And Plaintiffs offer no authority indicating that a showing of irreparable harm for purposes of injunctive relief automatically satisfies Article III's injury-in-fact requirement. Moreover, many courts address these issues separately, confirming that the analysis is distinct. *See, e.g.*, *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378 (6th Cir. 2020) (analyzing Article III standing and irreparable harm for purposes of injunctive relief separately); *East Bay Sanctuary v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018) (same); *Geer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638 (N.D. Tex. 2021) (same) (O'Connor, J.).

23-10718.4762

(inaction), they do not lose their right to challenge the Final Rule.[55] Defendants offer no argument regarding the traceability or redressability of this alternative injury. Nor could they. Thus, the Court holds that Individual Plaintiffs' threat of civil or criminal penalties is a cognizable injury under Article III and that, on this basis also, they have demonstrated standing to pursue their claims.

### ii. Non-profit Organizations

Second, Defendants claim the organizations—Firearms Policy Coalition and the Second Amendment Foundation—have failed to demonstrate associational (or organizational) standing. The associational standing doctrine permits a traditional membership organization "to invoke the court's [injunctive or declaratory] remedial powers on behalf of its members." *Warth v. Seldin*, 422 U.S. 490, 515 (1975). To do so, the organization must satisfy a three-prong test showing that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, No. 20-1199, --- S.Ct. ---, 2023 WL 4239254, at *8 (U.S. June 29, 2023) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

Defendants do not meaningfully contend that FPC and SAF cannot satisfy the three-prong *Hunt* test.[56] Instead, they challenge the non-profits' statuses as "traditional membership

---

[55] For the same reasons, Defendants' argument that FPC cannot establish Article III standing *in its own right* fails. *See* Defs.' Reply 3 n.4. As FPC avers, it owns and uses products now subject to the Final Rule and, though a corporate entity, will suffer the same financial injury as Individual Plaintiffs if required to comply and the same threat of prosecution for non-compliance. Orig. Pls.' Br. 50, ECF No. 141; Combs Decl. ¶¶ 9–11, ECF No 62-4.

[56] Defs.' Br. 13, ECF No. 181; Defs.' Reply 3–4, ECF No. 204. Defendants simply point to the Court's earlier conclusion that, at the preliminary injunction stage, FPC did not carry its burden to demonstrate associational standing. Defs.' Br. 13, ECF No. 181 (citing Mem. Opinion 12–15, ECF No. 89).

23-10718.4763

organizations" arguing that, because they cannot satisfy this threshold requirement, they cannot establish associational standing. Defendants contend that, under Fifth Circuit precedent, an organization can only prove itself a "traditional membership organization" if it provides evidence that its members both fund and control the organization's activities. By contrast, FPC and SAF contend that they are traditional membership organizations because they have members nationwide who, by donating to their organizations, have "joined voluntarily to support [the non-profits'] mission[s]."[57] *Students for Fair Admissions, Inc. v. University of Texas at Austin*, 37 F.4th 1078, 1084 (5th Cir. 2022). Under the Supreme Court's recent decision in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, that is all the evidence that is required. 2023 WL 4239254, at *9. "Where, as here, an organization has identified members and represents them in good faith, [the Supreme Court's decisions] do not require further scrutiny into how the organization operates." *Id.* at 9.

As Defendants concede, the Court has already recognized that SAF satisfies the *Hunt* test.[58] Based on its summary judgment briefing, so does FPC. First, several of FPC's members— Individual Plaintiffs, Tactical Machining, and BlackHawk, who are all parties to this suit—have standing to sue in their own right. Second, FPC's organizational purpose to advocate for their members' individual liberties, separation of powers, and limited government are clearly germane to this suit challenging Defendants' asserted authority to regulate the manufacture of personal firearms.[59] Third, because FPC seeks equitable remedies of declaratory relief and vacatur of the Final Rule, there is no need for FPC's individual members to participate in the lawsuit.

---

[57] Orig. Pls.' Reply 8, ECF No. 191; Combs Decl. ¶ 8, ECF No. 62-4 (describing the voluntary and mission-driven membership base of FPC); Defense Distributed, et al.'s Reply 2, ECF No. 193; Gottlieb Decl. ¶ 2, ECF No. 166-2 (describing SAF's national membership base).
[58] Order 5, ECF No. 137.
[59] *See generally* Combs Decl., ECF No. 62-4; Orig. Pls.' Br. 49, ECF No. 144.

23-10718.4764

\*     \*     \*     \*

In sum, the Court holds that Individual Plaintiffs and FPC—in its own right—have standing to pursue their claims for relief. Furthermore, FPC and SAF have demonstrated associational standing and may pursue relief on their members' behalf. Because Defendants do not contest the standing of Tactical Machining, BlackHawk, or Defense Distributed, these parties are similarly entitled to pursue their respective claims for relief.

### 3. Statutory Claims

The Original Plaintiffs and Intervenors (collectively "Plaintiffs" going forward) attack the Final Rule on a host of statutory and constitutional grounds. However, there exists an ordinary rule "that a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available." *Hagans v. Lavine*, 415 U.S. 528, 547 (1974); *see also New York City Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable. Before deciding the constitutional question, it was incumbent on [the lower] courts to consider whether the statutory grounds might be dispositive.") (cleaned up). Thus, "if a case raises both statutory and constitutional questions, the inquiry should focus initially on the statutory question[s]. . . . If the lower court finds that statutory ground dispositive, resolution of the constitutional issue will be obviated." *Jordan v. City of Greenwood, Miss.*, 711 F.2d 667, 669 (5th Cir. 1983). Because the Court concludes that the ATF has clearly and without question acted in excess of its statutory authority, and that this claim is dispositive, the Court declines to address the constitutional questions presented.

