No. 23-10718

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,

Plaintiffs-Appellees,

Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms; Defense Distributed; Second Amendment Foundation, Incorporated; Not An L.L.C., doing business as JSD Supply; Polymer80, Incorporated,

Intervenor Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,

Defendants-Appellants.

---

On Appeal from the United States District Court
for the Northern District of Texas

---

**EMERGENCY MOTION PURSUANT TO
CIRCUIT RULE 27.3 TO VACATE INJUNCTION PENDING APPEAL**

---

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

ABBY C. WRIGHT
COURTNEY L. DIXON
*Attorneys, Appellate Staff
Civil Division, Room 7246
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
202-353-8189*

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ...........................................................................1

STATEMENT .................................................................................................................2

ARGUMENT .................................................................................................................6

CONCLUSION ........................................................................................................... 10

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

ADDENDUM

## INTRODUCTION AND SUMMARY

The government moves to vacate the extraordinary injunction pending appeal entered by the district court in this case. Failing to heed the Supreme Court's direction that the Rule challenged here remain in effect pending appeal, the district court decreed, in direct contravention of that order, that the Rule not be enforced against two plaintiffs. In so doing, the district court pointed to no other instance in which a district court granted an injunction in the face of a Supreme Court (or court of appeals) stay of its order. Because the district court's order fails to comply with basic tenets of the hierarchical review inherent in the American legal system, it must be vacated.

This Court is familiar with the facts and procedural history of this appeal, which arises from the district court's vacatur of a final rule issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to address the rapid proliferation of untraceable firearms commonly known as "ghost guns." *See* 87 Fed. Reg. 24652 (Apr. 26, 2022). On August 8, 2023, the Supreme Court granted the government's application for a stay of the district court's judgment pending appeal, staying the district court's vacatur in full and allowing the government to implement the Rule pending the disposition of this appeal and the disposition of any timely petition for a writ of certiorari. *See Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383, at *1 (Aug. 8, 2023).

Despite the Supreme Court's conclusion that the government should be permitted to implement the Rule during the pendency of this appeal, the district court on September 14, 2023, granted two plaintiffs' motions for an injunction pending appeal and enjoined the government "from implementing and enforcing" the challenged portions of the Rule against those plaintiffs "pending the disposition" of this appeal and any timely petition for a writ of certiorari. Add. 42. In entering an injunction pending appeal, the district court did not identify any change in the facts or law since the Supreme Court's stay decision. Rather, the district court relied on its prior decision granting summary judgment in plaintiffs' favor, which the district court viewed as "law of the case" establishing that plaintiffs have a "legal right" to relief. *See* Add. 23, 36-37.

In light of the significant interests involved, and to allow the government an opportunity to seek relief from the Supreme Court if necessary, the government respectfully requests a ruling on this motion on or before September 29, 2023.

## STATEMENT

The statutory, regulatory, and procedural background of this appeal are set out fully in the government's merits brief and are discussed here only as relevant to the government's motion.

**1.** This case concerns a final rule promulgated by ATF to address the exponential rise in the number of untraceable firearms commonly known as "ghost guns." 87 Fed. Reg. 24652 (Apr. 26, 2022). Plaintiffs—two individual firearms

owners, two advocacy organizations, and five entities that manufacture or distribute products regulated by the Rule—filed or intervened in this suit to challenge the portions of the Rule that define a "firearm" to include certain weapon parts kits that may be readily assembled into an operational weapon and that define a "frame or receiver" of a firearm to include some partially complete, disassembled, or nonfunctional frames or receivers.

The district court granted plaintiffs' motions for summary judgment, holding that ATF exceeded its statutory jurisdiction in adopting the challenged portions of the final rule. *See* ROA.7443-80. The district court vacated the Rule in its entirety and entered final judgment.

The government filed a notice of appeal and moved in this Court for a stay pending appeal. This Court granted the government's motion in part, staying the vacatur as to the portions of the Rule that the district court had not held unlawful. *See* Unpublished Order (July 24, 2023). Those provisions of the Rule are not at issue here.

