

Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440
chadfloreslaw.com

September 19, 2023

United States Court of Appeals for the Fifth Circuit
Lyle W. Cayce, Clerk of Court
600 South Maestri Place, Suite 115
New Orleans, Louisiana 70130-3408

Dear Mr. Cayce,

The Appellants have filed an "Emergency Motion Pursuant to Circuit Rule 27.3 to Vacate Injunction Pending Appeal." Please accept this letter from Appellees Defense Distributed and the Second Amendment Foundation, Inc. as notice of two important preliminary points:

1. The Court should *not* enter any administrative stay pending its disposition of this motion because the government did *not* ask for any such administrative stay. The government knows how to ask for administrative stays. It did so at an earlier stage of this appeal. But it did not do so here, and rightly so.[1] The motion instead just requests (at 2) "a ruling on this motion on or before September 29, 2023." Since no administrative stay is requested, none should be issued.

2. Defense Distributed and the Second Amendment Foundation will file a response to the motion as soon as is practicable, subject to any schedule the Court orders.

Sincerely,

Chad Flores
(713) 893-9444
cf@chadfloreslaw.com

Counsel for Defense Distributed and the Second Amendment Foundation, Inc.

---

[1] Nor is an administrative stay warranted. An administrative stay's principal function is to preserve the status quo ante in facilitation of a court's full review of a matter. The status quo ante here is "the world before the Rule became effective." *VanDerStok v. Garland*, No. 23-10718, 2023 WL 4945360, at *1 (5th Cir. July 24, 2023) (unpublished order). The personalized injunction pending appeal for Defense Distributed preserves that *status quo ante* perfectly. It stops ATF from enforcing the Rule's challenged provisions against Defense Distributed during the appeal, reverting these parties to "the status quo that existed for 54 years from 1968 to 2022." *Id*. Indeed, that same status existed from March 2023 to July 2023 (first as a function of Defense Distributed's preliminary injunction, ROA.3962, and then as a function of the final judgment below, ROA.4857).