No. 23-10718

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, L.L.C.; FIREARMS POLICY COALITION, INCORPORATED, a nonprofit corporation,

*Plaintiffs-Appellees*,

BLACKHAWK MANUFACTURING GROUP, INCORPORATED, doing business as 80 PERCENT ARMS; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INCORPORATED; NOT AN L.L.C., doing business as JSD SUPPLY; POLYMER80, INCORPORATED,

*Intervenor Plaintiffs-Appellees*,

v.

MERRICK GARLAND, U.S. Attorney General; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendants-Appellants*.

---

On Appeal from United States District Court
for the Northern District of Texas, Case No. 4:22-CV-00691-O

---

## BLACKHAWK MANUFACTURING GROUP, INC.'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO VACATE INJUNCTION PENDING APPEAL

---

BRIAN D. POE
BRIAN D. POE, ATTORNEY AT LAW PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, TX 76102
(817) 870-2022

MICHAEL J. SULLIVAN
NATHAN P. BRENNAN
ASHCROFT LAW FIRM LLC
200 State St., 7th Floor
Boston, MA 02109
(617) 573-9400

*Counsel for Intervenor Plaintiff-Appellee*
*BlackHawk Manufacturing Group, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................ 1

SUMMARY OF ARGUMENT .............................................................. 2

ARGUMENT ...................................................................................... 2

  I.   Nothing in the Supreme Court's Stay Order Precluded the District
      Court's Granting Preliminary Injunctive Relief to BlackHawk ..................... 3

 II.   The District Court Correctly Concluded that BlackHawk
      Maintains a Vested Right to the Statutory Remedy of Vacatur
      Even While the Statutory Remedy Is Stayed Pending Appeal ...................... 7

III.   The Supreme Court's Stay Order Did Not Decide—by
      "Necessary Implication" or Otherwise—Any Issue Foreclosing
      the District Court's Grant of Renewed Injunctive Relief During the
      Pendency of the Appeal .............................................................. 10

IV.   The District Court's Injunction Fully Comports with the Policy
      and Logic Underlying the Law of the Case Doctrine ................................. 11

 V.   BlackHawk Remains Entitled to Injunctive Relief ...................................... 15

CONCLUSION ................................................................................ 16

# TABLE OF AUTHORITIES

## Cases

*Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*,
 141 S. Ct. 2320 (2021)......................................................................10

*All. for Hippocratic Med. v. U.S. Food & Drug Admin.*,
 No. 23-10362, 2023 WL 5266026 (5th Cir. Aug. 16, 2023).......................16

*Alpha/Omega Ins. Servs. v. Prudential Ins. Co. of Am.*,
 272 F.3d 276 (5th Cir. 2001)...........................................................12

*Arizona v. California*,
 460 U.S. 605 (1983)........................................................................12

*Barnes v. E-Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*,
 501 U.S. 1301 (1991)......................................................................10

*Berbling v. Littleton*,
 409 U.S. 1053 (1972)........................................................................5

*Brown v. Carlson*,
 431 F. Supp. 755 (W.D. Wis. 1977)....................................................4

*Cargill v. Garland*,
 57 F.4th 447 (5th Cir. 2023).............................................................3

*Garland v. VanDerStok*,
 __ S. Ct. __, No. 23A82, 2023 WL 5023383 (Aug. 8, 2023)...................4, 6

*In re Felt*,
 255 F.3d 220 (5th Cir. 2001)............................................................12

*Key v. Wise*,
 629 F.2d 1049 (5th Cir. 1980)..........................................................13

*Matter of AKD Investments, L.L.C.*,
　　No. 22-30602, 2023 WL 5316715 (5th Cir. Aug. 18, 2023).......................12

*Morehouse Enterp., LLC v. Bureau of Alcohol, Tobacco,*
*Firearms and Explosives*
　　--- F.4th ---, 2023 WL 5356626 (8th Cir. Aug. 22, 2023)............................ 6

