No. 23-10718

_____

In the United States Court of Appeals for the Fifth Circuit

_____

Jennifer VanDerStok, *et al.*,

                           Plaintiffs-Appellees,

v.

Merrick Garland, *et al.*,

                           Defendants—Appellants.

_____

Appeal from the United States District Court for the
Northern District of Texas; No. 4.22-cv-00691-O

_____

**Defense Distributed's Response
to the Emergency Motion for a Stay Pending Appeal**

_____

                                       Chad Flores
                                       Flores Law PLLC
                                       917 Franklin Street, Suite 600
                                       Houston, Texas 77002
                                       (713) 893-9440

                                       Counsel for Defense Distributed

## Table of Contents

|  | Page |
|---|---|

Table of Contents ..................................................................................................... i

Argument ................................................................................................................. 1

I.    ATF challenges nothing but the threshold authority determination. ............. 2

II.   The district court has the necessary authority. ............................................... 3

      A.    The stay did not uphold what ATF now posits. .................................... 3

      B.    The stay did not expressly or necessarily reject an individualized injunction for Defense Distributed. ....................................................... 6

III.  Alternative dispositions. ................................................................................ 9

Conclusion ............................................................................................................. 10

Certificate of Compliance ...................................................................................... 11

**Argument**

ATF's motion to vacate the injunction pending appeal should be denied. Defense Distributed is entitled to exactly what the district court's thorough and well-reasoned decision gave: A party-specific *in personam* injunction against ATF's enforcement of the Rule that both serves all of equity's interests and fully respects the Supreme Court's stay, which concerned a markedly different remedy. The district court's decision should be upheld for all of the detailed reasons that it gives.

No "hierarchical" court conflict is occurring. No one has "failed to heed." The district court's injunction does not contradict the Supreme Court's stay because these two inquiries did *not* concern the same kind of relief. Three key distinctions make the difference. The *subjects* of relief differed, the *objects* of relief differed, and the *methods* of relief differed. Whereas the Supreme Court's stay addresses an order supplying (1) *nationwide* relief (2) from the Rule's *existence* (3) with an APA vacatur operating *in rem* against the Rule itself, the injunction supplies (1) *individualized* relief (2) from the Rule's *enforcement*, (3) with an injunction operating *in personam* against ATF's litigating parties. These remedies are not one and the same. They are legally distinct for good reason. The stay of the former did *not* reject Defense Distributed's entitlement to the latter. The district court therefore had all of the authority it needed to issue the injunction pending appeal, which should be upheld.

## I. ATF challenges nothing but the threshold authority determination.

The district court issued the personalized injunction pending appeal for Defense Distributed by performing a complete legal analysis. It expressly resolved both (1) the threshold issue of authority vis-à-vis the Supreme Court's stay, Add. 6-35, and (2) all other factors for an injunction pending appeal, Add. 35-41.

ATF opted to challenge that decision with a very limited argument. In both the district court and this Court, ATF challenged only the threshold issue of whether the Supreme Court's stay deprived the district court of authority to enter a personalized injunction for Defense Distributed. *See* Add. 55-70 (ATF response below). In both the district court and this Court, ATF opted to not challenge Defense Distributed's satisfaction of all other factors for an injunction pending appeal. *See id.*

ATF is therefore limited from now on to that one preserved argument. It has forfeited challenges to anything besides the threshold authority issue. *See, e.g.*, *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal.").

## II. The district court has the necessary authority.

### A. The stay did not uphold what ATF now posits.

Stays do not uphold anything. They are not affirmative judicial decrees. They are inherently negative. All that a stay can do is *stop* an order—*i.e.,* "hold an order in abeyance." *Nken v. Holder*, 556 U.S. 418, 426 (2009). That inherently negative nature is why, "instead of directing the conduct of a particular actor, a stay operates upon the judicial proceeding itself." *Id.* at 428.

The Supreme Court's stay worked in this fashion. Operating only in the negative, the stay stopped the district court's summary judgment order and judgment "insofar as they vacate the final rule." *Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383, at *1 (Aug. 8, 2023). That is all that this stay did—put a stop to part of the decision below. The stay did not uphold anything.

