No. 23-10718

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability
company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,
Plaintiffs-Appellees,

Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms;
Defense Distributed; Second Amendment Foundation, Incorporated; Not An L.L.C., doing
business as JSD Supply; Polymer80, Incorporated,
Intervenor Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven
Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms
and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,
Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of Texas

**REPLY IN SUPPORT OF EMERGENCY MOTION PURSUANT
TO CIRCUIT RULE 27.3 TO VACATE INJUNCTION PENDING APPEAL**

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

MARK B. STERN
ABBY C. WRIGHT
COURTNEY L. DIXON
*Attorneys, Appellate Staff*
*Civil Division, Room 7246*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*
*202-353-8189*

**INTRODUCTION AND SUMMARY**

Plaintiffs acknowledge that the district court was not permitted to come to the opposite conclusion on "the precise issues presented and necessarily decided" by the Supreme Court. *See* Defense Distributed Opp. 5 (quoting *League of United Latin American Citizens v. Abbott*, 951 F.3d 311, 315-16 (5th Cir. 2020)). That principle of law resolves this motion.

On the heels of the Supreme Court's order staying the district court's vacatur and permitting the government to implement and enforce the Rule as to parties and nonparties, the district court considered the same arguments the Supreme Court had rejected and issued an injunction preventing the government from implementing and enforcing the Rule as to plaintiffs Blackhawk Manufacturing Group, Inc. (Blackhawk) and Defense Distributed. The Supreme Court could not have granted that stay without determining that the government established a likelihood of success on the merits and that the equities and the public interest support implementation of the Rule—including against plaintiffs—during the pendency of this appeal. The district court was not free to reconsider those determinations and grant relief that directly conflicts with the Supreme Court's order.

In defending the district court's injunction, plaintiffs ignore the arguments presented to and necessarily decided by the Supreme Court. Plaintiffs instead strain to characterize the Supreme Court's order as permitting the district court's ruling, proposing that, in fact, the Supreme Court intended merely to allow the Rule to

1

"exist[]," Defense Distributed Opp. 6, but cared not whether the Rule could be enforced. But that fanciful contention—which plaintiffs do not support with any ruling of any other court in analogous circumstances—cannot be squared with either the text of the Supreme Court's order or common sense. Indeed, plaintiffs nowhere explain how their reliance on a purported distinction between existence and enforcement would not equally permit the district court to enjoin enforcement of the provisions of the Rule that this Court allowed to be implemented pending appeal in granting a partial stay of the district court's vacatur. That extraordinary understanding of the law should be rejected.

## ARGUMENT

Plaintiffs fail to rehabilitate the district court's injunction, which, as explained in the government's motion to vacate, directly conflicts with the Supreme Court's stay order and subverts the relief ordered by the Supreme Court.

**A.** As an initial matter, plaintiffs confuse the government's argument in its motion. The government is not arguing that the district court is "categorically precluded . . . from taking *any action*" as to "*any issue*" addressed in its prior orders or that district courts lack the authority to enter injunctions pending appeal if such relief is legally justified based on the parties' likelihood of success, the equities, and the public interest. *See* Blackhawk Opp. 9. Instead, the government is arguing that such relief is inappropriate here because the Supreme Court has already considered those factors and determined that the Rule should remain in effect during appellate

2

proceedings. The district court erred by considering the same arguments and coming

"to opposite conclusions on the precise issues presented and necessarily decided by"

the Supreme Court in its stay of the district court's vacatur. *See League of United Latin*

*American Citizens v. Abbott*, 951 F.3d 311, 315-16 (5th Cir. 2020) (quotation omitted);

*see* Mot. to Vacate 6-7.

For similar reasons, the government has not "forfeited" an argument that the

standard for an injunction pending appeal is not satisfied in this case. *See* Defense

Distributed Opp. 2. As explained in the government's motion to vacate and also in its

opposition in the district court, the Supreme Court's stay of the district court's vacatur

necessarily reflects both the Supreme Court's determination that the government has

established a likelihood of success on the merits and its determination that the equities

and the public interest support permitting the Rule to remain in effect pending the

disposition of this appeal, including with respect to plaintiffs. *See* Mot. to Vacate 6;

Opp. to Mots. for Inj. Pending Appeal 9, Dkt. No. 254. The Supreme Court's stay

order establishes that the equitable factors cannot support an injunction preventing

the Rule from being implemented and enforced against these plaintiffs. *See* Mot. to

Vacate 6; Opp. to Mots. for Inj. Pending Appeal 3, 9, Dkt. No. 254. The government

was not required to describe those factors in further detail given that the Supreme

Court has already ruled.

