No. 23-10718

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,
Plaintiffs-Appellees,

Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms; Defense Distributed; Second Amendment Foundation, Incorporated; Not An L.L.C., doing business as JSD Supply; Polymer80, Incorporated,
Intervenor Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,
Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of Texas

## SUPPLEMENTAL BRIEF IN RESPONSE TO THIS COURT'S SEPTEMBER 25, 2023 ORDER

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
*United States Attorney*

MARK B. STERN
ABBY C. WRIGHT
COURTNEY L. DIXON
*Attorneys, Appellate Staff*
*Civil Division, Room 7246*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*
*202-353-8189*

On September 25, 2023, this Court entered an order directing the government to file a supplemental brief addressing whether the government intends to enforce the Rule pending appeal with respect to the parties in this case and with respect to the parties' customers. The answer to both of the Court's questions is "Yes": but for the district court's injunctions pending appeal, the government intends to enforce the Rule. The government's intention is explained below.

### A.   Background on the Rule's Requirements.

The Gun Control Act of 1968 enacted requirements for persons who import, manufacture, or deal in "firearms." *See* 18 U.S.C. §§ 922-23. Such persons must obtain a federal firearm license, *id.* § 923(a), maintain records of firearm acquisition and disposition, *id.* § 923(g)(1)(A), and conduct a background check before transferring firearms to a non-licensee, *id.* § 922(t). Congress has also required importers and manufacturers to identify each firearm they import or manufacture with a serial number on the frame or receiver. *Id.* § 923(i).

As explained in the government's merits brief, the statutory scheme hinges on the definition of "firearm," a term defined in the statute. *See* 18 U.S.C. § 921(a)(3). The Rule at issue here updates the regulatory definition of "firearm" to specify that the term includes "a weapon parts kit that is designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive." 84 Fed. Reg. 24,652, 24,662, 24,727, 24,735 (Apr. 26, 2022). And the Rule updates the regulatory definitions of "frame" and "receiver" to include certain

1

partially complete, disassembled, or nonfunctional frames or receivers. *See id.* at 24,663, 24,727-28, 24,739. Through these requirements, the Rule ensures that all firearms have a frame or receiver subject to the Gun Control Act's serialization, recordkeeping, and background check requirements.

### B. ATF's Implementation and Enforcement of the Rule

**1.** This Court requested that the government state whether it "intend[s] to enforce [the Rule] pending appeal with respect to the parties in this case." The answer is yes: plaintiffs that import, manufacture, or deal in firearms must comply with the Gun Control Act, as interpreted by the Rule, like all other importers, manufacturers, or dealers in firearms. This means that they must be licensed and that they must put serial numbers on the frames or receivers of firearms they sell (including weapon parts kits and partially complete frames and receivers covered by the Rule). They must also keep records of such sales and conduct background checks when transferring firearms, to ensure that prohibited persons do not obtain firearms. If plaintiffs do not comply with these requirements, they will be subject to appropriate enforcement action like any other importer, manufacturer, or dealer in firearms that does not comply with the commercial sale requirements of the Gun Control Act. Indeed, the government filed its (successful) application to stay the district court's final judgment for the very purpose of being allowed to continue to enforce the Rule against importers, manufacturers, and dealers—including plaintiffs—during the pendency of this litigation. *See* Gov't Appl., *Garland v. VanDerStok*, No. 23A82, 2023

WL 4844058, at *36 (requesting a stay because "[t]he district court's vacatur prevents ATF from relying on the Rule and effectively gives [plaintiffs] —and other ghost-gun manufacturers and sellers—the green light to resume distribution of ghost guns without background checks, records, or serial numbers").

As for parties that are not manufacturers, importers, or dealers of firearms, the application of the Rule will be discussed in the next section.

**2.** This Court also asked the government to address whether it "intend[s] to enforce [the Rule] pending appeal with respect to the parties' customers." The answer is yes. It is important to clarify, however, that it is not a violation of the Gun Control Act (or the Rule) for persons not otherwise prohibited from possessing firearms to possess partial frames or receivers, or weapon parts kits; what is at issue here are requirements for their commercial sale. The government will, however, enforce the Gun Control Act as to those persons prohibited from possessing firearms under federal law, such as individuals, like convicted felons, prohibited from possessing firearms under 18 U.S.C. § 922(g). This is true whether or not such persons are customers of plaintiffs; indeed, ATF has no way of identifying the class of plaintiffs' customers, in any event.

The Gun Control Act also does not prevent individuals that are not otherwise prohibited by law from possessing a firearm from making their own firearms at home for personal use. Individuals not otherwise prohibited by law may purchase and use partially complete frames, partially complete receivers, or weapon parts kits in their

assembly so long as the manufacturers, importers, and dealers from whom they purchased such items—like plaintiffs Blackhawk and Defense Distributed—comply with the commercial sale requirements of the Gun Control Act. *See* 18 U.S.C. § 922(a)(2)-(3).

Respectfully submitted,

BRIAN M. BOYNTON
　*Principal Deputy Assistant Attorney
　　General*

LEIGHA SIMONTON
　*United States Attorney*

MARK B. STERN
ABBY C. WRIGHT

*/s/ Courtney L. Dixon*
COURTNEY L. DIXON
　*Attorneys, Appellate Staff
　Civil Division, Room 7246
　U.S. Department of Justice
　950 Pennsylvania Avenue NW
　Washington, DC 20530
　(202) 353-8189*

September 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Courtney L. Dixon*
COURTNEY L. DIXON