# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10718

---

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., *a limited liability company*; Firearms Policy Coalition, Incorporated, *a nonprofit corporation*,

*Plaintiffs—Appellees*,

Blackhawk Manufacturing Group, Incorporated, *doing business as* 80 Percent Arms; Defense Distributed; Second Amendment Foundation, Incorporated; Not An L.L.C., *doing business as* JSD Supply; Polymer80, Incorporated,

*Intervenor Plaintiffs—Appellees*,

*versus*

Merrick Garland, *U.S. Attorney General*; United States Department of Justice; Steven Dettelbach, *in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*; Bureau of Alcohol, Tobacco, Firearms, and Explosives,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-691

---

No. 23-10718

Before Willett, Engelhardt, and Oldham, *Circuit Judges*.

UNPUBLISHED ORDER

Per Curiam:

The Government's motion to vacate the district court's injunction is GRANTED IN PART.

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") promulgated a Final Rule that, among other things, changed the longstanding federal definition of a firearm "frame or receiver." A group of plaintiffs brought a lawsuit challenging two provisions in the Final Rule. The district court held that those provisions exceeded ATF's statutory authority and vacated the entire Final Rule. The Supreme Court stayed the district court's rulings "insofar as they vacate the final rule." Two of the plaintiffs—manufacturers of "frames or receivers" regulated by the Final Rule—then asked the district court for injunctive relief pending appeal. The district court enjoined the Government from enforcing the challenged portions of the Final Rule against the two plaintiffs and their customers. The Government has now asked us to vacate the district court's injunction.[*]

---

[*] Such a request formally differs from an application for a stay, which would require consideration of the four factors from *Nken v. Holder*, 556 U.S. 418 (2009). Vacatur would eliminate the district court's injunction entirely, whereas a stay would "operate[] upon the judicial proceeding itself" and place a hold on the injunction. *Id.* at 428. Nevertheless, we still look to *Nken*, not because a motion to vacate and an application to stay are "one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.* at 434. We note that the federal courts rarely consider emergency motions to vacate an injunction issued by a lower court. And in those rare occasions, the opinions do not provide guidance on their rule of decision. *See United States v. New York, Delaware*, 328 U.S. 824 (1946); *Lucy v. Adams*, 350 U.S. 1, 2 (1955) (per curiam); *see also FG Hemisphere Assocs. LLC v. Republique Du Congo*, 212 F. App'x 358, 359 (5th Cir. 2007) (per curiam).

No. 23-10718

We agree with the Government that the district court's injunction sweeps too broadly. Injunctions that afford relief to non-parties are potentially problematic. *See, e.g.*, *United States v. Texas*, 143 S. Ct. 1964, 1980 (2023) (Gorsuch, J., concurring in the judgment); *cf.* Aditya Bamzai, *The Path of Administrative Law Remedies*, 98 Notre Dame L. Rev. 2037, 2060–61 (2023). And it appears the district court's injunction sweeps too broadly insofar as it affords relief to non-party customers. That is particularly true because the Government has been adamant—in both writing and at oral argument on this motion—that it will not enforce the Final Rule against customers who purchase regulated "frames or receivers" and who are otherwise lawfully entitled to purchase firearms. Of course, if circumstances change, the district court is free to narrowly tailor injunctive relief to meet the changed circumstances. But as things stand today, the Government is correct that the injunction cannot extend to non-party customers.

But we disagree with the Government that the district court's injunction as to two plaintiff-party manufacturers "directly conflicts with the Supreme Court's determination that the [G]overnment should be permitted to enforce the Rule as to everyone while this appeal proceeds." Gov't Vacatur Mot. 8. We have three reasons. First, the Supreme Court limited its stay to the global relief afforded by the district court's vacatur order. Here is what the Court said in its August 8 stay order:

> Application for stay presented to Justice Alito and by him referred to the Court granted. The June 30, 2023 order and July 5, 2023 judgment of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, *insofar as* they vacate the final rule of the Bureau of Alcohol, Tobacco, Firearms and Explosives, 87 Fed. Reg. 24652 (April 26, 2022), is stayed pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought.

