No. 23-10718

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,

*Plaintiffs-Appellees,*

Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms; Defense Distributed; Second Amendment Foundation, Incorporated; Not An L.L.C., doing business as JSD Supply; Polymer80, Incorporated,

*Intervenor Plaintiffs-Appellees,*

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,

*Defendants-Appellants.*

On Appeal from the United States District Court for the Northern District of Texas

### PLAINTIFFS-APPELLEES' JOINT MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE

Chad Flores
Texas Bar No. 24059759
FLORES LAW PLLC
917 Franklin St., Suite 600
Houston, TX 77002
Telephone: (713) 364-6640
cf@chadflores.law

*Counsel for Intervenor Plaintiffs-Appellees Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC d/b/a JSD Supply*

David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.*

*Additional Counsel Listed on Next Page*

Cody J. Wisniewski
FPC ACTION FOUNDATION
5550 Painted Mirage Road
Suite 320
Las Vegas, NV 89149
Telephone: (916) 517-1665
cwi@fpchq.org

Brian Abbas
MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
Telephone: (303) 292-2021
babbas@mslegal.org
wtrachman@mslegal.org

*Counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.*

Brian D. Poe
BRIAN D. POE, ATTORNEY AT LAW, PLLC
The Bryce Building
909 Throckmorton St.
Forth Worth, TX 76102
Telephone: (817) 870-2022
bpoe@bpoelaw.com

Michael J. Sullivan
Nathan P. Brennan
ASHCROFT LAW FIRM, LLC
200 State Street
Boston, MA 02109
Telephone: (617) 573-9400
msullivan@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for Intervenor Plaintiff-Appellee BlackHawk Manufacturing Group, Inc., d/b/a 80 Percent Arms*

# CERTIFICATE OF INTERESTED PERSONS

*VanDerStok v. Garland*, No. 23-10718

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| *Plaintiffs-Appellees* | *Counsel for Plaintiffs-Appellees* |
|---|---|
| Jennifer VanDerStok | David H. Thompson |
|  | Peter A. Patterson |
| Michael G. Andren | William V. Bergstrom |
|  | COOPER & KIRK, PLLC |
| Tactical Machining, LLC, a limited liability company |  |
|  | Richard Brent Cooper |
|  | Benjamin David Passey* |
| Firearms Policy Coalition, Incorporated, a nonprofit corporation | Nathan C. Flanigin* |
|  | COOPER & SCULLY, P.C. |
|  |  |
|  | Brian A. Abbas |
|  | MOUNTAIN STATES LEGAL FOUNDATION |
|  |  |
|  | Erin M Erhardt* |
|  | NATIONAL RIFLE ASSOCIATION |
|  |  |
|  | Cody J. Wisniewski |
|  | FPC ACTION FOUNDATION |
|  |  |
|  | Kaitlyn D. Schiraldi* |
|  | NEW CIVIL LIBERTIES ALLIANCE |

| *Intervenor Plaintiffs-Appellees* | *Counsel for Intervenor Plaintiffs-Appellees* |
|---|---|
| Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms<br><br>Defense Distributed<br><br>Second Amendment Foundation, Incorporated<br><br>Not An LLC, doing business as JSD Supply<br><br>Polymer80, Incorporated | Brian Daniel Poe<br>BRIAN D. POE, ATTORNEY AT LAW, PLLC<br><br>Michael J. Sullivan<br>Joseph Christopher Amrhein, Jr.*<br>Nathan P. Brennan*<br>ASHCROFT LAW FIRM, LLC<br><br>Chad Flores<br>FLORES LAW, PLLC<br><br>Nicholas M. Bruno*<br>BECK REDDEN LLP<br><br>Zachary Nelson*<br>LATHAM & WATKINS LLP<br><br>Matthew Joseph Smid<br>EVANS, DANIEL, MOORE, EVANS, BIGGS, & SMID<br><br>J. Mark Brewer<br>BREWER & PRITCHARD, P.C.<br><br>Dennis Daniels<br>James W. Porter, III<br>Connor M. Blair<br>John P. Sweeney<br>Marc A. Nardone<br>BRADLEY ARANT BOULT CUMMINGS, L.L.P. |

| ***Defendants-Appellants*** | ***Counsel for Defendants-Appellants*** |
|---|---|
| Merrick Garland, in his official capacity as Attorney General of the United States<br><br>United States Department of Justice<br><br>Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives<br><br>Bureau of Alcohol, Tobacco, Firearms, and Explosives | Sean Janda<br>Daniel M. Riess<br>Abby C. Wright<br>Courtney Dixon<br>Mark B. Stern<br>Jeremy S.B. Newman*<br>Martin M. Tomlinson*<br>Taisa M. Goodnature*<br>U.S. DEPARTMENT OF JUSTICE |

Attorneys whose names are denoted with an asterisk entered appearances in the district court but have not entered appearances in the Fifth Circuit.

