# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 09, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:  Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

    No. 23-10718    VanDerStok v. Garland
                     USDC No. 4:22-CV-691

Enclosed is a copy of the court's decision.  The court has entered judgment under Fed. R. App. P. 36.  (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

Fed. R. App. P. 39 through 41, and Fed. R. App. P. 35, 39, and 41 govern costs, rehearings, and mandates.  **Fed. R. App. P. 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order**.  Please read carefully the Internal Operating Procedures (IOP's) following Fed. R. App. P. 40 and Fed. R. App. P. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>.  Fed. R. App. P. 41 provides that a motion for a stay of mandate under Fed. R. App. P. 41 will not be granted simply upon request.  The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court.  Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>.  If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41.  The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

<u>Court Appointed Counsel</u>.  Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order.  If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **<u>and advise them of the time limits for filing for rehearing and certiorari</u>**.  Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

The judgment entered provides that each party bear its own costs on appeal.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ WM Jett
Whitney M. Jett, Deputy Clerk

Enclosure(s)

Mr. Brian A Abbas
Mr. William V. Bergstrom
Mr. Connor McCarthy Blair
Mr. J. Mark Brewer
Mr. Paul D. Clement
Mr. Richard Brent Cooper
Mr. Dennis Daniels
Ms. Courtney Dixon
Mr. Chad Flores
Ms. Kathleen R. Hartnett
Mr. Sean Janda
Mr. Adam M. Katz
Ms. Erin Murphy
Mr. Anthony Roman Napolitano
Mr. Marc A. Nardone
Mr. Stephen Obermeier
Mr. Peter A. Patterson
Mr. Brian Daniel Poe
Mr. James Wallace Porter III
Mr. Daniel M. Riess
Mr. Matthew Rowen
Mr. Matthew Joseph Smid
Mr. Mark Bernard Stern
Mr. Michael J. Sullivan
Mr. John Parker Sweeney
Mrs. Jennifer L. Swize
Mr. David H. Thompson
Mr. Cody J. Wisniewski
Ms. Abby Christine Wright