23-10718.4765

The Court begins with Plaintiffs' shared claim that, in attempting to regulate products that are not yet a "frame or receiver," and therefore not a "firearm" for purposes of the Gun Control Act, the ATF has acted in excess of its statutory jurisdiction. 5 U.S.C. § 706(2)(C). As they argued at the preliminary injunction stage, Plaintiffs maintain that the Final Rule exceeds ATF's statutory authority in two primary ways. First, they argue that the Final Rule expands ATF's authority over parts that may be "readily converted" into frames or receivers, when Congress limited ATF's authority to "frames or receivers" as such. Second, they argue that the Final Rule unlawfully treats component parts of a weapon in the aggregate (i.e., a weapon parts kit) as the equivalent of a firearm.[60] The Court agrees with Plaintiffs.

Basic principles of statutory interpretation decide this case. "In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019). "Statutory language 'cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Sturgeon v. Frost*, 577 U.S. 424, 438 (2016) (quoting *Roberts v. Sea-Land Services, Inc.*, 556 U.S. 93, 101 (2012)). If the disputed statutory language is unambiguous, as it is here, "the sole function of the courts is to enforce [the law] according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (cleaned up). The Court

---

[60] Orig. Pls.' Supp. Br. Regarding Count I, ECF No. 133; *see also* Defense Distributed, et al.'s Br. in Support of Mot. for Summ. J., ECF No. 166 (joining and adopting Original Plaintiffs' Counts and summary judgment briefing on behalf of Defense Distributed and Second Amendment Foundation). BlackHawk offers additional arguments in support of its claim that the agency has exceeded its statutory authority, some of which are closely related to the arguments before the Court and other that are novel. *See generally* BlackHawk's Supp. Br. Regarding Count I 7–10, ECF No. 134 (e.g., arguing that the Final Rules requirement that FFLs retain records indefinitely exceeds the agency's statutory authority). But because Plaintiffs' primary arguments in support of their shared Counts I are dispositive, the Court need not consider each of the alternative grounds for reaching the same result.

begins with "the assumption that the words were meant to express their ordinary meaning." *United States v. Kaluza*, 780 F.3d 647, 659 (5th Cir. 2015) (quoting *Bouchikhi v. Holder*, 676 F.3d 173, 177 (5th Cir. 2012)). If a statute "includes an explicit definition," however, the Court "must follow that definition, even if it varies from a term's ordinary meaning." *Digit. Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 776 (2018) (cleaned up).

### i.    Parts that *may become* receivers are not receivers.

Congress carefully defined its terms in the Gun Control Act. The primary definition of "firearm" in the GCA contains three parts: "any weapon (including a starter gun) which [1] will or [2] is designed to or [3] may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A). Under this primary definition, a firearm is first and foremost a *weapon*. Underscoring that point, Congress explicitly named starter guns in the definition because starter guns are not obviously weapons. Then, because weapon parts also are not "weapons," Congress created a secondary definition covering specific weapon parts: "the frame or receiver of any such weapon." *Id.* § 921(a)(3)(B).[61] Notably, Congress did not cover all weapon parts—only frames and receivers. And *only* the frames and receivers "of any such weapon" that Congress described in its primary definition.

Because Congress did not define "frame or receiver," the words receive their ordinary meaning. *See* 18 U.S.C § 921 (defining other terms); *Kaluza*, 780 F.3d at 659. Contrary to Defendants' assertion, in an interpretive dispute over a statutory term's meaning, the Court does not simply "leav[e] the precise definition of that term to the discretion and expertise of ATF."[62]

---

[61] The Gun Control Act defines "firearm" in full as: "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." *Id.* § 921(a)(3).

[62] Defs.' Supp. Br. Regarding Count I 9, ECF No. 132 (citing no supporting authority for the proposition that agency's definition of an unambiguous statutory term controls).

23-10718.4767

Nor is the Court bound by the agency's definition of an unambiguous statutory term, even if the ATF has "long provided regulations defining . . . 'frame or receiver.'"[63]

Plaintiffs do not take issue with ATF's 1978 definition of "frame or receiver." This is because, as Defendants themselves acknowledge, ATF's prior regulatory definitions have been "*consistent with common and technical dictionary definitions*."[64] Statutory construction entails "follow[ing] the plain and unambiguous meaning of the statutory language, [and] interpreting undefined terms according to their ordinary and natural meaning and the overall policies and objectives of the statute. In determining the ordinary meaning of terms, dictionaries are often a principal source." *NPR Invs., L.L.C. ex rel. Roach v. United States*, 740 F.3d 998, 1007 (5th Cir. 2014) (cleaned up). Near the time of the GCA's enactment in 1968, Webster's Dictionary defined "frame" as "the basic unit of a handgun which serves as a mounting for the barrel and operating parts of the arm" and "receiver" as "the metal frame in which the action of a firearm is fitted and which the breech end of the barrel is attached." *Webster's Third International Dictionary* 902, 1894 (1971).[65] ATF's prior regulatory definition, which defined "frame or receiver" as "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel," tracks that common definition.[66] Title and Definition Changes, 43 Fed. Reg. at 13,537.