Because the relief granted by this Court was only partial, the government filed an application with the Supreme Court for a stay of the district court's vacatur pending appeal as to all provisions of the Rule. The government's application requested that the Supreme Court stay "the district court's judgment vacating the Rule" or, at a minimum, "stay the district court's judgment to the extent it applies to nonparties." *See* Gov't Stay Appl., *Garland v. VanDerStok*, No. 23A82, 2023 WL

3

4844058, at *40-41. In opposing the government's request, plaintiffs that manufacture products regulated by the Rule asserted that they would face "irreparable harm" if the district court's vacatur were stayed as to them. *See, e.g.*, Defense Distributed Opp., *Garland v. VanDerStok*, No. 23A82, 2023 WL 5112206, at *15; Blackhawk Opp., *Garland v. VanDerStok*, No. 23A82, 2023 WL 5046747, at *27; VanDerStok Opp., *Garland v. VanDerStok*, No. 23A82, 2023 WL 5046734, at *38. Plaintiffs thus asserted that if the Supreme Court granted relief at all, any stay of the district court's vacatur should be limited to nonparties. *See, e.g.*, Defense Distributed Opp., 2023 WL 5112206, at *7; VanDerStok Opp., 2023 WL 5046734, at *36, 39-40.

On August 8, 2023, the Supreme Court granted the government's stay application and stayed the district court's summary judgment order and judgment "insofar as they vacate the final rule." *See Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383, at *1 (Aug. 8, 2023). The Supreme Court thereby stayed the district court's vacatur with respect to parties and nonparties alike, allowing the government to implement the Rule pending the disposition of this appeal and any timely petition for a writ of certiorari. *See id.* The appeal is now fully briefed and oral argument was held on September 7.

**2.** One day after the Supreme Court granted a stay, plaintiff Defense Distributed—a firearms manufacturer—filed a motion requesting that the district court enter a new "injunction pending appeal" to prohibit the enforcement of the challenged provisions of the Rule against it pending the resolution of this appeal. *See*

4

Defense Distributed Mot. for Inj. Pending Appeal at 1, Dkt. No. 249 (Aug. 9, 2023). Plaintiff Blackhawk Manufacturing Group—also a firearms manufacturer—filed a similar motion. *See* Blackhawk Mot. for Inj. Pending Appeal, Dkt. No. 251 (Aug. 14, 2023).

On September 14, 2023, the district court granted the motions and entered an injunction prohibiting the government "from implementing and enforcing" the challenged provisions of the Rule against those plaintiffs and their customers pending the disposition of this appeal and the disposition of any timely petition for a writ of certiorari. Add. 42. The court first rejected the government's argument that the Supreme Court's stay order precluded the relief plaintiffs sought. *See* Add. 22-24. In the district court's view, the Supreme Court's stay order was limited to "only" the district court's "grant of vacatur" as a remedy and did not disturb the district court's other conclusions. Add. 24.

Relying on its earlier decision granting summary judgment in plaintiffs' favor—which the district court viewed as "law of the case"—the district court then concluded that the plaintiffs had established a likelihood of success on the merits of their claims. *See* Add. 36-37. The district court further held that plaintiffs had established a substantial threat of irreparable harm, emphasizing that the need for an injunction was particularly "urgen[t]" because the plaintiffs were "no longer protected" by the district court's earlier vacatur because of the Supreme Court's stay. Add. 38-39. Finally, the district court concluded that the balance of equities and

5

public interest favored injunctive relief because there is "*no* public interest in the perpetuation of unlawful agency action." Add. 40-41.

    **3.** Following the district court's injunction order, another plaintiff that manufactures products regulated by the Rule—Tactical Machining LLC—filed a similar motion for an injunction pending appeal, which remains pending. *See* Tactical Machining Mot., Dkt. No. 262 (Sept. 15, 2023).

## ARGUMENT

This Court should vacate the district court's extraordinary injunction pending appeal, which directly conflicts with the Supreme Court's stay order and subverts the relief ordered by the Supreme Court.

    **A.** In staying the district court's vacatur, the Supreme Court determined that the government should be permitted to implement the Rule pending the disposition of this appeal and the disposition of any timely petition for a writ of certiorari. *See Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383 (Aug. 8, 2023). That determination necessarily reflects the Supreme Court's conclusions both that the government has established a likelihood of success on the merits and that "the equities" and "the public interest" support implementation of the Rule pending resolution of the appellate process. *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009). Although the Supreme Court was squarely presented with the alternative of staying the district court's vacatur only as to nonparties—leaving the district court's vacatur in

place as to plaintiffs, *see, e.g.*, Gov't Stay Appl., 2023 WL 4844058, at *40-41—the Court declined to limit its stay in that way. Instead, the Supreme Court stayed the district court's vacatur in full, both as to parties and nonparties, despite plaintiffs' arguments that they would suffer irreparable harm if the district court's vacatur were stayed as to them and they were required to comply with the interpretations reflected in the Rule. *See, e.g.*, Defense Distributed Opp., 2023 WL 5112206, at *15; Blackhawk Opp., 2023 WL 5046747, at *27. That should have been the end of the matter.