*New York State Conf. of Blue Cross & Blue Shield Plans v.*
*Travelers Ins. Co.*,
　　514 U.S. 645 (1995)........................................................................ 4

*Nken v. Holder*,
　　556 U.S. 418 (2009).....................................................................5, 10

*Pub. Serv. Co. of Indiana v. U.S. E.P.A.*,
　　682 F.2d 626 (7th Cir. 1982) ......................................................... 4

*Rsrv. Nat. Ins. Co. v. Crowell*,
　　507 U.S. 1015 (1993)...................................................................... 5

*Trump v. Int'l Refugee Assistance Project*,
　　582 U.S. 571 (2017)........................................................................ 5

*United States v. Becerra*,
　　155 F.3d 740 (5th Cir. 1998) ........................................................12

*United States v. Kaluza*,
　　780 F.3d 647 (5th Cir. 2015) ......................................................... 3

*United States v. Matthews*,
　　312 F.3d 652 (5th Cir. 2002) ........................................................12

*Volkswagenwerk A.G. v. Falzon*,
　　461 U.S. 1303 (1983).................................................... 11, 12, 13, 14

*White v. Murtha*,
　　377 F.2d 428 (5th Cir. 1967) ........................................................11

## **Other Authorities**

AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (1969)................4

BLACK'S LAW DICTIONARY (10th ed. 2014) .............................................................4

FUNK & WAGNALL'S STANDARD COLLEGE DICTIONARY (1963) .............................4

THORNDIKE-BARNHARDT DICTIONARY (1963) .........................................................4

WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d ed. 1959) .................................4

# **INTRODUCTION**

The operative premise of the Government Defendants' Emergency Motion ("Motion") is that this case has already been decided in the Government's favor by virtue of the Supreme Court's order staying the district court's vacatur of the Rule pending appeal.  The Government urges an interpretation of the Supreme Court's stay order as an inviolate mandate barring the district court and this Court from exercising authority in any way that interferes with the ATF's enforcement of the Rule without limitation during the pendency of this case.  That premise, however, is patently defective and unpersuasive. The district court's grant of preliminary injunctive relief as to BlackHawk and Defense Distributed fully comports with the Supreme Court's stay order, both as a matter of plain language and of adherence to the hierarchical nature of the federal court system.

The Government plainly disagrees with the district court's conclusion and characterizes its injunction as "extraordinary", but the Government's Motion fails to articulate any substantive basis for vacating the injunction. Instead, the Government offers arguments premised on a dubious interpretation of the Supreme Court's stay order—arguments which, taken to their logical conclusion, are untenable and likely to produce absurd results.

The district court granted anew the same injunctive relief it previously granted in a decision buttressed by thorough research, sound analysis and ample citation to

legal authority. The resulting order demonstrates that the granting of a renewed injunction, far from being "extraordinary", was simply the district court's exercise of long-established authority to carry out its responsibilities as an Article III federal court, including the prerogatives of protecting litigants' rights and enforcing its judgments. Nothing in the Government's Motion constitutes grounds to vacate the district court's preliminary injunction. This Court should reject the Government's meritless attempt to obtain untenable relief and should deny the Government's Motion in its entirety.

## SUMMARY OF ARGUMENT

The Government contends that the district court's order "directly conflicts with" and "subverts the relief ordered by" the Supreme Court's stay order. Gov't Mot. at 6.  However, neither the Supreme Court's order nor the Government's cited cases support the Government's position.  The district court's order reflects a proper understanding and application of its authority.  Accordingly, there is no conflict with the Supreme Court's stay and the preliminary injunction should be permitted to stand.

## ARGUMENT

The Government's position conflicts with the text of the Supreme Court's stay order, wrongly seeks to divest the district court of its equitable jurisdiction with respect to this case—a position that, by logical extension, renders this Court

similarly powerless—and essentially assumes that: (1) it has already prevailed on the merits in this litigation; (2) a judicially-sanctioned enforcement power is somehow the law of the case; and (3) that any intervention by a lower court would contradict and subvert the Supreme Court's stay. None of its assumptions is correct.