Thus, ATF is wrong to claim that this stay did anything more than stop the nationwide vacatur. The stay did *not* switch operational modes to deliver a "direction that the Rule challenged here remain in effect pending appeal," as ATF says (at 1). Nor did the stay exceed its stopping power by "determin[ing]" "that the government should be permitted to implement the Rule during the pendency of this appeal," as ATF also says (at 2 and 6). These assertions are pure ATF *ipse dixit*. Nothing in the stay's decree does any of that.

Nor does the opinionless stay "necessarily reflect" the holdings ATF wants. ATF says (at 6) that the stay "necessarily reflects the Supreme Court's conclusions both that the government has established a likelihood of success on the merits and that 'the equities' and 'the public interest' support implementation of the Rule pending resolution of the appellate process." But that is just one of many possible explanations for the stay. Other very different explanations are equally possible.

A stay's basis cannot be reliably known where, as here, the decision comes by way of a threadbare decree with a wide variety of possible underlying justifications. Supreme Court stay law has long eschewed one-size-fits-all tests. Instead, the Court's stay decisions account for factors fluidly, giving them roles and weights that vary widely depending on the circumstances. *See Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) ("Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."); *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (the test changes in "close cases"); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 10 (2023) (Jackson, J., dissenting) ("the majority mandates a stay even if none of the traditional stay prerequisites are present: likelihood of success on the merits, irreparable harm, favorable balance of equities, and alignment with the public interest"). Because of this indeterminacy, nailing down an unexplained stay decision's precise basis is impossible.

The concurring opinion in *Merrill v. Milligan*, 142 S. Ct. 879 (2022) (cited by ATF at 6), does not help ATF. Rather, it further shows the difficulty of reverse engineering opinionless stay decisions by recognizing another set of exceptional stay rules. *Id.* at 880 (Kavanaugh, J., concurring) ("that traditional test for a stay does not apply (at least not in the same way) in election cases").

None of this would come as a shock to those that issued the stay. Precedent has long realized that indeterminacy about a stay's basis is inherent in the hurried process ATF chose to invoke. *See Nken v. Holder*, 556 U.S. 418, 432 (2009) ("The whole idea is to hold the matter under review in abeyance because the appellate court lacks sufficient time to decide the merits."); *Mandel v. Bradley*, 432 U.S. 173, 176 (1977) ("Because a summary affirmance is an affirmance of the judgment only, the rationale of the affirmance may not be gleaned solely from the opinion below.").

*League of United Latin American Citizens v. Abbott*, 951 F.3d 311 (5th Cir. 2020) (cited by ATF at 7), does not help ATF. It merely begs the question. It said that a prior court decision bound later courts on "the precise issues presented and necessarily decided," *id.* at 315 (quoting *Mandel v. Bradley*, 432 U.S. 173, 176 (1977) (per curiam)), which is true. But ATF still cannot show that the Supreme Court's stay of the district court's nationwide vacatur "necessarily decided" anything more particular than what the opinionless stay expressly decrees.

### B. The stay did not expressly or necessarily reject an individualized injunction for Defense Distributed.

The Supreme Court's stay did not reject Defense Distributed's entitlement to a personalized injunction pending appeal. It obviously did not do so expressly. Nor did the stay reject that option impliedly, by necessary implication. To say that it did, ATF says that the relief considered and rejected by the Supreme Court *matches* the relief considered and issued by the district court. That is wrong for three reasons.

The Supreme Court's stay order rejected relief (1) for the entire nation, (2) from the Rule's existence, (3) by way of an APA vacatur operating essentially *in rem*. In stark contrast, the order below concerns none of that. The district court issued relief (1) for Defense Distributed *personally* (and Blackhawk)—not for the whole country *nationally*. It gave relief (2) from the Rule's *enforcement*—not it *existence*. And it supplies relief (3) by way of an *equitable* injunction operating *in personam*— not by way of an *APA* vacatur operating *in rem*. All three of these distinctions matter.

First, the Supreme Court's stay did not decide Defense Distributed's entitlement to a personalized injunction pending appeal because the relief at issue was not crafted to protect the same beneficiaries. Whereas the Supreme Court's stay order rejected relief for the entire country, the district court's remedial inquiry concerned relief for Defense Distributed personally.