**B.** Plaintiffs recognize that the district court could not properly enter an

injunction that conflicts with the Supreme Court's stay order. *See, e.g.*, Defense

3

Distributed Opp. 5.  In seeking to nonetheless justify their injunction pending appeal, plaintiffs thus engage in various contortions of language and thought in an attempt to establish that the district court's injunction does not, in fact, conflict with the Supreme Court's order.  All of plaintiffs' attempts are flawed.

First, plaintiffs claim that because the issue before the Supreme Court was merely, in their view, the district court's grant of "universal vacatur of the entire rule," the Supreme Court's stay was limited to only the district court's grant of universal vacatur as a remedy.  Blackhawk Opp. 7 (emphasis removed).  That is untenable for the reasons explained in the government's motion.  The government's stay application in the Supreme Court argued that the district court erred on the merits and urged the Supreme Court to "stay the district court's vacatur in full" to prevent the irreparable harm that would result if the government were prevented from implementing and enforcing the Rule during the pendency of this appeal—including the irreparable harm that would result if these plaintiffs were permitted to resume manufacturing and distributing "ghost guns without background checks, records, or serial numbers."  *See* Gov't Stay Appl., *Garland v. VanDerStok*, No. 23A82, 2023 WL 4844058, at *16-27, 35-36.  In staying the district court's summary judgment order and judgment "insofar as they vacate the final rule," the Supreme Court granted the full relief the government requested.  *See Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383, at *1 (Aug. 8, 2023).  Had the basis for the Supreme Court's entry of a stay been only the universal relief ordered by the district court, the Court would have granted the

government's stay application in part and limited its stay to nonparties, as the government requested in the alternative and as plaintiffs expressly urged the Court to do if it were to grant any relief. *See* Mot. to Vacate 3-4. But the Supreme Court did not choose to limit its stay in that way; it instead stayed the district court's vacatur in full, both as to parties and nonparties alike.

Plaintiffs gain no ground by relying (Blackhawk Opp. 8) on language in the government's reply in support of its stay application requesting that the Supreme Court stay the district court's summary judgment order to the extent it "might continue to have independent effect" apart from the district court's final judgment. Reply in Support of Stay Appl., *VanDerStok*, 2023 WL 5046779, at *20 n.4. The district court's summary judgment order purported to vacate the Rule, and the government understood that earlier order to have "merged into the" district court's final judgment, as did all earlier interlocutory orders. *See id.* But, in an abundance of caution, the government requested that, to the extent the Supreme Court might view the summary judgment order as continuing "to have independent effect," the Supreme Court should stay it, too. *See id.* That the Supreme Court granted the government's application and stayed both the district court's summary judgment order and its judgment "insofar as they vacate the final rule," *VanDerStok*, 2023 WL 5023383, at *1, only confirms that the Supreme Court granted the full relief the government requested, leaving no doubt that the Rule remains in effect pending the disposition of this appeal.

Second, plaintiffs cannot avoid the straightforward meaning of the Supreme Court's order by speculating that the Court could have granted relief for any number of reasons that are "impossible" to know. *See* Defense Distributed Opp. 4; Blackhawk Opp. 10-11. Although the Supreme Court may *deny* a stay application in its "equitable discretion" even if the applicant has established a likelihood of success on the merits and irreparable harm, the Court could not have *granted* a stay without necessarily determining that the government established a likelihood of success on the merits and that the equities and the public interest support implementation of the Rule during the pendency of this appeal. *See Barnes v. E-Systems, Inc. v. Group Hosp. Medical & Surgical Insurance Plan*, 501 U.S. 1301, 1305 (1991) (Scalia, J., in chambers) (distinguishing between factors "*necessary* for issuance of a stay" and those that are sufficient to deny a stay). In granting an injunction pending appeal, the district court considered the same arguments as the Supreme Court but reached the opposite conclusions, determining that plaintiffs have established "actual" success on the merits and that the balance of the equities and the public interest support enjoining the Rule. Add. 36-41. For the reasons already explained, the district court was not free to do so. *See* Mot. to Vacate 6-7.

In all events, even if the grounds for the Supreme Court's stay were unclear, it would not support the district court entering an injunction undoing the Supreme Court's stay as to these plaintiffs. The Supreme Court, like this Court, frequently grants preliminary relief through summary orders without written opinion. Plaintiffs'

6

argument would invite district courts to interpret those summary orders on the narrowest imaginable grounds and to issue injunctions halting agency action this Court or the Supreme Court has permitted to continue.