>Should certiorari be denied, this stay shall terminate automatically. In the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

--- S. Ct. ---, No. 23A82, 2023 WL 5023383 (U.S. 2023) (Mem.) (emphasis added). The Supreme Court could have simply stayed the district court's vacatur order and judgment without qualification. Instead, the Court stayed them "insofar as they vacate the [F]inal [R]ule."

Second, we cannot say that the district court abused its discretion in granting traditional, limited injunctive relief to two parties. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). The party-plaintiff manufacturers would be irreparably harmed by being forced to shut down their companies or by being arrested pending judicial review of the Final Rule. *VanDerStok v. BlackHawk Mfg. Grp. Inc.*, No. 4:22-CV-00691-O, 2023 WL 5978332, at *18 (N.D. Tex. Sept. 14, 2023). The party-plaintiff manufacturers are likely to succeed on the merits because the Final Rule is contrary to law. And both the balance of equities and the public interest weigh in favor of allowing orderly judicial review of the Final Rule before anyone shuts down their businesses or sends them to jail. *See Nken v. Holder*, 556 U.S. 418, 427 (2009) ("The authority to hold an order in abeyance pending review allows an appellate court to act responsibly.").

We are sensitive to the fact that the Government is irreparably harmed whenever its rules are enjoined. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers); *cf. Nken*, 556 U.S. at 435–36 (noting Government's irreparable injury can sometimes merge with public interest).

Still, the federal definitions of "frame or receiver" have endured for decades before ATF changed them in the Final Rule. ATF's desire to change the *status quo ante* does not outweigh the few additional weeks or months needed to complete judicial review of ATF's work. Thus, under *Winter* or *Nken* or any other standard, *see supra* n.*, we cannot say the Government has shown that it is entitled to emergency vacatur of the district court's injunction as to the two party-plaintiff manufacturers.

Third, we are unpersuaded by the Government's insistence that the district court flouted the Supreme Court's August 8 order. There is a meaningful distinction between vacatur (which is a universal remedy) and an injunction that applies only to two named plaintiffs (which is a traditional equitable remedy). *See, e.g.*, John C. Harrison, *Section 706 of the Administrative Procedure Act Does Not Call for Universal Injunctions or Other Universal Remedies*, 37 Yale J. Reg. Bull. 37 (2020). The August 8 order considered only the first—a universal vacatur. The Government points out that its briefing to the Supreme Court also raised, in the alternative, that the district court's universal vacatur should be limited to the parties to this case; and that the Court did not follow that alternative path. It is unclear that there is such a thing as an "as-applied vacatur" remedy under the APA. *See, e.g.*, John C. Harrison, *Vacatur of Rules Under the Administrative Procedure Act*, 40 Yale J. Reg. Bull. 119, 120 (2023) ("An injunction can be limited to the defendant's actions concerning the plaintiff, and its preclusive effect can be limited to the relations between the parties. Vacatur, by contrast, eliminates a rule's binding force altogether."). So it is unclear that we should read much into the Government's purported alternative. And in any event, we think it best to read the order the Supreme Court issued rather than one it did not.

No. 23-10718

\* \* \*

At the end of the day, we think four things are paramount. First, inferior federal courts must exhibit unflinching obedience to the Supreme Court's orders. Second, the Court has directed us to be skeptical (if not altogether unwilling) to order universal relief that extends to non-parties. Third, insofar as possible, we should have orderly judicial review in which the *status quo* is maintained, and the legal rules sorted, without asking courts to make monumental decisions in short-fuse emergency dockets. Fourth and finally, courts should be able to review ATF's 98-page rule, and the decades of precedent it attempts to change, without the Government putting people in jail or shutting down businesses. For these reasons, the Government's motion is GRANTED IN PART, the district court's preliminary injunction is VACATED as to non-parties, and the Government's motion is otherwise DENIED.