Dated: November 16, 2023

/s/ David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.*

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

INTRODUCTION ................................................................................................. 1

ARGUMENT ......................................................................................................... 3

CONCLUSION ..................................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC ("Tactical Machining"), and Firearms Policy Coalition, Inc., and Intervenor Plaintiffs-Appellees BlackHawk Manufacturing Group, Inc., d/b/a 80 Percent Arms ("BlackHawk"), Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC d/b/a JSD Supply (collectively, "Appellees"), respectfully request that the Court immediately issue its mandate in this appeal so that the district court may promptly exercise jurisdiction over this case. In the alternative, Appellees respectfully request that the Court issue its mandate if no petition for panel rehearing or rehearing en banc is filed within seven days of the issuance of its order determining this motion.

Intervenor Plaintiff-Appellee Polymer80, Inc. consents to this motion. Defendants-Appellants take no position on this motion.

In support of this joint motion, Appellees state:

**INTRODUCTION**

1.  On November 9, 2023, this Court affirmed in part and vacated and remanded in part the judgment of the district court. The Court affirmed the district court's judgment holding unlawful the two challenged portions of ATF's Final Rule[1]: "(1) ATF's proposed definition of 'frame or receiver' including incomplete frames

---

[1] Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (Apr. 26, 2022).

and receivers; and (2) ATF's proposed definition of 'firearm' including weapon parts kits." *VanDerStok v. Garland*, No. 23-10718, 2023 WL 7403413, at *5 (5th Cir. Nov. 9, 2023). The Court, however, vacated the district court's vacatur order vacating the entire Final Rule (*i.e.*, not just the two challenged provisions) and remanded to the district court for further consideration of the remedy, "considering this Court's holding on the merits." *Id.* at *12.

2. Although this Court vindicated Appellees' challenge to the relevant portions of the Final Rule, determining them to be unlawful, Appellees will not obtain any effective relief until this Court issues its mandate.

3. As this Court well knows, the district court will not reacquire jurisdiction over this case until this Court issues its mandate. *See United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). In this case, because the United States is a party, that mandate will not issue until January 2, 2024, fifty-four days from the date of this Court's opinion. *See* FED. R. APP. P. 40(a), 41(b); *see also* Dkt. No. 208 ("Mandate issue date is 01/02/2024").

4. The Final Rule is inflicting irreparable harm each day that the challenged portions that this Court held unlawful remain operative. Specifically, the

Final Rule is inflicting such severe economic harm on Defense Distributed and BlackHawk as to threaten their existence, including massive compliance costs for Defense Distributed, and Defense Distributed's and BlackHawk's economic harms cannot later be recovered as monetary damages due to sovereign immunity.

5.	Accordingly, Appellees respectfully request that the Court immediately issue its mandate in this appeal or, in the alternative, order that its mandate shall issue if no petition for panel rehearing or rehearing en banc is filed within seven days of the issuance of its order determining this motion.

## ARGUMENT

6.	Under the Federal Rules of Appellate Procedure, "[t]he court's mandate must issue 7 days after the time to file a petition for rehearing expires," but "[t]he court may shorten or extend the time by order." FED. R. APP. P. 41(b). One instance in which the circuit courts of appeals are most likely to expedite issuance of the mandate is where "[t]he interests of justice require that the district court's judgment be enforced immediately." DAVID G. KNIBB, FEDERAL COURT OF APPEALS MANUAL § 34:12 (7th ed. May 2023 update) (citing Ninth Circuit General Order 4.6(b)). This Court has previously shortened the time for issuance of its mandate, including ordering that it shall issue "forthwith," *see, e.g., Gohmert v. Pence*, 832 F. App'x 349, 350 (5th Cir. 2021) (per curiam); *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 441 (5th Cir. 2012); *Crosby v. La. Health Serv. &*

*Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011), "[i]n light of the exigencies of th[e] situation," *see, e.g.*, *Larbie v. Larbie*, 690 F.3d 295, 312 (5th Cir. 2012) (in case involving a petition under the Hague Convention seeking the return of a child, this Court ordered that "[i]n light of the exigencies of this situation, we order that the mandate shall issue if no petition for panel rehearing or rehearing en banc is filed within seven days of the issuance of this opinion"), *abrogated on other grounds by Smith v. Smith*, 976 F.3d 558, 561 (5th Cir. 2020); *Hernandez v. Garcia Pena*, 820 F.3d 782, 790 (5th Cir. 2016).