---

[63] Defs.' Supp. Br. Regarding Count I 6–7, ECF No. 132. Even if the phrase "frame or receiver" was ambiguous, the Court would not defer to ATF's interpretation under *Chevron* because Defendants have not invoked the doctrine in this case, because the statute in question imposes criminal penalties, and because the Final Rule is a reversal of the ATF's prior interpretive position. *Cargill v. Garland,* 57 F.4th 447, 464–68 (5th Cir. 2023); Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 17–18, ECF No. 41.

[64] Defs.' Supp. Br. Regarding Count I 9, ECF No. 132 (emphasis added).

[65] *See also John Olson*, *Olson's Encyclopedia of Small Arms* 72 (1985) (defining a receiver as "the part of a gun that takes the charge from the magazine and holds it until it is seated in the breech. Specifically, the metal part of a gun that houses the breech action and firing mechanism").

[66] ATF's 1968 definition of "frame or receiver" was identical. *Commerce in Firearms and Ammunition*, 33 Fed. Reg. 18,555, 18,558 (Dec. 14, 1968).

23-10718.4768

But the Final Rule's amended definition of "frame or receiver" does not accord with the ordinary meaning of those terms and is therefore in conflict with the plain statutory language. Departing from the common understanding of "frame or receiver," Defendants now assert ATF's authority to regulate "partially complete, disassembled, or nonfunctional frame[s] or receiver[s]" that are "designed to or may readily be completed, assembled, restored, or otherwise be converted to function as a frame or receiver." 27 C.F.R. § 478.12(c). The parts must be "clearly identifiable as an unfinished component part of a weapon." *Id.* In deciding whether something is a partially complete frame or receiver, ATF may consider other materials such as molds, instructions, and marketing materials "that are sold, distributed, or possessed with the item." *Id.*

As this Court has previously discussed, the definition of "firearm" in the Gun Control Act does not cover all firearm parts. It covers specifically "the frame or receiver of any such weapon" that Congress defined as a firearm. 18 U.S.C. § 921(a)(3)(B). And that which *may become* or *may be converted to* a functional receiver is not itself a receiver. Congress could have included firearm parts that "may readily be converted" to frames or receivers, as it did with "weapons" that "may readily be converted" to fire a projectile. *Id.* § 921(a)(3)(A), (a)(4)(B). But it omitted that language when talking about frames and receivers. "[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Collins v. Yellen*, 141 S. Ct. 1761, 1782 (2021) (citation and internal quotation marks omitted). Likewise, when Congress uses a phrase in one part of a definition and excludes that phrase from another part of the very same definition, courts should give effect to Congress's deliberate exclusion.

Congress excluded other adjectives that ATF adds to its definition. Specifically, the Final Rule covers "disassembled" and "nonfunctional" frames and receivers. 27 C.F.R. § 478.12(c).

23-10718.4769

Congress's definition does not. Again, compare the language in Congress's primary definition of "firearm" to its secondary definition covering frames and receivers. The primary definition of "firearm" includes any "weapon" that "is designed to" fire a projectile. 18 U.S.C. § 921(a)(3)(A). That language covers disassembled, nonfunctional, and antique firearms because they are "designed" to fire projectiles even if they are practically unable to do so. But Congress wanted to exclude antiques, so it explicitly said the "term does not include an antique firearm," once again demonstrating awareness of the scope of the language it chose. *Id.* § 921(a)(3). In contrast, Congress did not choose to cover firearm parts that are "designed" to be frames or receivers—that is, incomplete, nonfunctional frames or receivers. "That omission is telling," particularly when Congress used the more expansive terminology in the same definition. *Collins*, 141 S. Ct. at 1782. In sum, ATF's new definition of "frame or receiver" in 27 C.F.R. § 478.12(c) is facially unlawful given its conflict with the ordinary meaning of those terms as read within their immediate statutory context. *Sturgeon*, 577 U.S. at 438 (cleaned up).

The Court's earlier acknowledgement that ATF does indeed have discretion to decide "whether a particular component is a frame or receiver" based upon that component's "degree of completeness" does not alter this analysis.[67] Relying on the Court's acknowledgement, Defendants claim that is all the Final Rule purports to do: "provide[] more specific guidance about the criteria ATF uses in making th[e] determination" whether a component is a frame or receiver.[68] But that is not all the regulation does. Rather, the Final Rule sets outs the criteria ATF will use to determine whether a component "may readily be . . . *converted to function*" as a frame or receiver. 27 C.F.R. § 478.12(c) (emphasis added). As the Court previously explained, the issue in this case is whether ATF may properly regulate a component as a "frame or receiver" even after ATF determines that

---

[67] Mem. Opinion 10, ECF No. 56.
[68] Defs.' Supp. Br. Regarding Count I 10, ECF No. 132.

23-10718.4770

the component in question is *not* a frame or receiver.[69] It may not. Logic dictates that a part cannot be both *not yet* a receiver and receiver at the same time. Defendants' reliance on that logical contradiction is fatal to their argument.

Predictably, Defendants disagree with the Court's interpretation of how the regulation operates and argue that "the Final Rule's amended definition treats a component as a frame or receiver only when ATF has determined that the component *is* a frame or receiver."[70] Again, a plain reading of the Final Rule's text belies this objection.[71] A part that has yet to be completed or converted to function as frame or receiver is *not* a frame or receiver. ATF's declaration that a component is a "frame or receiver" does not make it so if, at the time of evaluation, the component does not yet accord with the ordinary public meaning of those terms.