In granting an injunction pending appeal, however, the district court considered the same arguments as the Supreme Court and reached the opposite conclusion: the district court determined that plaintiffs were likely to succeed on the merits of their claims and that the balance of the equities and the public interest support enjoining the Rule. *See* Add. 36-41. But, of course, the district court was not permitted to "com[e] to opposite conclusions on the precise issues presented and necessarily decided by" the Supreme Court, *see League of United Latin American Citizens v. Abbott*, 951 F.3d 311, 315-16 (5th Cir. 2020) (quotation omitted), just as it would not have been free to grant plaintiffs an injunction in contravention of this Court's partial stay of the Rule's vacatur. Having recognized that the Supreme Court's stay meant plaintiffs were "no longer protected" by the district court's earlier vacatur order, Add. 39, the district court was not free simply to undo the higher court's ruling as to these plaintiffs.

Because the district court's injunction preventing the government from "implementing and enforcing" the Rule against plaintiffs during the pendency of this appeal, Add. 42, directly conflicts with the Supreme Court's determination that the government should be permitted to enforce the Rule as to everyone while this appeal proceeds, the injunction should be vacated.

**B.** None of the district court's attempts to justify its injunctive relief succeeds.

The district court first reasoned that its injunction did not, in fact, conflict with the Supreme Court's stay order because, in the district court's view, the Supreme Court's stay order was limited to only the district court's "grant of vacatur" as a remedy, leaving the district court free to enter injunctive relief specific to plaintiffs. *See* Add. 24. But that is untenable. The Supreme Court was expressly presented with the alternative of staying the district court's vacatur only as to nonparties and thus leaving the district court's vacatur in place with respect to plaintiffs, but the Court rejected that option. In directing that the district court's summary judgment order and judgment be stayed "insofar as they vacate the final rule," *VanDerStok*, 2023 WL 5023383, at *1, the Supreme Court granted the full relief the government requested and stayed all the relief the district court entered, with no suggestion that any alternative relief would have been appropriate. *See Morehouse Enterp., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, -- F.4th ---, 2023 WL 5356626, at *3 n.4 (8th Cir. Aug. 22, 2023) (recognizing, in separate challenge to the Rule, that the Supreme Court "grant[ed] a stay pending appeal as to the entire district court order" in

8

*VanDerStok* and that, as a result of the Supreme Court's order, "the Final Rule will remain in effect in its entirety while the Fifth Circuit considers the appeal").

The district court's reliance on "law of the case" similarly does not support its injunction. *See* Add. 22, 33. Even assuming that a district court's judgment can give rise to "law of the case" with respect to a motion for an injunction pending appeal of that judgment, the law-of-the-case doctrine does not apply where there has been an intervening legal development, such as the Supreme Court's determination here that the Rule should remain in effect pending appeal. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Indeed, if anything, it is the Supreme Court's stay order that is "law of the case" on that question, which the district court was not free to second-guess when presented with the same arguments. *See Volkswagenwerk A.G. v. Falzon*, 461 U.S. 1303, 1304 (1983) (O'Connor, J.) (recognizing that prior grant of stay pending appeal was "the 'law of the case' that a stay would be appropriate"). And the district court's law-of-the-case reasoning would lead to absurd results: it would permit district courts to reissue orders halting (or permitting) agency action where this Court or the Supreme Court has determined otherwise.

**C.** The government respectfully requests a ruling on this motion by September 29, 2023. As explained above, in staying the district court's vacatur pending appeal, the Supreme Court necessarily determined that the equities and public interest weigh in favor of permitting the government to implement the Rule during the pendency of this appeal. The district court's injunction pending appeal directly contravenes that
9

determination and permits two major manufacturers to sell receivers and weapon parts kits regulated under the Gun Control Act without performing background checks. The district court's injunction thereby enables the irreversible flow of large numbers of untraceable ghost guns into our communities. The Supreme Court recognized the threat this poses, and that threat is sufficient to support the request for emergency relief here.

## CONCLUSION

For the foregoing reasons, the injunction pending appeal should be vacated.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

ABBY C. WRIGHT
/s/ Courtney L. Dixon
COURTNEY L. DIXON
*Attorneys, Appellate Staff
Civil Division, Room 7246
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 353-8189*

September 2023

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Courtney L. Dixon*
COURTNEY L. DIXON

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,359 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface. I further certify that this emergency motion complies with the requirements of 5th Cir. R. 27.3 because it was preceded by a telephone call to the Clerk's Office and contact with opposing counsel on September 19, 2023, advising of the intent to file this emergency motion. I further certify that the facts supporting emergency consideration of this motion are true and complete. I further certify under 5th Cir. R. 27.4 that all appellees who have responded to the government's request for their position oppose this motion.

*/s/Courtney L. Dixon*
COURTNEY L. DIXON