## I.     Nothing in the Supreme Court's Stay Order Precluded the District Court's Granting Preliminary Injunctive Relief to BlackHawk

The Government's reading of the stay order prohibits the district court from any further exercise of its customary authority with respect to any and all issues decided earlier in this case, even though the Supreme Court's language in the stay order is not so broad and is expressly limited.  As such, the Government's arguments conflict with the plain language of the stay order and are not supported by any controlling or persuasive legal authority.

In any case involving the interpretation of a statute or, in this case, an order, the analysis begins not by making inferences or parsing implications, but by examining the text to give each word its ordinary meaning and to give each phrase its intended effect. *See United States v. Kaluza*, 780 F.3d 647, 659 (5th Cir. 2015); *Cargill v. Garland*, 57 F.4th 447, 458 (5th Cir. 2023). Here, the Supreme Court's four-sentence order states in its entirety:

> The application for stay presented to Justice Alito and by him referred to the Court is granted. The June 30, 2023 order and July 5, 2023 judgment of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, *insofar as they vacate the final rule* of the Bureau of Alcohol, Tobacco, Firearms and Explosives, 87 Fed. Reg. 24652 (April 26, 2022), are

stayed pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought. Should certiorari be denied, this stay shall terminate automatically. In the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

*Garland v. VanDerStok*, __ S. Ct. __, No. 23A82, 2023 WL 5023383 (Aug. 8, 2023) (emphasis added). The plain language shows that the Supreme Court included an explicit limitation on the scope of its stay. Indeed, the ordinary meaning of "insofar as" is: "To the degree or extent that." BLACK'S LAW DICTIONARY (10th ed. 2014); *Pub. Serv. Co. of Indiana v. U.S. E.P.A.*, 682 F.2d 626, 635 n.15 (7th Cir. 1982) (noting "the primary definition of 'insofar as' is 'to such extent or degree'" and citing WEBSTER'S NEW INTERNATIONAL DICTIONARY p. 1286 (2d ed. 1959), FUNK & WAGNALL'S STANDARD COLLEGE DICTIONARY p. 669 (1963), THORNDIKE-BARNHARDT DICTIONARY p. 1019 (1963); AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (1969)).

As typically used in English syntax and as construed by the Supreme Court and federal appellate courts, "insofar as" serves a limiting or qualifying function. *See, e.g.*, *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (characterizing "insofar as" as "words of limitation" in analyzing ERISA's pre-emption of "all state laws insofar as they ... relate to any employee benefit plan"); *Brown v. Carlson*, 431 F. Supp. 755, 769–70 (W.D. Wis. 1977) (finding "insofar as practical" operates as a "qualifying phrase" in statutory

4

provision). A straightforward reading of the stay order demonstrates the Supreme Court used "insofar as" in the typical manner—as qualifying the stay it granted in response to the Government's application.

The Supreme Court's use of "insofar as they vacate the final rule" in staying the district court's earlier ruling and judgment indicates that its stay was targeted and tailored to the *vacatur remedy* issued by the district—as is the Supreme Court's prerogative. *See Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 580 (2017) ("This Court may, in its discretion, tailor a stay so that it operates with respect to only 'some portion of the proceeding.'") (quoting *Nken v. Holder*, 556 U.S. 418, 428 (2009)). Indeed, the Supreme Court has previously issued orders specifying that a stay applied only to particular parties or legal issues. *See, e.g.*, *Berbling v. Littleton*, 409 U.S. 1053, 1053–54 (1972) ("The application for stay of judgment ... is granted insofar as it applies to applicants O'Shea and Spomer pending the timely filing of a petition for a writ of certiorari."; *see also Rsrv. Nat. Ins. Co. v. Crowell*, 507 U.S. 1015 (1993) (stating "the application for stay ... is granted and it is ordered that execution upon the punitive damages portion of the judgment ... is stayed pending the timely filing and disposition by this Court of a petition for a writ of certiorari").