This difference is very material. As with changing an equation's denominator, changing the set of people that an order would benefit triggers cascading effects for nearly every ingredient of remedial analysis. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) (on both stays and injunctions). The district court understood this perfectly.

Second, the Supreme Court's stay did not decide Defense Distributed's entitlement to a personalized injunction pending appeal because the relief at issue was not directed at the same harm. Whereas the stay order rejected relief from the Rule's *existence*, the district court issued relief from the Rule's *enforcement*. The district court understood this perfectly as well. ATF has no answer.

*Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 78 F.4th 1011 (8th Cir. 2023) (cited by ATF at 8), does not hold otherwise. It is true that the Rule will "remain in effect in its entirety while the Fifth Circuit considers the appeal." *Id.* at 1017 n.4. But *Morehouse* says not one word about ATF's right to *enforce* the Rule against anyone, which is categorically different.

Third, the Supreme Court's stay did not decide Defense Distributed's entitlement to a personalized injunction pending appeal because the relief at issue did not use the same species of remedy. Whereas the Supreme Court's stay order rejected relief by way of an APA vacatur operating *in rem*, the district court issued relief by way of an *equitable* injunction operating *in personam*.

7

ATF now denies that these distinctions make any difference. But ATF's own prior filings tell a different story, especially as to the method of relief. In the instant motion, ATF says that the Supreme Court's stay of an APA vacatur necessarily signals disapproval of a traditional injunction. But ATF's appellant's brief says that these two remedies are totally distinct. It says (at 36) that an APA vacatur and equitable injunction are "radically different." It even says (at 36) that APA vacatur isn't really a thing, questioning whether vacatur can ever be issued as a remedy. ATF carried that same position into the Supreme Court, seeking the stay *because* the district court had used vacatur instead of an injunction.

In light of ATF's own arguments, the Supreme Court's decision to stay the remedy of nationwide APA vacatur should be understood to have left the door wide open for the very different remedy of an individualized injunction. It doesn't matter that the Court's summary order gave no express "suggestion that any alternative relief would have been appropriate." Mot. at 8. That would have been dicta.

The first and only time that Defense Distributed ever sought a personalized injunction pending appeal against ATF's enforcement of the Rule was below, when it moved for that form of relief immediately after the Supreme Court issued the stay. The district court had all of the authority it needed to resolve that motion and did so correctly in every respect. The decision should be affirmed.

## III. Alternative dispositions.

Alternatively, if the Court decides that the district court's September 14 decision utilizes an inaccurate legal standard, the Court should order that the district court redetermine Defense Distributed's motion using whatever legal standard the Court deems necessary. To ensure that the redetermination process goes quickly, the Court's redetermination order could either call upon the district court to proceed "expeditiously" or call upon the district court to utilize a particular schedule.

Furthermore, if such a redetermination is ordered, the Court should also enter an order akin to an administrative stay that maintains the *status quo ante* during that period of redetermination. Such an order would serve merely to "preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and [would] not constitute in any way a decision as to the merits of the motion for stay pending appeal." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019).

The *status quo ante* is "the world before the Rule became effective." *VanDerStok v. Garland*, No. 23-10718, 2023 WL 4945360, at *1 (5th Cir. July 24, 2023) (unpublished order). Indeed, that *status quo ante* was Defense Distributed's reality from March to July 2023 (first due to a preliminary injunction, ROA.3962, and then the final judgment, ROA.4857). In that crucial period of time, Defense Distributed did not have to comply with the Rule. And yet the sky did not fall. A

short administrative stay applicable only to Defense Distributed will likewise do the government no harm. It will instead just ably serve the higher interest of preserving the constitutional rights that this Rule tramples and ensuring that Defense Distributed survives to see the day when the whole nation is free from it.

## Conclusion

The motion should be denied. The individualized injunction pending appeal for Defense Distributed should be maintained.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
cf@chadfloreslaw.com
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

## Certificate of Compliance

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains 2,207 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.77.1.

/s/ Chad Flores
Chad Flores