Third, plaintiffs strain to characterize the Supreme Court's stay order as addressing only the Rule's "*existence*" (Defense Distributed Opp. 7) or its "*effectiveness*" (Blackhawk Opp. 6), which plaintiffs seek to distinguish from whether the Rule may be enforced.  But that purported distinction cannot withstand even cursory scrutiny. The entire premise of the government's stay application was that the Rule should be permitted to be in effect and therefore enforceable during the pendency of this appeal.  And plaintiffs themselves previously understood precisely that point:  In urging the Supreme Court to deny a stay or limit any relief to non-parties, plaintiffs argued that they would suffer irreparable harm if the vacatur were stayed in full because the Rule would be "allowed to go into effect" and to be "enforce[d]" against them.  Defense Distributed Opp. to Stay, *Garland v. VanDerStok*, 2023 WL 5112206, at *15-17; Blackhawk Opp. to Stay, *Garland v. VanDerStok*, No. 2023 WL 5046747, at *2 (arguing that a stay would place Blackhawk at risk of irreparable harm because it would permit the "enforcement of" the Rule against it).  It blinks reality that in granting the government's application and staying the district court's vacatur in full, the Supreme Court was permitting the Rule to be in force but at the same time leaving the district court free to enter an injunction to prevent its enforcement.

The consequences of plaintiffs' theory should not be ignored: under their approach, this Court's partial stay of the district court's vacatur similarly left "the door wide open" for the district court to enter an injunction to prevent the enforcement of those portions of the Rule. *See* Defense Distributed Opp. 8. Neither law nor logic supports that astonishing contention. Indeed, even though the Supreme Court has issued other stays of vacatur orders pending appeal, *see, e.g.*, *Louisiana v. American Rivers*, 142 S. Ct. 1347 (2022) (staying district court's order "insofar as it vacates the current certification rule, 40 C.F.R. Part 121"), plaintiffs identify no case in which a court has approved entry of an injunction in these circumstances.

**C.** Plaintiffs' remaining arguments in support of the district court's injunction are equally unavailing.

Blackhawk asserts that it will face "irreparable harm" if it is required to comply with the interpretations reflected in the Rule during the pendency of this appeal. *See* Blackhawk Opp. 15-16. But Blackhawk, like the other plaintiffs, pressed materially equivalent "irreparable harm" arguments to the Supreme Court, *see, e.g.*, Blackhawk Opp., *VanDerStok*, 2023 WL 5046747, at *27, which nonetheless stayed the district court's vacatur in full.

For substantially the same reasons, plaintiffs cannot defend the district court's injunction by asserting that it will not harm the government or the public for plaintiffs to be permitted to sell receivers and weapon parts kits regulated under the Gun Control Act without performing background checks. *See* Blackhawk Opp. 15-16;

Defense Distributed Opp. 9-10. The Supreme Court recognized in staying the district court's vacatur that the balance of the equities and the public interest support implementation of the Rule during the pendency of this appeal, including as to these plaintiffs, and the district court was not free to rebalance the equities and enter an order subverting the Supreme Court's relief. In all events, plaintiffs grossly minimize the harm to the government and to the public from enjoining the Rule, claiming only that "the sky did not fall" when the district court earlier entered injunctive relief preventing the government from enforcing the Rule as to these plaintiffs. *See* Defense Distributed Opp. 9. Contrary to plaintiffs' dismissive handwaving, nearly 14,000 unmarked firearms showed up at crime scenes during the five-month time period that Defense Distributed identifies in which the district court's earlier injunctions were in place. *See* Decl. of Matthew P. Varisco ¶ 16 (Sept. 26, 2023) (attached). The district court's injunction effectively gives two plaintiffs the green light to resume distribution of untraceable firearms without performing background checks, and other plaintiff manufacturers have already requested the district court enter similar relief as to them. *See, e.g.*, Not an LLC Mot. 1, Dkt. No. 263 (requesting to "join[]" Blackhawk's and Defense Distributed's already-granted motions for an injunction pending appeal); Tactical Machining Mot. for Inj. Pending Appeal 2, Dkt. No. 262 (moving for the "same relief" as Blackhawk and Defense Distributed "on the same grounds"). The Supreme Court recognized the threat such untraceable firearms pose to our Nation's communities in staying the district court's vacatur.

## CONCLUSION

For the foregoing reasons, and for the reasons explained in the government's motion, the Court should vacate the injunction pending appeal.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

MARK B. STERN
ABBY C. WRIGHT

*/s/ Courtney L. Dixon*
COURTNEY L. DIXON
*Attorneys, Appellate Staff*
*Civil Division, Room 7246*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-8189*

September 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Courtney L. Dixon*
COURTNEY L. DIXON

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,339 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.


*/s/ Courtney L. Dixon*
COURTNEY L. DIXON