7.	There is good cause for this Court to exercise its discretion to shorten the time for issuing the mandate in this case. Absent an order to expedite the issuance of the mandate, the mandate in this case may not issue until January 2, 2024, fifty-four days from the date of this Court's opinion. *See* FED. R. APP. P. 40(a), 41(b). But each day that the challenged portions of the Final Rule remain operative, the Final Rule is inflicting irreparable harm. Accordingly, this Court should expedite the issuance of its mandate to prevent the continued infliction of that irreparable harm.

8.	"In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). But an economic injury may be irreparable for "two independent reasons." *Wages & White Lion Invs., LLC v. FDA*, 16 F.4th 1130, 1142 (5th Cir. 2021). First, "substantial financial injury may be sufficient to show irreparable injury," such as

where the "financial injury threatens the very existence of [plaintiff's] business." *Id.* (internal quotation marks and citations omitted); *see also Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989); *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 356 (10th Cir. 1986) ("A threat to trade or business viability may constitute irreparable harm."); *John B. Hull, Inc. v. Waterbury Petrol. Prods., Inc.*, 588 F.2d 24, 28–29 (2d Cir. 1978) ("A threat to the continued existence of a business can constitute irreparable injury."); *Milsen Co. v. Southland Corp.*, 454 F.2d 363, 367 (7th Cir. 1971) (holding that "plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue, because they will lose their stores and may not be able to finance the trial on their legal claims if they lose their businesses now"). Second, economic injuries constitute irreparable harm where "the costs are likely unrecoverable," usually because "federal agencies generally enjoy sovereign immunity for any monetary damages." *Wages & White Lion Invs., LLC*, 16 F.4th at 1142. Furthermore, "complying with a regulation later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs." *Texas v. EPA*, 829 F.3d 405, 433 (5th Cir. 2016) (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 220–21 (1994) (Scalia, J., concurring in part and concurring in the judgment)). Under these principles, Defense Distributed and BlackHawk are

5

suffering irreparable harm each day that the Final Rule's challenged provisions remain in effect.

9.  Defense Distributed is a producer and seller of the items at issue in this case. Decl. of Cody Wilson ¶¶ 11–14, *VanDerStok v. Garland*, No. 4:22-cv-691 (N.D. Tex. Jan. 12, 2023), ECF No. 164-1. Solely because of the Final Rule, Defense Distributed ceased dealing in these items, a critical aspect of its business that accounted for nearly one-fifth of monthly revenues. *Id.* ¶¶ 12–13. Consequently, Defense Distributed has suffered immense damages that imminently threaten Defense Distributed's continued existence, including lost revenues of at least $350,000; lost reputation and good will; interruption in relationships with vendors across Defense Distributed's supply chain, including payment processors and e-commerce companies; and massive compliance costs. *Id.* ¶ 14. The Final Rule has also harmed Defense Distributed by striking fear into its customers and business partners. *Id.* ¶¶ 13–14. Without relief from the Final Rule, Defense Distributed will likely be forced to lay off workforce, refund customers, and ultimately dissolve, resulting in the cessation of its business. *Id.* ¶ 15. Accordingly, Defense Distributed has demonstrated irreparable harm: it faces a "substantial financial injury" that is so great as to "threaten[ ] the very existence of [Defense Distributed's] business," *Texas*, 829 F.3d at 433–34, and has suffered economic harms that cannot be

recovered later as monetary damages, *see Wages & White Lion Invs., LLC*, 16 F.4th at 1142; *Texas*, 829 F.3d at 433.