Thus, the Court's prior acknowledgment that "[a]n incomplete receiver may still be a receiver *within the meaning of the statute*, depending on the degree of completeness" is not a contradiction.[72] To be a receiver "within the meaning of the statute" requires that the particular component possess all the attributes of a receiver as commonly understood (i.e., the component must "provide[] housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel") at the point of evaluation, not "readily" in the near term.

Nevertheless, Defendants continue to press their case with reference to historical agency action. Defendants offer several classification letters in which ATF previously determined that a particular component was (or was not) a "firearm" for purposes of the GCA based on the item's

---

[69] *Id.*

[70] *Id.*

[71] Nor do Defendants invoke *Auer* deference here.

[72] Mem. Opinion 10, ECF No. 56 (emphasis added).

23-10718.4771

stage of manufacture.[73] They contend that this historical practice proves that ATF does, in fact, hold statutory authority to regulate firearm components that may "readily" become a frame or receiver.[74] But historical practice does not dictate the interpretation of unambiguous statutory terms. The ordinary public meaning of those terms does. If these administrative records show, as Defendants contend, that ATF has previously regulated components that are not *yet* frames or receivers but could *readily be converted into* such items, then the historical practice does nothing more than confirm that the agency has, perhaps in multiple specific instances over several decades, exceeded the lawful bounds of its statutory jurisdiction.[75] That the agency may have historically acted *ultra vires* does not convince the Court it should be permitted to continue the practice.

Finally, Defendants argue that the Final Rule's redefinition of the "frame or receiver" is appropriate because it better achieves the goals Congress intended to accomplish in enacting the federal firearms laws.[76] They warn that "[u]nder any other approach, persons could easily circumvent the requirements of the GCA and NFA by producing or purchasing almost-complete [purported] frames or receivers that could easily be altered to produce a functional frame or receiver."[77] But "the best evidence of Congress's intent is the statutory text." *NFIB v. Sebelius*, 567 U.S. 519, 544 (2012). And the text of 18 U.S.C. § 921(a)(3), read in context, indicates that when Congress sought to regulate *parts* of weapons, it did so meticulously. Vague countervailing assertions about Congress's purpose in enacting the federal firearms laws do not override this analysis.

---

[73] *See* Defs.' Supp. Br. Regarding Count I 7–10, ECF No. 132.

[74] *See id.*

[75] *Id.* at 8 ("Under the previous definition, then, ATF regularly applied the definition of 'frame or receiver' to some unfinished or incomplete frames or receivers if they had reached a sufficiently advanced stage of the manufacturing process that they *could be readily converted to a functional state*.").

[76] *Id.* at 11.

[77] *Id.*

23-10718.4772

### ii.    A weapon parts kit is not a firearm.

The Gun Control Act defines a "firearm" as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3). The Final Rule amends that definition, adding that the term "firearm" "shall include a weapon parts kit that is designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive." 27 C.F.R. § 478.11 (definition of "firearm"). But that language conflicts with the statute's definition of "firearm."

As this Court previously concluded, ATF has no general authority to regulate weapon parts.[78] When Congress enacted the GCA, it replaced the FFA that authorized regulation of "any part or parts of" a firearm. Federal Firearms Act of 1938, Ch. 850, Pub. L. No. 75-785, 52 Stat. 1250, 1250 (1938) (repealed 1968). In proposing the new regulation, Defendants even acknowledged as much.[79] Instead, under the GCA, the only firearm parts that fall under ATF's purview are "the frame or receiver of any such weapon" that Congress defined as a firearm. 18 U.S.C. § 921(a)(3)(B). But the Final Rule goes further by regulating weapon parts kits (that is, "aggregations of weapon parts")[80] that are "designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive." 27 C.F.R. § 478.11.

---

[78] Mem. Opinion, ECF No. 56.

[79] *Definition of "Frame or Receiver" and Identification of Firearms* ("Proposed Rule"), 86 Fed. Reg. 27,720, 27,720 (May 21, 2021) ("Congress recognized that regulation of all firearm parts was impractical. Senator Dodd explained that '[t]he present definition of this term includes "any part or parts" of a firearm. It has been impractical to treat each small part of a firearm as if it were a weapon. The revised definition substitutes the words "frame or receiver" for the words "any part or parts."'").

[80] Defs.' Resp. to Mot. for Prelim. Inj. 13, ECF No. 41.

23-10718.4773

The GCA covers "any *weapon*" that is "designed to" or "may readily be converted to" fire a projectile. 18 U.S.C. § 921(a)(3)(A) (emphasis added). And Defendants contend that weapon parts kits satisfy this definition because they are clearly "'designed to' fire a projectile" and are sold to customers "for the sole purpose of assembling the kits into functional weapons capable of firing a projectile."[81] They say "[a] weapon parts kit is nothing more than a disassembled, currently nonfunctional weapon incapable of firing a projectile in its present form, but that is designed and intended to be assembled or completed to do so."[82] But Congress's definition does not cover weapon *parts*, or aggregations of weapon parts, regardless of whether the parts may be readily assembled into something that may fire a projectile. To read § 921(a)(3)(A) as authorizing ATF to regulate any aggregation of weapon parts that may readily be converted into a weapon would render § 921(a)(3)(B)'s carveout for "frame[s] or receiver[s]" superfluous. Accepting Defendants' interpretation would be to read the statute as authorizing regulation of (A) weapon parts generally, and (B) two specific weapon parts. *SEC v. Hallam*, 42 F.4th 316, 337 (5th Cir. 2022) (noting courts should be "hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law") (citation omitted). This despite Congress's purposeful change in the law between the FFA and the GCA, which limited agency authority to regulation of only frames and receivers. "When Congress acts to amend a statute, [courts] presume it intends its amendment to have real and substantial effect." *Id.* (quoting *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768, 779 (2020)).