Based upon the limited nature of the stay of the district court's order and judgement—which extends only insofar as they vacated the entire Rule— substantive findings and directives in the lower court proceedings on the merits and

not involving the vacatur remedy are unaffected. Nor does the fact that the Supreme Court declined to provide its reasons for granting the stay of vacatur or give any instructions for its implementation help the Government. This Court should not infer motivations to the Supreme Court that it did not make explicitly. *See also infra* at 12–13.

To support its view, the Government cites a footnote from the Eight Circuit's decision in *Morehouse Enterp., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, noting that the Supreme Court "grant[ed] a stay pending appeal as to the entire district court order" in *VanDerStok* and that, as a result of the Supreme Court's order, "the Final Rule will remain in effect in its entirety while the Fifth Circuit considers the appeal", --- F.4th ---, 2023 WL 5356626, at *3 n.4 (8th Cir. Aug. 22, 2023).  Gov't Mot. at 8.  A passing reference to the stay order by the Eighth Circuit (which has never reached or considered the substantive merits of the case) is hardly persuasive for purposes of interpreting the Supreme Court's order. Even so, the district court's order is consistent with the Eighth Circuit's characterization of the Supreme Court's order. An injunction, unlike vacatur, is a remedy that compels a party to do or refrain from certain acts and does not affect the *effectiveness* of a Rule. The Rule remains effective as to other parties and throughout the nation under the district court's order; the Government simply cannot enforce it against BlackHawk and Defense Distributed.

Further, the Government asserts that the Supreme Court's four-sentence stay order somehow means that the Supreme Court "necessarily determined that the equities and public interest weigh in favor of permitting the government to implement the Rule during the pendency of the appeal." Gov't Mot. at 6. But the focal point of the arguments before the Supreme Court was whether the district court erred in granting *universal vacatur* of the entire Rule and whether this Court erred in declining to stay that vacatur order as to the challenged portions of the Rule. There is no basis therefore to read (let alone by necessary implication) the Supreme Court's stay as broadly as the Government suggests. Nor were the district court's injunction orders presented as critical to the issues and arguments in the parties' briefing on the stay application. As such, there is little basis to conclude that district court's grant of injunctive relief here contradicts the Supreme Court's stay order.

## II.  The District Court Correctly Concluded that BlackHawk Maintains a Vested Right to the Statutory Remedy of Vacatur Even While the Statutory Remedy Is Stayed Pending Appeal

The district court's previously granted injunction found that BlackHawk had demonstrated that the Rule exceeds the ATF's authority under the Gun Control Act. Nothing in the Supreme Court's stay order affected that finding. Rather, the Supreme Court simply stayed the statutory remedy (vacatur) that results from that finding pending appeal. In other words, the Supreme Court's stay order was directed to the

*remedy* ordered by the district court in its summary judgment decision, not the underlying finding of unlawful agency action. *See* Add. 24.

In its application for a stay, the Government requested that, "*to the extent* the [Supreme] Court concludes that the June 30 [summary judgment] order might *continue to have independent effect*," the Supreme Court's order should "stay *both* the June 30 [summary judgment] order and the July 5 final judgment" of the district court. Add. 24 (emphasis added by the district court). Well aware of the Government's request and position, the Supreme Court rejected it through its limiting language. As the district court aptly concluded:

> The Supreme Court accepted that invitation and combined it with language confining the stay to cover only this Court's grant of vacatur—the statutorily prescribed remedy for unlawful agency actions under the APA—and not the Court's judgment on the merits that the challenged provisions of the Final Rule are unlawful.