10. BlackHawk is also suffering irreparable harm each day that the Final Rule's challenged provisions remain in effect. Nearly 100% of BlackHawk's business consists of producing and selling the items at issue in this case. Decl. of Daniel Lifschitz ¶ 8, *VanDerStok v. Garland*, No. 4:22-cv-691 (N.D. Tex. Oct. 20, 2022), ECF No. 103-1 ("Lifschitz Decl."). Out of fear of exposing itself to potential criminal liability under the Final Rule, however, BlackHawk discontinued all sales of certain products at issue in this case. *Id.* ¶ 11. While preliminary injunctive relief afforded BlackHawk leeway to offer a broader selection of products and purchase options for a time, *see VanDerStok v. BlackHawk Mfg. Grp. Inc.*, 639 F. Supp. 3d 722 (N.D. Tex. 2022), that injunctive relief no longer exists. Consequently, BlackHawk now again suffers immense damages that threaten BlackHawk's continued existence, including a precipitous drop in sales, loss of customer goodwill, an inability to sell its unique, patented jig, and interruption in relationships with vendors across BlackHawk's supply chain, including payment processors and e-commerce companies. Lifschitz Decl. ¶¶ 15–18. Accordingly, BlackHawk has demonstrated irreparable harm: it faces a "substantial financial injury" that is so great as to "threaten[ ] the very existence of [BlackHawk's] business," *Texas*, 829 F.3d at 433–34, and has suffered economic harms that cannot be recovered later as

monetary damages, *see Wages & White Lion Invs., LLC*, 16 F.4th at 1142; *Texas*, 829 F.3d at 433.

11. The Final Rule's effect on Tactical Machining's business illustrates the imminent, concrete nature of the irreparable harm Defense Distributed, BlackHawk, and others are experiencing. Tactical Machining recently announced that it would be ceasing its operations due to "unconstitutional laws being enforced by the current administration" that created insurmountable obstacles to Tactical Machining's business. *See* Rob Romano (@2Aupdates), X (Oct. 27, 2023, 12:07 PM), https://bit.ly/3ucU2ng. The continued enforcement of the Final Rule's provisions that this Court determined to be unlawful unfortunately caused Tactical Machining to "bow out" of business. *Id.*[2]

## CONCLUSION

For the foregoing reasons, the Court should immediately issue the mandate or, in the alternative, issue its mandate if no petition for panel rehearing or rehearing en banc is filed within seven days of the issuance of its order determining this motion.

---

[2] Given the numerous other Plaintiffs-Appellees with standing, *see VanDerStok v. Garland*, No. 4:22-cv-691, 2023 WL 4539591, at *9–12 (N.D. Tex. June 30, 2023), *aff'd in part and vacated in part on other grounds*, No. 23-10718, 2023 WL 7403413 (5th Cir. Nov. 9, 2023), changes to Tactical Machining's operations do not affect the Court's jurisdiction over this action.

Dated: November 16, 2023

Cody J. Wisniewski
FPC ACTION FOUNDATION
5550 Painted Mirage Road
Suite 320
Las Vegas, NV 89149
Telephone: (916) 517-1665
cwi@fpchq.org

Brian Abbas
MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
Telephone: (303) 292-2021
babbas@mslegal.org
wtrachman@mslegal.org

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.*

Chad Flores
Texas Bar No. 24059759
FLORES LAW PLLC
917 Franklin St., Suite 600
Houston, TX 77002
Telephone: (713) 364-6640
cf@chadflores.law

*Counsel for Intervenor Plaintiffs-Appellees Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC d/b/a JSD Supply*

9

| | |
|---|---|
| Brian D. Poe<br>BRIAN D. POE, ATTORNEY AT LAW, PLLC<br>The Bryce Building<br>909 Throckmorton St.<br>Forth Worth, TX 76102<br>Telephone: (817) 870-2022<br>bpoe@bpoelaw.com | Michael J. Sullivan<br>Nathan P. Brennan<br>ASHCROFT LAW FIRM, LLC<br>200 State Street<br>Boston, MA 02109<br>Telephone: (617) 573-9400<br>msullivan@ashcroftlawfirm.com<br>nbrennan@ashcroftlawfirm.com |

*Counsel for Intervenor Plaintiff-Appellee BlackHawk Manufacturing Group, Inc., d/b/a 80 Percent Arms*

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,895 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion also complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 (Version 2212) in Times New Roman 14-point font.

I further certify under 5th Cir. R. 27.4 that counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc. has contacted all other non-joining parties concerning their position on this joint motion, and Intervenor Plaintiff-Appellee Polymer80, Inc. consents to this motion, and Defendants-Appellants take no position on this motion.

Dated: November 16, 2023

/s/ David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit on November 16, 2023, by using the appellate CM/ECF system and that service was accomplished on all counsel of record by the appellate CM/ECF system.

Dated: November 16, 2023

/s/ David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellees Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc.*