The statutory context repeatedly confirms that Congress intentionally chose not to regulate "weapon" parts generally. As further evidence, look to § 921(a)(4)(C), which does allow for the regulation of "parts," but only parts of "destructive devices"—one of the four statutory sub-

---

[81] Defs.' Supp. Br. Regarding Count I 13, ECF No. 132.
[82] *Id.* at 14.

23-10718.4774

definitions of "firearm." *Id.* § 921(a)(3)(D). The term "destructive device" is defined as "any explosive, incendiary, or poison gas," such as a bomb, grenade, mine, or similar device. *Id.* § 921(a)(4)(A). The definition of "destructive device" also includes "any type of weapon" that "may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter." *Id.* § 921(a)(4)(B). For example, suppose a manufacturer tried to sell a parts kit to make a homemade grenade. ATF could regulate that parts kit because it can regulate "any combination of parts either designed or intended for use in converting any device into" a grenade, from which a grenade "may be readily assembled." *Id.* § 921(a)(4)(C). Likewise for bombs, rockets, missiles, and other destructive devices. But commonly sold firearms such as 9mm pistols or .223 rifles do not fall under the specialized definition of "destructive devices," so weapon parts kits for those firearms cannot be properly regulated as components of "destructive devices." *Id.* § 921(a)(4).

In sum, the Gun Control Act's precise wording demands precise application. Congress *could have* described a firearm as "any combination of parts" that would produce a weapon that could fire a projectile. It used that language elsewhere in the definition. *Id.* § 921(a)(4)(C). Congress could have described a firearm as any part "designed" to be part of a weapon. It used that language, too. *Id.* § 921(a)(3)(A), (a)(4)(C). Congress could have described a firearm as a set of parts that "may be readily assembled" into a weapon, as it did for "destructive device." *Id.* § 921(a)(4)(C). Congress could have written all those things, and the very definition of "firearm" demonstrates that Congress knew the words that would accomplish those ends.[83] But Congress did

---

[83] Congress's definition of "machinegun" elsewhere in the U.S. Code is a great example of a definition that would fit the kind of rule ATF has in mind:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by

23-10718.4775

not regulate firearm parts as such, let alone aggregations of parts that are "designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive." 27 C.F.R. § 478.11. Accordingly, the Final Rule's attempt to regulate weapon parts kits lacks statutory support.

As the Court has previously discussed, Defendants' arguments that the Final Rule's regulation of weapon parts kits is consistent with existing judicial interpretations of the Gun Control Act are unavailing.[84] Defendants' cited cases demonstrate that courts understand the constraints of the Gun Control Act's definitions. The only Fifth Circuit case Defendants cite held that a disassembled shotgun was still a "firearm" under the Gun Control Act's definition. *See United States v. Ryles*, 988 F.2d 13, 16 (5th Cir. 1993). There, the government argued the shotgun "was only 'disassembled' in that the barrel was removed from the stock and that it could have been assembled in thirty seconds or less." *Id.* But the Fifth Circuit only agreed after surveying other cases in which courts held that inoperable weapons were still firearms "so long as those weapons 'at the time of the offense did not appear clearly inoperable.'" *Id.* No weapon parts kit would pass that test, and Defendants do not claim they would.[85]

---

a single function of the trigger. The term shall also include the frame or receiver of any such weapon, *any part* designed and intended solely and exclusively, or *combination of parts* designed and intended, for use in converting a weapon into a machinegun, *and any combination of parts from which a machinegun can be assembled* if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b) (emphases added); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 448 n.3 (2006) ("Our more natural reading is confirmed by the use of the word 'contract' elsewhere in the United States Code . . . .").

[84] *See* Defs.' Supp. Br. Regarding Count I 13; Defs.' Resp. to Mot. for Prelim. Inj. 20–21, ECF No. 41.

[85] The best case in support of Defendants is *United States v. Wick*, 697 F. App'x 507 (9th Cir. 2017), in which the Ninth Circuit upheld a conviction for unlicensed firearm dealing based on evidence that the defendant had sold a "complete Uzi parts kits that could 'readily be converted to expel a projectile by the action of an explosive,' thus meeting the statute's definition of a firearm." *Id.* at 508 (quoting 18 U.S.C. § 921(a)(3)(A)). But *Wick* is outside this circuit, nonprecedential, and contains no analysis of the statutory text.

23-10718.4776

In sum, there is a legal distinction between a weapon parts kit, which may be an aggregation of partially manufactured parts not subject to the agency's regulatory authority, and a "weapon" which "may readily be completed [or] assembled . . . to expel a projectile." 18 U.S.C. § 921(a)(3)(A). Defendants contend that drawing such a distinction will produce the absurd result whereby a person lawfully prohibited from possessing a firearm can obtain the necessary components and, given advances in technology, self-manufacture a firearm with relative ease and efficiency.[86] Even if it is true that such an interpretation creates loopholes that as a policy matter should be avoided, it not the role of the judiciary to correct them. That is up to Congress. And until Congress enacts a different statute, the Court is bound to enforce the law as written.