*Id.* The district court thus assessed (correctly) that the Supreme Court's decision to expressly limit its stay to the vacatur remedy similarly limited any application of the law of the case doctrine:

> Accordingly, the Court finds that the law of the case—with respect to the issue of Intervenor-Plaintiffs' legal rights—remains decided by the Court's own Summary and Final Judgments. Having decided in their favor, each Intervenor-Plaintiff remains legally vested with the statutory *right* to have the Final Rule set aside under the APA, even while the statutory *remedy* for that right is presently stayed pending appeal.

*Id*. (emphasis in original).

Despite the district court's tracing of its historic and long-standing authority to grant injunctive relief to its prior merits decision and order on summary judgment, the Government now suggests that the district court has no such authority. Instead, according to the Government, the district court's injunction violates "basic tenets of the hierarchical review inherent in the American legal system." Gov't Mot. at 1. But this new litigation position appears irreconcilable with the stance the Government took before this Court just three weeks ago, when the Government appeared to agree wholeheartedly that the district court had the authority to hear and decide Blackhawk's request for relief:

> Thus, to the extent that there remain any questions about whether BlackHawk is correct that the preliminary injunctions have somehow been revived once the district court resolves that motion, those questions may properly be litigated in appeals from the grant or denial of any new relief in district court. There is no need to keep this appeal pending to provide BlackHawk an opportunity to present those arguments or seek additional relief.

Dkt. 118 at 4 (Reply to BlackHawk's Response to Government's Motion to Voluntarily Dismiss Appeals). The Government's view appears to have undergone a profound evolution since August 30, as it now contends that the district court was categorically precluded by the Supreme Court's stay order from taking *any action* with the respect to *any issue* decided in prior orders or its summary judgment opinion and judgment—whether vacatur was implicated or not. The Government's Motion fails to provide any explanation or cite any authority to support this newly-adopted hardline position because no such authority exists.

9

**III.  The Supreme Court's Stay Order Did Not Decide—by "Necessary Implication" or Otherwise—Any Issue Foreclosing the District Court's Grant of Renewed Injunctive Relief During the Pendency of the Appeal**

The Government's contention that the stay order reflects the Supreme Court's opinion that the Government is likely to prevail on the merits is an imprudent assumption. A review of Supreme Court orders on stay applications reveal that the Justices' decisions—far from being the result of any formulaic or mechanical application of *Nken* factors—are frequently based on a variety of equitable, practical and often nuanced considerations.

For example, in a recent concurrence with the denial of a stay application in the CDC eviction moratorium litigation, Justice Kavanaugh provided his assessment of the legal merits and explained his seemingly contradictory denial-of-stay decision as based primarily on the practicalities of the calendar and allowing for administrative order in the interim:

> I agree with the District Court and the applicants that the Centers for Disease Control and Prevention exceeded its existing statutory authority by issuing a nationwide eviction moratorium. *See Utility Air Regulatory Group v. EPA*, 573 U.S. 302, 324, 134 S.Ct. 2427, 189 L.Ed.2d 372 (2014). Because the CDC plans to end the moratorium in only a few weeks, on July 31, and because those few weeks will allow for additional and more orderly distribution of the congressionally appropriated rental assistance funds, I vote at this time to deny the application to vacate the District Court's stay of its order.

*Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2320, (Mem)–2321 (2021) (Kavanaugh, J., in concurrence); *see also Barnes v. E-Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991)

10

(Scalia, J., in chambers) ("The conditions that are necessary for issuance of a stay are not necessarily sufficient. Even when they all exist, sound equitable discretion will deny the stay when a decided balance of convenience … does not support it.") (internal quotes and citation omitted).

The Supreme Court has described its decision-making with respect to stay applications as an exercise in equitable discretion and balancing of equities—a far cry from the Government's contention that a four-sentence stay order, which provided no reasons for its decision and no opinion on the prospects of the Government's case, decided by "necessary implication" a number of issues that are now binding on this Court and the district court as the law-of-the-case.