*     *     *     *

Because the Final Rule purports to regulate both firearm components that are not yet a "frame or receiver" and aggregations of weapon parts not otherwise subject to its statutory authority, the Court holds that the ATF has acted in excess of its statutory jurisdiction by promulgating it.

### 4. Remedy

The proper remedy for a finding that an agency has exceeded its statutory jurisdiction is vacatur of the unlawful agency action. While Defendants claim the APA does not allow for such

---

Defendants' remaining cases are even less applicable. *See United States v. Stewart*, 451 F.3d 1071, 1073 n.2 (9th Cir. 2006) (affirming the district court's denial of an evidentiary hearing on whether probable cause supported a search warrant based on the defendant's possession of weapon parts kits that could "readily be converted" into firearms), *overruled on other grounds by Dist. of Columbia v. Heller*, 554 U.S. 570, 594–95 (2008); *United States v. Annis*, 446 F.3d 852, 857 (8th Cir. 2006) (affirming a sentence enhancement for possession of a firearm because the defendant had a disassembled rifle but "could easily 'make the rifle operational in just a few seconds by putting the bolt in'"); *United States v. Theodoropoulos*, 866 F.2d 587, 595 n.3 (3d Cir. 1989) (affirming a conviction for possession of an unregistered, disassembled machine pistol), *overruled by United States v. Price*, 76 F.3d 526 (3d Cir. 1996).

[86] *See* Defs.' Supp. Br. Regarding Count I 14, ECF No. 132; Defs.' Resp. to Mot. for Prelim. Inj. 1–3, ECF No. 41.

a remedy, the Fifth Circuit says otherwise. *Data Mktg. P'ship, LP v. United States Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022) (permitting vacatur under 5 U.S.C. § 706(2)).[87] While in some cases the court may remand a rule or decision to the agency to cure procedural defects, the Fifth Circuit considers vacatur the "default rule" for agency action otherwise found to be unlawful. *Id.* at 859–60; *accord Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75, 375 n.29 (5th Cir. 2022) (concluding that "[v]acatur is the *only* statutorily prescribed remedy for a successful APA challenge to a regulation") (emphasis added). The D.C. Circuit agrees. *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action . . . . In rare cases, however, we do not vacate the action but instead remand for the agency to correct its errors."). Whether remand-without-vacatur is the appropriate remedy "turns on two factors: (1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive consequences of vacatur." *Id.* (cleaned up).

Vacatur is appropriate given the Court's conclusion that the ATF has exceeded its statutory authority. An illegitimate agency action is void *ab initio* and therefore cannot be remanded as there is nothing for the agency to justify. Defendants tacitly acknowledge this, noting that "if vacatur is authorized under the APA, it is not warranted here in the event that Plaintiffs succeed on the merits of any *procedural claim*, because the agency can likely correct any such error on remand."[88]

---

[87] Defendants argue that any Fifth Circuit precedent recognizing the permissibility of vacatur is not binding, because those decisions did not squarely address the issue of whether the APA authorizes such a remedy. Defs.' Reply 52–53. As such, Defendants contend this Court may not be bound by a legal "assumption" of a Fifth Circuit panel. *Ochoa-Salgado v. Garland*, 5 F.4th 615, 619 (5th Cir. 2021). But even if this Court is not bound by the Circuit's view that the APA permits vacatur, Defendants have not offered a compelling justification why this Court should depart from the mass of persuasive authority—developed over decades—that has assumed that vacatur is permissible. *See* Mila Sohoni, *The Power to Vacate a Rule*, 88 Geo. Wash. L. Rev. 1121, 1178 n.270 (2020) (collecting cases from all Circuits).
[88] Defs.' Reply 53, ECF No. 204 (emphasis added).

23-10718.4778

Moreover, vacating the unlawful assertion of the agency's authority would be minimally disruptive because vacatur simply "establish[es] the status quo" that existed for decades prior to the agency's issuance of the Final Rule last year. *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022).

Defendants argue that any vacatur should only be applied to the parties before the Court while citing no binding authority in support.[89] But such a remedy is more akin to an injunction that would prohibit the agencies from enforcing their unlawful Final Rule against only certain individuals. And indeed, "[t]here are meaningful differences between an injunction, which is a 'drastic and extraordinary remedy,' and vacatur, which is 'a less drastic remedy.'" *Id.* at 219 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)) (assuming the availability of vacatur under the APA)). "[A] vacatur does nothing but re-establish the status quo absent the unlawful agency action. Apart from the . . . statutory basis on which the court invalidated an agency action, vacatur neither compels nor restrains further agency decision-making." *Id.* at 220. Thus, the Court applies the default remedy and **VACATES** the Final Rule on grounds that the agency acted beyond the scope of its legitimate statutory authority in promulgating it.

Finally, because vacatur provides Plaintiffs full relief, the Court will not address the parties' remaining statutory claims, all of which raise procedural defects that might properly result in remand of the Final Rule that the Court has already deemed vacated.

V.   **CONCLUSION**

In sum, the Court **GRANTS** Original Plaintiffs' unopposed Motion for Leave to Provide Supplemental Authority, and the Court **DENIES** JSD Supply's proposed Motion for Injunction as prematurely filed. The Court **GRANTS** Intervenor-Plaintiffs JSD Supply's and Polymer80's Motions to Intervene. Further, for the reasons discussed, the Court **GRANTS** Plaintiffs' and

---

[89] Defs.' Reply 54–55, ECF No. 204.