## IV.   The District Court's Injunction Fully Comports with the Policy and Logic Underlying the Law of the Case Doctrine

The Government argues for a different application of the law of the case doctrine than that of the district court and cites *Volkswagenwerk A.G. v. Falzon*, 461 U.S. 1303, 1304 (1983) (O'Connor, J.) in support of its position.  But application of that doctrine does not support its argument here because, unlike in *Volkswagenwerk A.G.*, the Supreme Court has issued only one order and that order provided no explanation for its granting a qualified stay in this case. There is consequently no sound basis upon which to apply the doctrine as urged by the Government.

The law of the case doctrine "is based on the salutary and sound public policy that litigation should come to an end." *White v. Murtha*, 377 F.2d 428, 431 (5th Cir.

11

1967).  Accordingly, and generally, "when a court decides" an issue, "that decision should continue to govern the same issues in subsequent stages of the same case." *Matter of AKD Investments, L.L.C.*, No. 22-30602, 2023 WL 5316715, at *3 (5th Cir. Aug. 18, 2023) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine is intended to discourage obstinate litigants from re-asserting the same arguments or appealing repeatedly in hopes of obtaining a more sympathetic panel. *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998). "The doctrine of law of the case, in other words, is essential to the orderly administration of justice." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

The law of the case doctrine has an important limitation: It 'applies only to issues that were *actually decided*, rather than all questions in the case that might have been decided but were not.'" *AKD Investments*, at *3 (quoting and adding emphasis to *Alpha/Omega Ins. Servs. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001)). "The doctrine also applies to those issues decided by 'necessary implication.'" *Id.* (quoting *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001)).

*Volkswagenwerk A.G.* does not support the Government's argument that the Supreme Court's stay order serves as the law of the case. The case is readily distinguishable for at least two reasons—one substantive and one procedural.

In *Volkswagenwerk A.G.*, the Chief Justice of the Supreme Court stayed a trial court discovery order pending review of the order by the Michigan Supreme Court.

12

461 U.S. at 1304. The Chief Justice's stay expired by its own terms after the Michigan Supreme Court affirmed the trial court. The defendant than moved for a stay from the Michigan Supreme Court pending its application of certiorari to the U.S. Supreme Court. The Michigan Supreme Court delayed in its decision on the motion for a stay and the defendant applied for a stay from the U.S. Supreme Court seeking the relief provided in the now-expired first stay of the trial court's discovery order. Justice O'Connor, sitting as a Circuit Judge, found that "[s]ince the question on the merits is unchanged, it is essentially the 'law of the case' that a stay [of the discovery order] would be appropriate[.]" 461 U.S. at 1304. Justice O'Connor's decision was based on a determination that one justice could not effectively overrule a previous decision by another justice when the question on the merits of the case remained unchanged. *See id*.

In substantive contrast to *Volkswagenwerk A.G.*, the Supreme Court's stay order here provides no such explanation for the decision. This presents a nearly-insurmountable hurdle for the Government because whether and to what extent the law of the case doctrine applies to the Supreme Court's stay order "depends on whether the question as to which it is asserted was decided previously in the course of litigation." *Key v. Wise*, 629 F.2d 1049, 1054 (5th Cir. 1980). Given the Supreme Court's silence, the law of the case doctrine, if applicable at all, would be exceedingly limited. *See id*., at 1054–55 ("No explanation for either the dismissal of

the appeal or the denial of the writ of mandamus was given by the panels that ruled on those applications. Thus, we are not bound by any 'law of the case' …[.]"). What is more, because the Government specifically challenged the remedy even if the district court were correct on the merits, and the Supreme Court's stay order was expressly aimed at the remedy, there can be no "necessary implication" from the stay order that the Supreme Court concluded the Government is likely to prevail as to the lawfulness of the Rule.