23-10718.4779

Intervenor-Plaintiffs' Motions for Summary Judgment, **DENIES** Defendants' Cross-Motion, and **VACATES** the Final Rule. Separate final judgment shall issue as to the appropriate parties and claims. As discussed, Polymer80 may move for summary judgment on its unique claims to the extent those remaining claims are not mooted by this decision.

      **SO ORDERED** this **30th day** of **June, 2023**.

Reed O'Connor

**Reed O'Connor**

**UNITED STATES DISTRICT JUDGE**

23-10718.4780

TAB 4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNIFER VANDERSTOK, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BLACKHAWK MANUFACTURING** | § | |
| **GROUP INC., et al.,** | § | |
| | § | **Civil Action No. 4:22-cv-00691-O** |
| **Intervenor Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MERRICK GARLAND, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>FINAL JUDGMENT</u>

This Judgment is issued pursuant to Fed. R. Civ. P. 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Plaintiffs' and Intervenor-Plaintiffs' motions for summary judgment on grounds that the Final Rule was issued in excess of ATF's statutory jurisdiction (Counts I and III) are **GRANTED** and Defendants' cross-motion for summary judgment as to those claims are **DENIED**.

2. On these grounds, the Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (codified at 27 C.F.R. pts. 447, 478, and 479 (2022)), is hereby **VACATED**.

3. The parties' remaining claims are **DENIED** as moot.[1]

4. All other relief not expressly granted herein is denied.

   **SO ORDERED** this **5th day** of **July, 2023**.


_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**

---

[1] Orig. Pls.' Am. Compl., ECF No. 93 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates APA's Notice and Comment Requirement (Count II), Violates APA's Ban on Arbitrary and Capricious Conduct (Count III), Violates Nondelegation Principles (Count IV), Violates Take Care Clause (Count V), Violates Due Process (Count VI), Violates the First Amendment (Count VII)).

See also BlackHawk's Compl., ECF No. 99 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates Separation of Powers (Count II), is Unconstitutionally Vague (Count III), is Arbitrary and Capricious (Count IV), Violates the APA's Procedural Requirements (Count V), Violates the Nondelegation Doctrine (VI), is Contrary to Constitutional Right, Power, Privilege, or Immunity (VII), Violates the Commerce Clause (VIII), Unlawfully Chills First Amendment Speech (IX), Constitutes an Unconstitutional Taking Without Just Compensation (Count X)).

See also Defense Distributed, et al.'s Compl., ECF No. 143 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates the APA's Procedural Requirements (Counts II and IV), Violates Delegation Principles (Count III), Violates the Second Amendment (Count V), Violates Due Process (Count VI)).

See also Polymer80's Compl., ECF No. 229 (claiming Final Rule: Violates Separation of Powers (Count I), Exceeds Statutory Authority (Count III), Violates Nondelegation Doctrine (Count V), Violates APA's Procedural Requirements (Counts VII and XII), is Arbitrary and Capricious (Count IX), Violates First Amendment (Count XV), Violates Second Amendment (Count XIV), is Unconstitutionally Vague (Count XIII), Exceeds Limits of Commerce Clause (Count XVI), Violates the Takings Clause (Count XVII)).

As discussed in the Court's Memorandum Opinion, Polymer80, Inc. may move for summary judgment on any remaining claims not mooted by the Court's opinion. Mem. Opinion at 16, ECF No. 227. Polymer80 **SHALL** file a notice on the docket **no later than July 12, 2023**, informing the Court whether its remaining claims are moot and, if so, proposing an order of Final Judgment as to those claims.

See also JSD Supply's Compl., ECF No. 230 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates Separation of Powers (Count II), is Unconstitutionally Vague (Count III), is Arbitrary and Capricious (Count IV), Violates APA's Procedural Requirements (Count V), Violates the Nondelegation Doctrine (Count VI), is Contrary to Constitutional Right, Power or Privilege (Count VII), Violates the Commerce Clause (Count VIII), Violates First Amendment (Count IX), Violates the Takings Clause (Count X)).

23-10718.4858

TAB 5

2 0 APR 1978

T:T:F:CHB
7540

Mr. Dan C. Kingsland
American Arms and Ammunition Corporation
915 NW. 72nd Street
Miami, Florida 33150

Dear Mr. Kingsland:

This is in reply to your letter of March 15, 1978, and enclosed samples which were received by our office on March 21, 1978.

Section 921(a)(3) of Title I of the Gun Control Act of 1968 defines the term firearm to include (A) any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive; and (B) the frame or receiver of any such weapon.  The three samples which were received are identified as follows:

1.  Norton Model TP-70 pistol, caliber .25, serial number 005.
2.  Rough frame as received from casting company.
3.  Machined frame which you propose to import from a foreign source.

Our examination reveals that Item 2, the rough frame, is not a firearm as defined.  However, Item 3, the machined frame, has reached a stage of manufacture such that it may be readily converted to functional condition.  Therefore, it is a firearm and is subject to all applicable controls under the provisions of the Act and the implementing regulations in Part 178, Title 27, Code of Federal Regulations.  This frame would not be approved for importation into the United States under Section 925(d)(3) of the Act.

It is our further determination that eliminating either the grooves for the slide rails or the grooves for the barrel rails from the machined frame, would not be sufficient to exempt it from controls under the Act.



-2-

Mr. Dan C. Kingsland

We regret that our response in this matter has not been more
favorable.  If you have any further questions, please feel free
to contact us.