The Government's reliance on *Volkswagenwerk A.G.* is further misplaced because this case is in an entirely different procedural posture. The relevant background in this case is as follows:

Nov 2022:   BlackHawk obtains injunctive relief preventing enforcement of the Rule against BlackHawk or its customers;

Jun 2023:   BlackHawk obtains a favorable summary judgment ruling on the merits and vacatur of the Rule;

Jul 2023:   this Court concludes the Government is unlikely to succeed on the merits in its defense of challenged portion of the Rule;

Aug 2023:   the Supreme Court orders a stay of the vacatur of the Rules but declines to stay any other aspect of the district court's ruling or judgment.

Unlike *Volkswagenwerk A.G.*, this case has already reached a decision on the merits at the trial court level. The Government faults the district court for not identifying any change in the facts or law since the Supreme Court's stay decision, Gov't Mot. at 5, but its criticism is misdirected.  The Supreme Court's stay order did

not discuss, much less change or reverse, the factual findings and conclusions recounted in the above decisions of district court and this Court. As such, the law of the case does not apply to limit the district court's authority to grant injunctive relief.

## V.    BlackHawk Remains Entitled to Injunctive Relief

After previously arguing in its earlier briefing before this Court and the Supreme Court that any remedy should be limited and party-specific and extend only to BlackHawk, for example, the Government now argues without evidence that injunctive relief for BlackHawk will enable "the irreversible flow of large numbers of untraceable ghost guns into our communities" and suggests that BlackHawk's products pose a significant threat to the public safety. Gov't Mot. at 10. The Government neither provides nor cites to any evidence to support these baseless claims, because it cannot.

As established by BlackHawk and found by the district court, BlackHawk will suffer irreparable harm if deprived of injunctive protection during the pendency of this litigation in which, to date, it has successfully challenged the unlawful agency action that resulted in the Rule. And the district court and this Court retain their respective jurisdictional authority to ensure that the injunctive relief BlackHawk obtained previously remains in place until the final disposition of the case.

Indeed, it remains clear that any alleged harm to the Government's enforcement interests is far outweighed by the public's interest in living secure from unlawful agency action. *All. for Hippocratic Med. v. U.S. Food & Drug Admin.*, No. 23-10362, 2023 WL 5266026, at *28 (5th Cir. Aug. 16, 2023) ("neither [the agency] nor the public has any interest in enforcing a regulation that violates federal law"). The public interest and balance of equities continue to weigh heavily in favor of injunctive relief for BlackHawk and other plaintiffs in this case.

## CONCLUSION

For the forgoing reasons, this Court should deny the Government's motion and allow the preliminary injunction to stand pending appellate review and the final resolution of this action.

Respectfully submitted:

*/s/ Michael J. Sullivan*
Michael J. Sullivan
Nathan P. Brennan
ASHCROFT LAW FIRM, LLC
200 State Street
Boston, MA 02109
(617) 573-9400
msullivan@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

Brian D. Poe
BRIAN D. POE, ATTORNEY AT LAW PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, TX 76102
(817) 870-2022 (office)

16

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit on September 22, 2023 by using the appellate CM/ECF system and that service was accomplished on all counsel of record by the appellate CM/ECF system.

Dated: September 22, 2023                          /s/*Michael J. Sullivan*
                                                   Michael J. Sullivan

**CERTIFICATE OF COMPLIANCE**

I certify that this Response Brief of Plaintiff-Appellee BlackHawk Manufacturing Group, Inc. complies with the type-volume limitation of FED. R. APP. P.27(d)(2)(A) because this brief contains 3,951 words, excluding the parts exempted by FED. R. APP. P. 32(f).

This brief also complies with the typeface and type style requirements of FED.R. APP. P. 27(d)(1)(E) and 32(a)(5)-(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 (Version 2212) in Times New Roman 14-point font.

Dated: September 22, 2023                    */s/ Michael J. Sullivan*
                                             Michael J. Sullivan