Sincerely yours,

Chief, Firearms Technology Branch

CHBARTLETT:psc:4-8-78

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|------|-----------|----------|----------|----------|----------|----------|----------|
| | *T.T.F* | *T.T.F* | | | | | |
| SUR-NAME | *Bartlett* | *Vomovici* | | | | | |
| DATE | *4/17/78* | *4/19/78* | | | | ATF000011 | |

ATF F 1325.6 (2-75)                                    CORRESPONDENCE APPROVAL AND CLEARANCE                    DEPARTMENT OF THE TREASURY
REPLACES ATF FORM 92 (9-73) WHICH MAY BE USED                                                    BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

 **AMERICAN ARMS & AMMUNITION CORPORATION**

Dear Sir:

Pursuant to my telephone conversation of 14 March 1978 with your Mr. Bartlett, under separate cover we are forwarding you the following items for examination:

      1 Norton TP-70 Pistol, Complete S/N 005, 25 Cal.

      1 Frame as received from our casting company

      1 Frame as we would like to have it machine from
      an off shore source

We would like to have some of our castings forwarded to a machine shop outside the United States for partial machining. Upon completion, they would be returned to us for final machining and assembly. Our purpose is to lighten the burden on our equipment to increase production without expending large sums of money for additional equipment and labor.

We presently have in mind a company located in Portugal with the necessary equipment and machine time available.

We are open to any suggestions or changes that you might have after your examination of the above items and look forward to your reply.

In the meantime, should you require any additional information, please feel free to contact me.

           Very truly yours,

           *Dan C. Kingsland*

DCK/id           Dan C. Kingsland
Encl: FFL's       Executive Vice President

**915 N.W. 72nd STREET, MIAMI, FLORIDA 33150 • PHONE: AREA 305-836-9112**

Bureau of Alcohol, Tabacco & Firearms
Room B-230
Attn: Chief, Firearms Technical Brance    15 March 1978
12 Pennsylvania Ave.
Washington, D.C. 20226

ATF000012



**1 1 JUN 1980**

T:T:F:CIB
7540

Mr. William M. York
York Arms Company
Hurricane, Utah  84737

Dear Mr. York:

This refers to your letter of April 4, 1980, in which you ask about the meaning of the phrase "readily converted to a functional condition."

Due to the vast variation in firearms design, construction, material, production techniques, and other variables, it is not possible to provide you with a simple answer to your question which would be applicable in all cases.  Certainly, if an unfinished receiver could be converted to functional condition within a few hours time using common hand tools, or simple grinding, cutting, drilling, or welding operations, it would likely qualify as a firearm.  However, for us to provide you with a positive determination regarding the status of any particular unfinished receiver, it would be necessary for us to examine a sample.

We trust that the foregoing has been responsive to your inquiry. If we can be of further assistance, please contact us.

Sincerely yours,

Edward M. Owen, Jr.
Chief, Firearms Technology Branch

CIBARTLETT:sp1:6-10-80

cc:  SAC Office

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|------|-----------|----------|----------|----------|----------|----------|----------|
| T:T:F | | | | | | | |
| SUR-NAME | Bartlett | Owen | | | | | |
| DATE | 6/10/80 | 6/11/80 | | | | | |

ATF F 1323.6 (2-79)
REPLACES ATF FORM 82 (2-78) WHICH MAY BE USED

CORRESPONDENCE APPROVAL AND CLEARANCE

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

Ex D²



- 3 MAY 1983

C:F:TK:CWB
7540

Mr. Henry A. Roehrich
SGW, Incorporated
624 Old Pacific Highway SE
Olympia, Washington  98503

Dear Mr. Roehrich:

This refers to your letter of March 25, 1983, in which you ask
about the status of an unfinished AR-15 type firearm receiver
which you submitted for our examination.

Examination of the sample reveals that it is identifiable as
the receiver of a firearm.  It is basically complete except
that the interior cavity has not been milled.  For test
purposes, the interior of the sample was drilled out using a
5/8 inch drill and then finished with a 1/2 inch rotary file.
Approximately 75 minutes time was required to make the
receiver functional.

Based on our examination, we have determined that the unfinished
receiver as provided, is still a firearm subject to the
provisions of the Gun Control Act of 1968.  Should a customer
of yours require unfinished receivers of this type, without
conventional serial number or other markings, we would be
happy to consider your request for a variance from the marking
requirements in Title 27, Code of Federal Regulations (CFR),
Part 178, Section 178.92.

An alternate form of identification may be approved only if
it is determined that the proposed markings are reasonable
under the particular circumstances involved, and will not
hinder effective administration of the law and implementing
regulations.  Your customer must be a licensed manufacturer
of firearms who will apply all required markings to the
finished receiver.  Further, it will be necessary for you to
apply some sort of identifying mark to the unfinished receiver
to identify SGW as the original manufacturer.

We trust that the foregoing has been responsive to your inquiry.
If you have further questions concerning this matter, please
do not hesitate to contact us.

Sincerely yours,


Edward M. Owen, Jr.
Chief, Firearms Technology Branch

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023, I electronically filed the foregoing

Record Excerpts with the Clerk of the Court for the United States Court of Appeals

for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case

are registered CM/ECF users, and service will be accomplished by the appellate

CM/ECF system except for counsel listed below, who will be served by US Mail:

Dennis Daniels
Bradley Arant Boult Cummings, L.L.P.
1445 Ross Avenue, Suite 3600
Fountain Place
Dallas, TX 75202

*s/ Sean R. Janda*
Sean R. Janda